IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 CV 81261-WPD |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT SCHEDULING REPORT WITH PROPOSED SCHEDULING ORDER**

In accordance with the Court's November 22, 2017 Order (Dkt. No. 5), counsel for the parties conducted a scheduling and discovery conference on January 18, 2018 and April 24, 2018 pursuant to Local Rule 16.1(b)(1) and Federal Rule of Civil Procedure 26(f).  In accordance with that conference, the parties respectfully submit the following Joint Scheduling Report:

    **1.**    **Likelihood of Settlement:** While the parties are open to settlement discussions, they do not believe settlement is likely at this time.

    **2.**    **Likelihood of Appearance of Additional Parties:** At this time, the parties do not believe it is likely that other parties will appear in this action.

    **3.**    **Proposed Limits on Time:**

        a. **Rule 26(a) Disclosures:** May 18, 2018

        b. **Final Date To Join Other Parties or Amend The Pleadings:** 30 days from entry of Scheduling Order.

        c. **Fact Discovery Cut-Off Date:** Nine months from entry of Scheduling Order.

        d. **Expert Discovery:**

            i. **Plaintiff's expert disclosures and reports:** 21 days from fact discovery cut-off date.

            ii. **Plaintiff's expert depositions:** 21 days from deadline to submit initial expert disclosures and reports.

       iii. **Defendant's rebuttal expert disclosures and reports:** 28 days from deadline to complete initial expert depositions.

       iv. **Defendant's rebuttal expert depositions:** 21 days from deadline to submit rebuttal expert disclosures and reports.

    e. **Filing of Dispositive Motions:** 60 days from the deadline for completion of rebuttal expert depositions.

4. **Proposals for Formulation and Simplification of the Issues:** The parties do not have any proposals at this time, but the parties will endeavor to simplify issues for trial prior to the final pretrial conference.

5. **Necessity or Desirability of Amendments to the Pleadings:** The parties do not intend to amend the pleadings at this time, but reserve the right to seek leave to amend as necessary.

6. **Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissible Evidence**: The parties will endeavor to obtain admissions of fact and documents and stipulations prior to the final pretrial conference. Defendant anticipates the possibility of a need for an advance ruling from the Court on admissible evidence based on Plaintiff's current discovery requests, which seek documents, discovery, deposition transcripts, hearing transcripts, sealed filings, and expert reports from a case filed in the Northern District of Ohio between Defendant and an unrelated third-party. Defendant believes that, among other things, the items that Plaintiff seeks with respect to that litigation are not relevant to any of the claims, issues, or defenses in this case as they relate to different alleged markets, different claims, and different time periods than those at issue in this lawsuit. Plaintiff will oppose any such motion by Defendant because the prior litigation concerned the same conduct, circumstances, and allegations as are at issue in the present case, and because producing the material will not burden Defendant given that the requested material has already been retrieved and produced.

7. **Suggestions for Avoidance of Unnecessary Proof and Cumulative Evidence:** The parties will endeavor to obtain admissions of fact and stipulations regarding evidence of fact prior to the final pretrial conference, but do not have any suggestions at this time.

8. **Referrals to the Magistrate Judge:** The parties agree to refer discovery issues to the Magistrate Judge.

9. **Conferences:** The parties will be ready for a final pretrial conference following the resolution of dispositive motions and request a trial thereafter in accordance with the Court's availability.

10. **Preliminary Estimate of Time Required for Trial**: 10-15 trial days. Plaintiff proposes that the trial be scheduled for Fall 2019. Defendant proposes that the trial be scheduled for early 2020.

11. **Discovery Plan:**

   a. The parties do not believe any changes need to be made in the timing, form, or requirement for disclosures under Rule 26(a).

   b. Plaintiff believes that the subjects of discovery are related to the facts alleged in the Complaint and the topics set forth in its First Set of Requests for Production of Documents. Defendant believes that the subjects of discovery include the allegations and claims of Plaintiff's Complaint, the relevant markets, antitrust injury, exclusive dealing and bundling, damages, Defendants' Counterclaim, and Defendants' affirmative defenses, including but not limited to, release, waiver, statute of limitations, and laches. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues at this time.

   c. The parties do not anticipate any issues at this time about disclosure, discovery, or preservation of electronically stored information.

   d. The parties intend to agree on a procedure to assert claims of privilege after production and intend to agree on a protective order for the protection of confidential information. The parties also agree that a Federal Rule of Evidence, Rule 502 Order should be entered.

Dated: May 2, 2018                                   Respectfully submitted,

/s/ John Mariani                                     /s/ Gavin C. Gaukroger
*One of the attorneys for Plaintiff*                 *One of the attorneys for Defendant*
*All-Tag Corp.*                                      *Checkpoint Systems, Inc.*

KELLEY, DRYE & WARREN LLP                            BERGER SINGERMAN LLP
Matthew C. Luzzadder                                 Gavin C. Gaukroger
Julian Solotorovsky                                  350 East Las Olas Boulevard, Suite 1000
333 W. Wacker Drive                                  Fort Lauderdale, Florida 33301
Chicago, Illinois 60606                              954-525-9900
312-857-7070                                         ggaukroger@bergersingerman.com
mluzadder@kelleydrye.com
jsolotorovsky@kelleydrye.com                         HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                                     Robert J. Palmersheim
William A. MacLeod                                   William B. Berndt
3050 K Street NW, Suite 400                          Anand C. Mathew
Washington, DC 20007                                 155 North Wacker Drive, Suite 3100
202-342-8811                                         Chicago, Illinois 60606
wmacleod@kelleydrye.com                              312-701-9300
                                                     rpalmersheim@honigman.com
                                                     wberndt@honigman.com
                                                     amathew@honigman.com

Damon W. Suden
101 Park Avenue
New York, NY 10178
212-808-7528
ahorvath@kelleydrye.com
dsuden@kelleydrye.com

WILLIAMS LOPATTO PLLC
John B. Williams
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
jbwilliams@williamslopatto.com

KAMMERER MARIANI PLLC
John F. Mariani
Christopher Kammerer
1601 Forum Place Suite 500
West Palm Beach, Florida 33401
jmariani@kammerermariani.com
ckammerer@kammerermariani.com