# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
## CASE NO.  9:17-CV-81261-WPD

ALL-TAG CORP.

<div style="float:right">



FILED by _____ D.C.

JUN 0 5 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

</div>

        Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

        Defendant.

_____

## STIPULATED PROTECTIVE ORDER

Plaintiff All-Tag Corporation ("All-Tag" or "Plaintiff"), and Defendant Checkpoint Systems, Inc. ("Checkpoint" or "Defendant") HEREBY STIPULATE AND AGREE that, in view of the fact that this action may involve, among other things, valuable research, development, commercial, financial, and technical data and other information that is regarded as confidential by the parties hereto, the following Stipulated Protective Order be entered pursuant to Federal Rule of Civil Procedure 26(c), subject to the approval of the Court.

**IT IS HEREBY AGREED AND ORDERED THAT:**

**1.** **Discovery Materials.**

Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoenas in this litigation by any party or non-party (hereafter collectively "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" under this Order.

2.      **"Confidential" Discovery Materials.**

Any party or non-party may designate any Discovery Materials "Confidential" which the producing party or non-party reasonably believes not to be in the public domain and contains any information of a type that the party or non-party regards as proprietary or confidential financial, business, technical, strategic, research, development, or commercial information or private personal information.

3.      **"Highly Confidential" Discovery Materials.**

Any party or non-party may designate any Discovery Materials "Highly Confidential" which the producing party or non-party in good faith believes contain (a) particularly sensitive information relating to research for, development of, and production of products or services, (b) highly sensitive business and research information, (c) highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations, (d) pending or abandoned patent applications, foreign or domestic, unless published or otherwise publicly available, and (e) such other documents, information, or materials that relate to proprietary information that the producing party or non-party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party or non-party.

4.      **Effect of Designation.**

The designation of Discovery Materials as Confidential or Highly Confidential shall constitute a representation that the attorney for the producing party or non-party believes that there is a valid basis for such designation. However, the designation or failure to designate information as Confidential or Highly Confidential may not be used against the producing party or non-party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

**5.     Scope of Order.**

A.     Discovery Materials to be covered by this Order shall include Confidential or Highly Confidential information, as defined above, that is set forth, revealed, or provided: (a) in response to discovery requests made under Federal Rule of Civil Procedure 31, 33, or 36; (b) in any documents, things, or premises made available for inspection or produced to the discovering party pursuant to Federal Rule of Civil Procedure 26, 33, or 34 or in response to a subpoena under Federal Rule of Civil Procedure 45; (c) during depositions upon oral or written examination under Federal Rule of Civil Procedure 30 or 31; (d) in connection with any other discovery taken in this action, whether pursuant to the Federal Rules of Civil Procedure, informally, or by agreement; (e) in or accompanying correspondence to the receiving party; (f) in submissions to or before the Court, including testimony, briefs, exhibits, and declarations; and (g) in response to any Order of the Court.

B.     Information to be covered by this Order shall also include privileged information, as discussed below.

**6.     Disclosure and Use of Confidential Discovery Materials**

A.     Nothing in this Order shall restrict the ability of a party to disclose its own Confidential or Highly Confidential information. Confidential Discovery Materials shall be disclosed by the receiving party only to the following persons and used only for the litigation of this action, and any appeal therefrom, and no other action or proceeding except as provided in Section 6.B. below:

a.     Employees of a party to this action;

b.     Outside counsel of record retained by Plaintiff or Defendant and who are members of a firm appearing before the Court in this action, together with other attorneys

employed by these law firms and those attorneys' stenographic, clerical, paralegal, and other employees whose duties and responsibilities require access to Confidential information;

      c.     Court reporters, outside copy services, graphics consultants, translators, interpreters, and similar support services professionals;

      d.     Outside experts, consultants, or investigators (collectively, referred to hereinafter as "experts") who are engaged for the purpose of this action by the party receiving such information and their support personnel but only after such persons have completed the certification contained in Exhibit A;

      e.     Any persons identified on the face of such document as authors or recipients;

      f.     Employees of any insurance company potentially providing coverage of any claim in this case, who may use such information for coverage evaluation and related matters;

      g.     The Court, Court personnel, videographers, and court reporters; and

      h.     Witnesses of whom testimony is taken, and who at the time the testimony is taken are either employees of the party designating the Discovery Materials Confidential, or who are employees of a party to this action and where counsel for the party designating the Discovery Materials Confidential has approved of the communication of such information to the witness. At the request of any party, the portion of the deposition transcript involving the Confidential information shall be designated Confidential. Witnesses shown Confidential Discovery Materials shall not be allowed to retain copies. Any person who is not authorized to receive communication of Confidential Discovery Materials may be excluded from the deposition at the request of either party.

