IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 CV 81261-WPD |
| v. ) | |
| ) | Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., ) | Magistrate Judge William Matthewman |
| ) | |
| Defendant. ) | |

**ALL-TAG'S RESPONSE TO CHECKPOINT'S MOTION FOR
EXTENSION OF TIME TO SUBMIT EXPERT DISCLOSURES**

**I.   INTRODUCTION**

Checkpoint's motion for a so-called "extension" of its time to submit expert disclosures is premised on the notion that there already is an expert discovery schedule when, in fact, there is not. Because there is no expert discovery schedule in place, Checkpoint does not need an "extension" and All-Tag has not missed any deadlines. The motion should be denied on this basis alone. Moreover, it is premature to set expert disclosure deadlines because Checkpoint has still not produced a significant amount of discovery demanded by All-Tag, including documents from key custodians and financial data. All of this, and more, is needed before our experts can develop opinions on issues such as relevant markets, competitive effects, and damages. The motion should be denied for this reason too.

**II.   THERE IS NO EXPERT DISCOVERY SCHEDULE AND
ALL-TAG DID NOT MISS ANY DEADLINES**

Checkpoint argues that All-Tag has missed a deadline (supposedly March 11, 2019) for submission of expert disclosures. This argument is based on a discovery schedule that the parties had proposed, but the Court did not adopt. The rejected proposal contemplated that fact

discovery would end 9 months after entry of the Scheduling Order (February, 2019), followed by subsequent stages of expert discovery. (*See* D.E. 42 at 1.) Instead, the Court ordered that all discovery was to be complete by September 11, 2019. (D.E. 43 at 2.) The Order set no separate deadlines for expert discovery.

It has been obvious to both parties since the Court's Order that the proposed deadlines to which Checkpoint refers never took effect. Nor did other proposed deadlines, such as the completion of fact discovery in February, 2019. At the November 30 Hearing on All-Tag's motion to compel discovery, both sides acknowledged that discovery ended in September, 2019. Until now, Checkpoint has never argued that a proposal the court had declined to adopt nonetheless governed the proceeding. (D.E. 76 at 8:11-13; 35:1-6). Thus, Checkpoint's argument should be rejected out of hand.

### III. IT IS PREMATURE TO SET AN EXPERT DISCOVERY SCHEDULE

Checkpoint asks the Court to set the deadline for affirmative expert reports to July 3, 2019 with rebuttal reports due on August 21, 2019. However, as All-Tag has advised Checkpoint numerous times, it is premature to set any schedule, because Checkpoint has not yet produced significant information the experts will need to develop opinions. See, e.g. Exhibits A, B, and C, Discovery Letters to Checkpoint's Counsel.

It took an order of this Court [D.E. 75] for Checkpoint to produce documents that All-Tag had been seeking for over six months. The bulk of that information arrived on December 27, 2018. That production contained numerous gaps, revealed critical custodians who had not been disclosed, and indicated that the cutoff date was too early. After weeks of resisting the additional discovery, Checkpoint, yesterday afternoon, agreed to produce the additional information, but All-Tag does not know when it is forthcoming. In any event, it will be weeks

before All-Tag can evaluate the information, confer with its experts, and negotiate an expert discovery schedule that makes sense.

### IV.  CONCLUSION

Checkpoint's effort to resurrect rejected expert-discovery deadlines, while it has resisted producing the very information the experts need, is premature and inefficient.  Any *ad hoc* schedule imposed now would inevitably need to be changed based on the additional evidence produced by Checkpoint, the responses of third parties, and the subsequent testimony of witnesses.  It is more prudent to observe the progress of fact discovery – especially Checkpoint's production of information that is hopefully forthcoming – before setting the expert discovery schedule.

Dated:  March 20, 2018

Respectfully submitted,
By:  */s/ Christopher Kammerer*
          Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice)*
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178

        (212)-808-7800
        dsuden@KelleyDrye.com

        John B. Williams *(pro hac vice)*
        WILLIAMS LOPATTO PLLC
        1707 L Street, NW Suite 550
        Washington, DC 20036
        (202) 296-1611
        jbwilliams@williamslopatto.com
        *Attorneys for Plaintiff All-Tag Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via PACER:

>Charles Howard Lichtman
>Gavin Gaukroger
>BERGER SINGERMAN
>Las Olas Centre II
>350 E Las Olas Boulevard
>Suite 1000
>Fort Lauderdale, FL 33301
>954-525-9900
>Fax: 523-2872
>clichtman@bergersingerman.com
>ggaukroger@bergersingerman.com

>Robert J. Palmersheim
>Anand C. Mathew
>Julie M. Mallen
>PALMERSHEIM & MATHEW
>401 N. FRANKLIN STREET, SUITE 4S
>CHICAGO, IL 60654
>312-319-1791
>acm@thepmlawfirm.com
>rjp@thepmlawfirm.com
>jmm@thepmlawfirm.com

>By:  /s/ Christopher Kammerer
>        Christopher Kammerer