# EXHIBIT A

*All-Tag Corporation v. Checkpoint Systems, Inc.*
Case No. 17-cv-81261

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| ALL-TAG CORPORATION *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 17-cv-81261 |
| CHECKPOINT SYSTEMS, INC. *Defendant* | ) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Best Security Acquisition, LLC d/b/a Best Security Industries
c/o Its Registered Agent, Jeffrey I. Silverstein
755 NW 17th Avenue, Suite 101
Delray Beach, FL 33445

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER SINGERMAN LLP<br>350 East Las Olas Blvd., Suite 1000<br>Fort Lauderdale, FL 33301 | Date and Time: 12/18/2018 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 12, 2018

CLERK OF COURT

OR

_____          *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Defendant Checkpoint Systems, Inc., who issues or requests this subpoena, are: Robert J. Palmersheim (*rjp@thepmlawfirm.com*) and Anand C. Mathew (*acm@thepmlawfirm.com*), PALMERSHEIM & MATHEW LLP, 401 N. Franklin Street, Suite 4S, Chicago, IL 60654
Tel: 312.319.1791, Fax: 312.878.2890

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-81261

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 9:17-cv-81261-WPD   Document 97-1   Entered on FLSD Docket 04/03/2019   Page 4 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO BEST SECURITY INDUSTRIES SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, please produce all documents, electronically stored information, materials, and tangible things in accordance with the Definitions and Instructions attached hereto and incorporated herein.

1. Documents sufficient to show the following information for your sales of EAS systems to Retailers:

    a. The entities to whom you sold the EAS systems;

    b. When you sold the EAS systems to those persons;

    c. The quantities of EAS systems sold; and

    d. The prices of the EAS systems.

2. Documents sufficient to show the following information for your sales of EAS labels to Retailers:

    a. The entities to whom you sold the EAS labels;

    b. When you sold the EAS labels to those persons;

    c. The quantities of EAS systems sold; and

    d. The prices of the EAS labels.

3. Documents sufficient to show the following information for your sales of EAS labels to manufacturers, distributors, or packagers of packaged goods; or through any source-tagging arrangement:

    a. The entities to whom you sold the EAS labels;

    b. When you sold the EAS labels to those persons;

    c. The quantities of EAS systems sold; and

    d. The prices of the EAS labels.

2

  4. Agreements between Best Security Industries and any other entity relating to providing Retailers with EAS system installation or service, CCTV, and Fire/Intrusion services.

  5. Documents sufficient to show the geographic areas in the United States where Best Security Industries (either on its own or in affiliation with another entity or entities) can provide installation and/or service of EAS systems.

**DEFINITIONS AND INSTRUCTIONS**

**I.  DEFINITIONS**

As used herein, all terms shall have the fullest and broadest meaning accorded to those terms and shall have the meaning generally ascribed to such terms in common parlance. In addition, the words and terms listed below shall have the following meanings:

1. "EAS systems" means an Electronic Article Surveillance security tower or deactivator, including those using AM (Acousto-Magnetic) and RF (Radio-Frequency) technologies, that detect theft in stores.

2. "Retailers" means a business that sells goods to the public for use or consumption rather than resale, including drug stores, grocery stores, supermarkets, hypermarkets, book stores, dollar stores, DIY stores, and clothing stores in the United States.

3. "Document" means any and all communications, writings, correspondence, drawings, charts, emails, electronic and magnetic files, computer records, accounting or financial records, voicemails, photographs, phone records, databases, spreadsheets, and other compilations from which data can be obtained, broadly interpreted to include all items discoverable under the Federal Rule of Civil Procedure 34.  Please note that you must produce electronic stored information, such as emails, regardless of whether they exist in paper form.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. "All" shall include "any" and vice versa, and the singular form of a word shall include the plural and vice versa, unless the context clearly requires otherwise.

## II. INSTRUCTIONS

1. These requests oblige you to search and/or produce all responsive documents and electronically stored information in your possession, custody, or control, including documents and electronically stored information in the possession or custody of your attorneys, accountants, and agents, as well as electronically stored information on your employees' personal computer storage devices.

2. You are instructed to produce electronically stored information in an electronically searchable form that preserves the document's metadata and relational information.

3. If any material requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (e.g., letter, memorandum, spreadsheet); the date; its subject matter; the author(s); addressor(s) or originator(s); the addressee(s); all persons to whom it was distributed, shown or explained; the number of pages, attachments and appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction; and the person destroying the document.

4. If an objection is interposed to any request consisting of multiple parts, the objection should specify to which part or parts of the requests the objection is directed.

5. If you object to or otherwise decline to comply with any portion of a request, provide all information or documents requested by that portion of the request to which you do not object or with which you do not otherwise decline to comply. If you object to a request on the ground that it is too broad, provide all information and documents or portions of documents that you concede are relevant or reasonably calculated to lead to the discovery of admissible evidence.

If you object to a request on the ground that providing the requested discovery would constitute an undue burden, provide all requested discovery that can be supplied without undertaking what you claim to be an undue burden.

6. In the event that any information or document is to be withheld under a claim of privilege or work product, you must furnish a list identifying each document for which a privilege is claimed, together with the following information for each such document: type (*e.g.*, letter, memorandum, handwritten notes); date; author or sender; recipient; persons to whom copies were furnished, shown or explained; job titles or positions for each of these persons; subject matter of the documents; number of pages in the document; present custodian of the document; the basis of the claim of privilege or work product; the paragraph or paragraphs of the request to which the document responds; and whether any matter that is not privileged or not work product is discussed or mentioned in the document.

7. The singular of any word shall include the plural and the plural of any word shall include the singular.

8. The use of the present, past, or future tenses shall be inclusive of others.

9. If a document responsive to any Request is in a language other than English and an English translation exists, then identify and provide both documents.

10. The time period for these requests shall encompass September 1, 2012 through the present.