# EXHIBIT D

*All-Tag Corporation v. Checkpoint Systems, Inc.*
Case No. 17-cv-81261

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ALL-TAG CORPORATION,

    Plaintiff,        CASE NO.: 17-cv-81261

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.
_____/

**OBJECTIONS AND RESPONSES TO DEFENDANT CHECKPOINT SYSTEMS, INC.'S SUBPOENA TO PRODUCE DOCUMENTS**

Non-Party Best Security Acquisition, LLC ("Best Security"), by its undersigned attorneys, hereby responds to Defendant Checkpoint Systems, Inc.'s ("Defendant") Subpoena to Produce Documents, and states as follows:

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS**

  1. Best Security objects to the demands as vague, ambiguous, overly broad, and unduly burdensome to the extent that they do not request documents with the required and/or sufficient specificity, seek confidential or privileged documents, or call for the disclosure of information that is not relevant to the subject matter of the captioned proceeding and, therefore, amongst other reasons, are not likely to lead to the discovery of admissible evidence.

  2. Best Security objects to each demand to the extent that it may be construed to seek the production of documents other than those in Best Security's possession, custody or control.

  3. Best Security makes these objections and responses without waiver of any right or privilege to object to the introduction in evidence, in this or any other action or proceeding, of any information contained in any response, or documents identified and/or produced in response to any

portion of the demands, upon the grounds of competency, relevancy, materiality, hearsay, authenticity, or any other ground.

4. Production of any document that is confidential or that contains confidential information or is privileged, or was prepared in anticipation of litigation or trial, shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the information contained therein, or the subject matter thereof, or of Best Security's right to object to the use by any party, at trial or otherwise, of such document or the information contained therein.

5. Best Security objects to each demand to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity; which documents are not required to be produced, but if produced, are subject to General Objection number 4 above.

6. Best Security objects to the demands to the extent that they seek production of documents prepared for litigation; which documents are not required to be produced, but if produced, are subject to General Objection number 4 above.

7. Best Security objects to each demand to the extent that it seeks information that is not material and/or not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

8. The responses to the demands are given without prejudice to Best Security's rights to present as evidence additional facts, documents or things which it may later discover or recall, or which have been mistakenly or inadvertently omitted by it from the responses or documents produced. Best Security responds on the basis of its understanding and interpretation of the

demands. If Defendant understands or interprets any demand differently, Best Security reserves the right to supplement any of these responses, either with additional objections or otherwise.

9.  Each of the General Objections above is incorporated by reference into each specific response/objection set forth below. In responding to the demands, Best Security does not waive any of the General Objections set forth above.

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1**

Documents sufficient to show the following information for your sales of EAS systems to Retailers:

(a) The entities to whom you sold the EAS systems;

(b) When you sold the EAS systems to those persons;

(c) The quantities of EAS systems sold; and

(d) The prices of the EAS systems.

**Response to Request No. 1**

Best Security objects to this request on the grounds that it is overbroad, and unduly burdensome. This request, along with the other requests made, seeks essentially all of Best Security's confidential business records and information. Both All-Tag and Checkpoint are major competitors of Best Security, and this request is not tailored to the specific entities to whom the parties sold EAS systems. By seeking information on all of Best Securities customers, Defendant has made no effort to limit the scope of the request so as to avoid the unnecessary disclosure of confidential business information.

**Document Request No.2**

3

Documents sufficient to show the following information for your sales of EAS labels to Retailers:

    (a) The entities to whom you sold the EAS labels;

    (b) When you sold the EAS labels to those persons;

    (c) The quantities of EAS systems sold; and

    (d) The prices of the EAS labels.

**Response to Request No. 2**

Best Security objects to this request on the grounds that it is overbroad, and unduly burdensome. This request, along with the other requests made, seeks essentially all of Best Security's confidential business records and information. Both All-Tag and Checkpoint are major competitors of Best Security, and this request is not tailored to the specific entities to whom the parties sold EAS labels or to whom they sold specific types of labels. By seeking information on all of Best Securities customers, Defendant has made no effort to limit the scope of the request so as to avoid the unnecessary disclosure of confidential business information.

