**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 CV 81261-WPD |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) Magistrate Judge William Matthewman |
| | ) |
| Defendant. | ) |

### ALL-TAG'S MOTION FOR AN EXPERT DISCOVERY SCHEDULE

**I.   INTRODUCTION**

All-Tag submits this Motion for an Expert Discovery Schedule in order to set a schedule that reflects the progress of discovery in this case and comports with this Court's September 11, 2019 discovery cutoff date. Given that discovery is still ongoing and significant work remains to be done, All-Tag also proposes that the parties submit a status report to the Court on June 7 to ensure fact discovery is completed in a timely manner.

As explained below and illustrated by the unsealed discovery letters that were recently filed this morning (D.E. 101), Checkpoint's hindrance of the discovery process is far from any "typical discovery issues." *See* D.E 91 at 2-3. It took an order of this Court to dislodge documents from Checkpoint last year. It took the threat of another motion to compel to extract an agreement to produce documents this year.

All-Tag hopes Checkpoint will produce according to its promise. If we obtain material in a timely fashion, fact discovery should advance rapidly. Accordingly, All-Tag is in a position to request entry of an expert discovery schedule, provided it includes a requirement that the parties apprise the Court within 60 days on the status of fact discovery and allows an assessment of the feasibility of the schedule.

1

## II.   FACT DISCOVERY HAS NOT ENDED AND CHECKPOINT HAS NOT SATISFIED ITS DISCOVERY OBLIGATIONS

Fact discovery is far from over. Depositions have just begun, data production remains incomplete, and critical information requests are pending. Checkpoint's assertions that the parties agreed, and the Court ordered, that Fact Discovery would end on February 4, 2019 (D.E. 42 at 1) are belied by a year of correspondence, pleadings and proceedings. The course of the litigation is abundantly clear in the sealed version of the exhibits All-Tag filed today (D.E. 101) and is apparent from the letters Checkpoint cited in its latest Motion (both of which were after February 4th). In the same letters that proposed unrealistic expert disclosure deadlines, Checkpoint was refusing to produce documents. *See e.g.* D.E. 90-2, February 25, 2019 Discovery Letter, at 1-2.

As this Court may recall, it took an Order in December to force Checkpoint to produce documents All-Tag had requested in May. *See* D.E. 75, Order Granting All-Tag's Motion to Compel. Now that Checkpoint has produced, it is apparent that documents are missing, and custodians were overlooked. Checkpoint's response to requests for the additional information has consisted of the same tactics it used last year. For more than two months, it objected and negotiated, yielded and retrenched, and stalled. *See* sealed version of Exhibit A to All-Tag's Response to Checkpoint's Motion for Extension of Time to Submit Expert Reports, D.E. 101, at 1-3, which threatened a Motion to Compel. Checkpoint's response to Exhibit A, was to agree to produce some documents, but they have not yet arrived. As the sealed Exhibits A-C make clear, the information that All-Tag seeks is highly relevant to the issues in this case and essential for its experts (and counsel) to review before expert develop opinions and reports.

### III. ALL-TAG'S PROPOSED EXPERT SCHEDULE IS REASONABLE GIVEN THE CURRENT CASE STATUS

Given the foregoing, All-Tag asks the Court to adopt the following expert disclosure schedule. This schedule accommodates compliance with the September 11, 2019 cutoff for all discovery, and allows for sufficient time to complete fact discovery, assuming Checkpoint complies with its obligations.

**Rebuttal depositions**: September 11, 2019
**Rebutttal reports**: 14 days prior, or August 28, 2019
**Affirmative depositions**: 14 days prior, or August 14, 2019
**Affirmative reports**: 14 days prior, or July 31, 2019
**Status Report on Fact Discovery**: two months from today, or June 7, 2018

This schedule depends on Checkpoint's cooperation in completing discovery. Therefore, All-Tag also requests that this Court order that a status report be filed in mid-June so that the parties can inform the Court of the status of discovery and any reasons to revisit the proposed schedule.

### IV. CONCLUSION

All-Tag respectfully submits this Supplemental Response to correct the record and urge the Court to submit All-Tag's proposal for expert disclosures.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Checkpoint, via telephone, regarding the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated: April 4, 2019					Respectfully submitted,

							By:  */s/ Christopher Kammerer*
								Christopher Kammerer

							Christopher William Kammerer
							John F. Mariani
							KAMMERER MARIANI PLLC
							1601 Forum Place, Suite 500
							West Palm Beach, FL 33401
							(561)-990-1592
							ckammerer@kammerermariani.com
							jmariani@kammerermariani.com

							William MacLeod (*pro hac vice*)
							Julian Solotorovsky (*pro hac vice*)
							KELLEY DRYE & WARREN LLP
							333 West Wacker Drive
							Chicago, IL 60606
							(312)-857-7070
							jsolotorovsky@kelleydrye.com
							wmacleod@kelleydrye.com

							Damon Suden (*pro hac vice*)
							KELLEY DRYE & WARREN LLP
							101 Park Avenue
							New York, NY 10178
							(212)-808-7800
							dsuden@KelleyDrye.com

							John B. Williams *(pro hac vice)*
							WILLIAMS LOPATTO PLLC
							1707 L Street, NW Suite 550
							Washington, DC 20036
							(202) 296-1611
							jbwilliams@williamslopatto.com
							*Attorneys for Plaintiff All-Tag Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of April 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via PACER:

> Charles Howard Lichtman
> Gavin Gaukroger
> BERGER SINGERMAN
> Las Olas Centre II
> 350 E Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, FL 33301
> 954-525-9900
> Fax: 523-2872
> clichtman@bergersingerman.com
> ggaukroger@bergersingerman.com

> Robert J. Palmersheim
> Anand C. Mathew
> Julie M. Mallen
> PALMERSHEIM & MATHEW
> 401 N. FRANKLIN STREET, SUITE 4S
> CHICAGO, IL 60654
> 312-319-1791
> acm@thepmlawfirm.com
> rjp@thepmlawfirm.com
> jmm@thepmlawfirm.com

> By:  */s/ Christopher Kammerer*
>       Christopher Kammerer