IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EXTENSION OF TIME TO SUBMIT EXPERT DISCLOSURES [DE 90]

**THIS CAUSE** is before the Court upon Defendant, Checkpoint Systems, Inc.'s ("Defendant") Motion for Extension of Time to Submit Expert Disclosures [DE 90]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Plaintiff, All-Tag Corp. ("Plaintiff") filed a Response [DE 91], and Defendant filed a Reply [DE 95].

### I.    Motion, Response, Reply

Defendant asks the Court to enter an Order extending the time for Defendant to submit its expert disclosures. On May 2, 2018, the parties submitted a Joint Scheduling Report with Proposed Scheduling Order [DE 42]. The Proposed Scheduling Order contemplated the following dates:

1. A fact discovery deadline of nine months from the entry of the Scheduling Order;

2. Plaintiff's expert disclosures and reports to be served within 21 days of the completion of fact discovery;

1

3. Plaintiff's expert depositions to be completed within 21 days of the deadline to submit initial expert disclosures and reports;

4. Defendant's rebuttal expert disclosures and reports to be served within 28 days of the deadline to complete initial expert deposition; and

5. Defendant's rebuttal expert depositions to be completed and the close of expert discovery within 21 days of the deadline to submit rebuttal expert disclosures and reports.

On May 4, 2018, the Honorable United States District Judge William P. Dimitrouleas entered an Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge [DE 43]. The District Judge later entered an Amended Order [DE 51] on May 18, 2018 which was amended only to reflect the correct paired Magistrate Judge. That Order established a discovery cutoff date of September 11, 2019 and set the case for trial on the two-week calendar commencing on January 6, 2020. The Amended Order did not establish any deadlines for expert discovery; however, the Order states: "In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order." [DE 51, pg. 2].

In light of the Court's statement in the Amended Order, Defendant asserts that Plaintiff's expert disclosures were due 9 months and 21 days from the entry of the May 18, 2018 Amended Scheduling Order, as suggested in the parties Joint Scheduling Report with Proposed Scheduling Order [DE 42]. Therefore, according to Defendant, the following expert discovery schedule applies:

2

| | |
|---|---|
| Plaintiff's Expert Disclosures and Reports | March 11, 2019 |
| Plaintiff's Expert Depositions | April 1, 2019 |
| Defendant's Rebuttal Expert Disclosures and Reports | April 29, 2019 |
| Defendant's Rebuttal Expert Depositions | May 20, 2019 |

Plaintiff has not yet served any expert disclosures, and Defendant asserts that Plaintiff has missed its March 11, 2019 deadline to do so. Defendant also states that according to the above schedule, its own disclosures are due April 29, 2019. [DE 90, pg. 4]. Defendant asks the Court to grant an extension until July 3, 2019 for the disclosure of its affirmative expert report. *Id.* In the alternative, Defendant asks that if the Court permits Plaintiff to "belatedly disclose an expert without having ever sought" an extension, that Plaintiff be required to produce its expert disclosures and reports by July 3, 2019, and Defendant be required to produce its rebuttal expert disclosures and reports by August 21, 2019. *Id.*

Plaintiff filed its Response [DE 91] on March 20, 2019 and rejected Defendant's assertion that an expert discovery schedule is in place at this point. Plaintiff argues that by setting the discovery cutoff date for September 11, 2019, the Court did not adopt the discovery schedule proposed by the parties in their Joint Scheduling Report with Proposed Scheduling Order [DE 42] and therefore rejected the parties' proposed deadlines. Plaintiff further argues that it is "premature" to ask the Court to set any expert discovery schedule, because Defendant has not yet produced enough discovery that would allow the experts to form opinions. [DE 91, pg. 2]. Plaintiff alleges that any "*ad hoc* schedule imposed now would inevitably need to be changed" upon Defendant's forthcoming production of discovery, the responses of third-parties, and the testimony of witnesses. [DE 91, pg. 3].