B.      Confidential Discovery Materials may be disclosed in response to a lawfully issued government subpoena, civil investigative demand, or other formal government inquiry (collectively, "government request"), subject to the terms of Section 18.B below. The party receiving a government request shall provide a copy of this Protective Order to the requesting governmental agency and request confidential treatment of any Confidential Discovery Materials that it produces in response to such government request. If asked to do so by the producing party, the party receiving a government request shall reasonably identify to the producing party all materials that it provides to the governmental agency in response to the government request.

**7.      Disclosure and Use of Highly Confidential Discovery Materials.**

A.      Highly Confidential Discovery Materials shall be disclosed by the receiving party only to the following persons and used only for this action, and any appeal therefrom, and no other action or proceeding except as provided for in Section 7.B. below:

a.      Outside counsel of record retained by Plaintiff or Defendant and who are members of a firm appearing before the Court in this action, together with other attorneys employed by these law firms and those attorneys' stenographic, clerical, paralegal, and other employees whose duties and responsibilities require access to Highly Confidential information;

b.      Court reporters, outside copy services, graphics consultants, translators, interpreters, and similar support services;

c.      Experts who are engaged for the purpose of this action by the party receiving such information and their support personnel, but only after such persons have completed the certification contained in Exhibit A;

d.      Any persons identified on the face of such document as authors or recipients;

      e.      Counsel for any insurance company potentially providing coverage of any claim in this case, who may use such information for coverage evaluation and related matters;

      f.      The Court, Court personnel, videographers, and court reporters; and

      g.      Witnesses of whom testimony is taken, and who at the time the testimony is taken are either employees of the party designating the information Highly Confidential, or who are employees of a party to this action and where counsel for the party designating the information Highly Confidential has approved of the communication of such information to the witness. At the request of any party, the portion of the deposition transcript involving the Highly Confidential information shall be designated Highly Confidential. Witnesses shown Highly Confidential information shall not be allowed to retain copies. Any person who is not authorized to receive communication of Highly Confidential information may be excluded from the deposition at the request of either party.

      B.      Highly Confidential Discovery Materials may be disclosed in response to a lawfully issued government subpoena, civil investigative demand, or other formal government inquiry (collectively, "government request"), subject to the terms of Section 18.B below. The party receiving a government request shall provide a copy of this Protective Order to the requesting governmental agency and request confidential treatment of any Highly Confidential Discovery Materials that it produces in response to such government request. If asked to do so by the producing party, the party receiving a government request shall reasonably identify to the producing party all materials it provides to the governmental agency in response to the government request.

**8.      Handling of Confidential or Highly Confidential Discovery Materials.**

Any person in possession of Confidential or Highly Confidential Discovery Materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.

**9.      Marking of Confidential or Highly Confidential.**

Confidential and Highly Confidential Discovery Materials shall be marked "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order" on each page of each document so designated.

**10.     No Marking at Inspection.**

When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of the initial inspection, all documents in any produced files shall be considered marked as Highly Confidential. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

**11.     Deposition, Trial, or Other Testimony.**

A.      If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript may be designated as containing Confidential or Highly Confidential information by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, of the specific pages of the transcript which contain such Confidential or Highly Confidential information. Such written notification shall specify the designation by page number. All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Highly Confidential information until fourteen (14) days after a transcript of the deposition is received. After such

fourteen (14) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contain Confidential or Highly Confidential Discovery Materials, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a public document. Unless otherwise agreed to by the parties in writing or on the record, no individual not qualified hereunder to receive Confidential or Highly Confidential Discovery Materials shall be in attendance at that portion of a deposition during which Confidential or Highly Confidential Discovery Materials are being testified to or produced by another party. If a party wishes to use Highly Confidential Discovery Materials during trial, the party should give reasonable notice to the other party.

B.      The disclosing party shall have the right to exclude from attendance at said deposition, during such time as Confidential or Highly Confidential information is being disclosed, any person other than the deponent, counsel, court reporter, videographer (if any), and any other individuals authorized to receive such information as provided by paragraphs 6 and 7 above, whereby the failure of unauthorized persons to comply with such a request to be excluded shall constitute substantial justification for counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential or Highly Confidential information.

**12.    Sealing Procedures.**

If a document containing Confidential or Highly Confidential Discovery Materials is filed with the Court, it shall be filed under seal as set forth in Local Rule 5.2.

If a party files another parties' information under seal and is informed by the court that a court order does not authorize the filing under seal, the filing party will withdraw the document before 4:00 pm, or as soon thereafter as is reasonably possible, on the day the Clerk notifies the filer of the defect.

Within thirty (30) days of the termination of the case, which is defined as that time when all potential appeals of final judgment have been waived or exhausted, or when all claims have been voluntarily dismissed with prejudice ("Termination"), a party that filed another parties' documents under seal will file a motion with the Court to withdraw the document(s).

13. **Disclosure of Confidential or Highly Confidential Discovery Materials during Trial or in Open Court Hearing.**

If any party intends to disclose any Confidential or Highly Confidential Discovery Materials of any opposing party during the trial or in any hearing in open court, the party seeking to make such disclosure shall provide reasonable notice of its intent to the designating party three (3) business days in advance of the trial or hearing in open court. The designating party will then have a reasonable opportunity to request appropriate safeguards from the Court for the disclosure of such Confidential or Highly Confidential Discovery Materials.

14. **Inadvertent or Unintentional Disclosure of Confidential or Highly Confidential Discovery Materials by Producing Party.**

The inadvertent or unintentional disclosure by the producing party of Confidential or Highly Confidential Discovery Materials, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the disclosing party. Any such inadvertently or unintentionally disclosed Confidential or Highly Confidential Discovery Materials not designated as such pursuant to paragraph 10 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Within fourteen (14) days of such notice and receipt of

substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed information. Unless the receiving party is opposing the return or destruction of such information, the receiving party also shall arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not authorized to receive Confidential or Highly Confidential Discovery Materials under this protective order. If the receiving party opposes the return or destruction of such information, it shall, after receiving notice from the producing party, nonetheless avoid any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of Confidential or Highly Confidential Discovery Materials to unauthorized parties or individuals shall not be deemed a violation of this protective order. Upon the re-designation of information under this paragraph, said information shall thereafter be treated as Confidential or Highly Confidential as designated by the producing party.

15.     **Inadvertent or Unintentional Disclosure of Confidential or Highly Confidential Discovery Materials by Receiving Party.**

Should any Discovery Materials already designated Confidential or Highly Confidential be disclosed inadvertently or unintentionally by the receiving party to any person not authorized under this Order, the receiving party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately identify such person and the information disclosed to the party or non-party that designated the document as containing Confidential or Highly Confidential

information; (c) request such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all copies of documents containing the inadvertently disclosed information.

16.     **Inadvertent or Unintentional Disclosure of Privileged Information.**

In the event that a producing party inadvertently or unintentionally produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity, such party shall promptly give written notice to the receiving party upon discovering such inadvertent disclosure. Immediately upon receiving such notice, outside counsel for the receiving party shall sequester all identified information, including any and all copies, in its offices until the matter is resolved either by agreement of the parties or by Court order. If the parties are unable to reach a satisfactory agreement as to the return, destruction, or use of such documents within fourteen (14) days of such notice, the producing party shall, within fourteen (14) days thereafter, request that the Court resolve the matter. The period of time that elapses while a party follows the procedures set forth in this paragraph for resolving any inadvertent disclosure dispute shall not be considered as a factor in deciding whether a party's delay in attending to the inadvertent disclosure was reasonable under the circumstances.

Nothing herein shall preclude the receiving party from challenging the privilege or immunity claimed by the disclosing party regarding the inadvertently produced document or information, and the receiving party may use the inadvertently produced document or information that is claimed to be privileged or work product in a submission filed under seal to the Court when challenging the privilege or immunity claimed by the disclosing party.

17.     **Challenges to Designation.**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A party

may apply to the Court for an order that information labeled Highly Confidential is not, in fact, confidential. Prior to so applying, the party seeking to reclassify Highly Confidential information shall seek the producing party's agreement. If the parties cannot agree on the appropriate classification of the information in question, the party seeking reclassification may request the Court for such reclassification. In any request, the producing party shall ultimately have the burden of establishing the need for classification as Highly Confidential.

18.    **Third Party Subpoenas or Demands, Including Subpoenas, Civil Investigative Demands, and Other Formal Government Inquiries.**

A.    Except as provided for in Section 18.B. below, if any receiving party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was produced or designated as Confidential or Highly Confidential by someone other than the receiving party, the receiving party shall transmit a copy of such subpoena, demand, or legal process, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the Confidential or Highly Confidential Discovery Materials and shall reasonably cooperate with the producing party in preparing timely objections to its production. Should the person seeking access to the Confidential or Highly Confidential Discovery Materials take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Materials covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

B.      Should any party receive a lawfully issued government subpoena, civil investigative demand, or other formal government inquiry (collectively, "government request"), the party receiving the government request shall promptly provide notice of such request to the other party. Both parties shall reasonably cooperate in responding to a government request. Nothing herein shall waive any party's right to challenge or object to the government request to the extent permitted under applicable law, statute or regulations. The party receiving the government request shall allow the other party to prepare timely objections to the government request and/or pursue a timely motion to quash, and the other party shall promptly inform the party receiving the government request regarding whether: (a) it intends to file such objections and/or pursue a timely motion to quash, or (b) it does not object to inform the party receiving the government request from complying therewith fully and promptly. Should the governmental agency seeking access to the Confidential or Highly Confidential Discovery Materials take action against either party to enforce a government request, the party that received the government request shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring either party to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Materials, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19.     **Use of Independently-Obtained, Unrestricted, Public, or Produced Information**

This Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained by such party independently of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate. Further, this Order shall not apply to information which (a) was properly known to the receiving party before disclosure hereunder, (b) is or becomes part of public knowledge through no breach of the provisions of this

13

Order, (c) is independently developed by the receiving party without access to the Confidential or Highly Confidential Discovery Materials disclosed hereunder, or (d) is disclosed to the receiving party by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

**20.    Return or Destruction upon Termination of Action**

Upon Termination of this action and/or related coverage matters, all copies of produced documents containing Confidential or Highly Confidential Discovery Materials shall be returned to the producing party or destroyed, except that outside counsel may retain one archival copy of all attorney work product, correspondence, deposition transcripts and exhibits, papers filed with the Court and exhibits, and discovery responses, but not document production, exchanged by the parties. All parties shall certify compliance with this paragraph in writing within ninety (90) days of Termination of this action and /or related coverage matters.

**21.    Survival of Litigation.**

This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

**22.    Modifications to Protective Order.**

Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Order, and, by its agreement to this Order, no party shall be deemed to have waived the right to modifications later sought by such party. No modification of this Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

23.     **Other Proceedings.**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

The parties' determination that any documents are to be sealed is not binding on the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5 th day of June, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ALL-TAG CORP.                                )
                                             )
                                             )
                    Plaintiff,               )     Case No. 9:17-CV-81261-WPD
v.                                           )     Judge William P. Dimitrouleas
                                             )
CHECKPOINT SYSTEMS, INC.,                    )
                                             )
                    Defendant.               )
_____)

        I, _____, declare that my address is

_____. My current employer is

_____. My current occupation is _____.

        I have received a copy of the Stipulated Protective Order in the above-captioned action. I

have carefully read and understand the provisions of the Stipulated Protective Order.

        I will comply with all of the provisions of the Stipulated Protective Order. I will hold in

confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and

will use only for purposes of this action any information marked HIGHLY CONFIDENTIAL

that is disclosed to me.

        Promptly upon termination of this action or any involvement I have with the case or

coverage matters, I will return or destroy all materials containing information marked HIGHLY

CONFIDENTIAL that came into my possession, and all documents and things that I have

prepared relating thereto, to the outside attorneys for the party by whom I am employed or

retained.

        I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Stipulated Protective Order in this action.

4822-6609-7255v.1