**Document Request No. 3**

Documents sufficient to show the following information for your sales of EAS labels to manufacturers, distributors, or packagers of packaged goods; or through any source tagging arrangement:

    (a) The entities to whom you sold the EAS labels;

    (b) When you sold the EAS labels to those persons;

    (c) The quantities of EAS systems sold; and

    (d) The prices of the EAS labels.

**Response to Request No. 3**

Best Security objects to this request on the grounds that it is overbroad, and unduly burdensome. This request, along with the other requests made, seeks essentially all of Best Security's confidential business records and information. Both All-Tag and Checkpoint are major competitors of Best Security, and this request is not tailored to the specific entities to whom the parties sold EAS labels or to whom they sold specific types of labels. By seeking information on all of Best Securities customers, Defendant has made no effort to limit the scope of the request so as to avoid the unnecessary disclosure of confidential business information.

**Document Request No. 4**

Agreements between Best Security Industries and any other entity relating to providing Retailers with EAS system installation or service, CCTV, and Fire/Intrusion services.

**Response to Request No. 4**

Best Security objects to this request on the grounds that it is overbroad, and unduly burdensome. This request, along with the other requests made, seeks essentially all of Best Security's confidential business records and information. Both All-Tag and Checkpoint are major competitors of Best Security, and this request is not tailored to the specific classes of products, the nature of the installation or service contracts, or the entities or categories of entities to whom the parties sold such EAS system installation or service, CCTV, and Fire/Intrusion services. By seeking information on all of Best Securities customers, Defendant has made no effort to limit the scope of the request so as to avoid the unnecessary disclosure of confidential business information.

**Document Request No. 5**

5

Documents sufficient to show the geographic areas in the United States where Best Security Industries (either on its own or in affiliation with another entity or entities) can provide installation and/or service of EAS systems.

**Response to Request No. 5**

Best Security objects to this request on the grounds that it is unduly burdensome. Searching for an existing document that provides the information sought will require a methodical search for a document that may or may not exist. Best Security is willing to simple inform the parties as to the geographic areas that it services.

**Document Request No. 6**

All documents and communications relating to All-Tag.

**Response to Request No. 6**

Best Security objects to this request on the grounds that it is overbroad and unduly burdensome. There is no general All-Tag "folder" of documents that can be produced. Defendant's request would likely require that a vast number of documents and corporate emails be uploaded and indexed so that they can be searched for "All-Tag" or other related keywords. The cost of such a process would be grossly disproportionate to the benefits, which appears to be limited to that of a fishing expedition. Moreover, Defendant has not agreed to assume the cost of such a search, leaving that unjustified burden on Best Security, a non-party. This request is also not limited to documents related to this litigation. Instead, this request would cover all documents, including strategies and communications about a major competitor of Best Security.

**Document Request No. 7**

All documents and communications relating to Checkpoint.

**Response to Request No. 7**

Best Security objects to this request on the grounds that it is overbroad and unduly burdensome. There is no general Checkpoint "folder" of documents that can be produced. Defendant's request would likely require that a vast number of documents and corporate emails be uploaded and indexed so that they can be searched for "Checkpoint" or other related keywords. The cost of such a process would be grossly disproportionate to the benefits, which appears to be limited to that of a fishing expedition. Moreover, Defendant has not agreed to assume the cost of such a search, leaving that unjustified burden on Best Security, a non-party. This request is also not limited to documents related to this litigation. Instead, this request would cover all documents, including strategies and communications about a major competitor of Best Security.

Dated: March 5, 2019

                                        LAZER, APTHEKER, ROSELLA
                                            & YEDID, P.C.

                                        By:  */s/ Eric J. Horbey*
                                                Eric J. Horbey
                                                Fla. Bar No.: 95990
                                                *Counsel for Best Security*
                                                515 N. Flagler Drive, Suite 400
                                                West Palm Beach, FL 33401
                                                Tel: (561) 899-0225
                                                Fax: (561) 899-0125
                                                Email: Horbey@larypc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 5, 2019, a copy of the foregoing Responses and Objections to Defendant's Subpoena to Produce Documents was served via email on:

Robert J. Palmersheim
Anand C. Mathew
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654

Damon Suden
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178

                                        */s/ Eric J. Horbey*
                                        Eric J. Horbey
                                        Fla. Bar No.: 95990