3

Defendant filed its Reply [DE 95] on March 27, 2019. Defendant reiterates its assertion that the Court's Amended Scheduling Order at DE 42 clearly delineated a deadline for Plaintiff's expert disclosures as March 11, 2019. Defendant further argues that Plaintiff should be barred from belatedly disclosing experts after the expiration of its expert disclosure deadline. [DE 95, pg. 2]. Defendant also rejects Plaintiff's assertion that an expert discovery schedule is premature due to inadequate production. [DE 95, pg. 3]. Defendant claims that it has already produced a substantial amount of discovery, and that if Plaintiff felt that it could not meet its expert discovery deadline because of discovery issues, Plaintiff should have moved for an extension of the expert discovery deadline prior to the March 11, 2019 due date.

## II. Analysis

The Court has carefully considered the Motion [DE 90], Response [DE 91], Reply [DE 95], the Joint Scheduling Report with Proposed Scheduling Order [DE 42], the Amended Scheduling Order [DE 51], and the entire docket in this case. After careful consideration, the Court finds that Defendant's Motion appears to make much ado about nothing. The Court agrees with Plaintiff's contention that Plaintiff did not miss its expert discovery disclosure deadline because no deadline was in place.

Although the parties indeed contemplated an expert discovery schedule in their Joint Scheduling Report [DE 42], that schedule contemplated a fact discovery cut-off date of "nine months from the entry of the Scheduling Order." [DE 42, pg. 1]. The expert discovery deadlines suggested by the parties were not specific dates but instead theoretical dates, i.e. "21 days from fact discovery cut-off date," which in turn was "nine months from the entry of the Scheduling Order." *Id.* The Amended Order set a discovery cutoff date of September 11, 2019, 16 months

4

after the entry of the Amended Order[1], and set the case for trial on the two-week calendar commencing on January 3, 2020. [DE 51]. Because the Amended Order set a firm discovery cut-off date of September 11, 2019, the Order superseded any agreement made by the parties which contemplated a different discovery cut-off date. Therefore, the parties' proposed discovery schedule with fact discovery completed nine months after the May 4, 2018 entry of the Scheduling Order [DE 43], and the expert discovery schedule flowing from that date, was rejected by the Court when it entered its Order Setting Trial Date & Discovery Deadlines [DE 43] establishing September 11, 2019 as the firm discovery cut-off date.

Contrary to Defendant's assertions, Plaintiff has not missed its deadline to produce expert discovery disclosures because no such deadline exists. Similarly, Defendant needs no extension of time for its April 29, 2019 deadline to serve expert disclosures because that deadline does not exist. In this regard, Defendant's Motion for an Extension of Time to Submit Expert Disclosures [DE 90] is **DENIED IN PART.**

However, in light of the parties' instant dispute and inability to agree on a reasonable expert discovery schedule, the Court deems it prudent to set deadlines for completing expert discovery within the discovery period set by Judge Dimitrouleas. The Court is not persuaded by Plaintiff's contention that it is premature to set expert disclosure deadlines based on the amount of discovery production. Rather, setting expert discovery deadlines encourages the parties to confer, cooperate,

---

[1] Even if the Court were to accept Defendant's logic regarding the expert discovery dates, it would find that the due dates asserted by Defendant are wrong. The dates would flow from the *original* Order Setting Trial Date & Discovery Deadlines [DE 43], filed on May 4, 2018, not the Amended Order filed on May 18, 2018. The Order was amended at DE 51 solely to reflect the correct paired Magistrate Judge and affected none of the scheduled dates. This simply demonstrates that Defendant's logic in counting out the expert discovery deadlines from a theoretical date is flawed.

and effectively litigate this case. Therefore, Defendant's Motion is **GRANTED IN PART**. It is hereby **ORDERED** that the following deadlines apply:

| | |
|---|---|
| **Plaintiff's Expert Reports and Disclosures due** | **June 21, 2019** |
| **Defendant's Expert Reports and Disclosures due** | **July 22, 2019** |
| **Rebuttal Experts Reports and Disclosures due** | **August 5, 2019** |
| **Expert Discovery Cutoff** | **September 11, 2019** |

The Court instructs the parties to conclude all discovery, whether fact or expert, on or before September 11, 2019. The Court notes that the current substantive pretrial motion deadline of October 11, 2019, and the trial period of January 3, 2020 [DE 51] remain unchanged and are unaffected by this Order.

**DONE and ORDERED** in Chambers this 4th day of April, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE