IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

        Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

        Defendant.



**ORDER DENYING IN PART DEFENDANT'S MOTION TO COMPEL NON-PARTY
BEST SECURITY ACQUISITION, LLC TO PRODUCE ALL DOCUMENTS
RESPONSIVE TO SUBPOENA [DE 97]
AND
<u>REQUIRING FURTHER CONFERRAL AND SETTING HEARING</u>**

**THIS CAUSE** is before the Court upon Defendant, Checkpoint Systems, Inc.'s ("Defendant") Motion to Compel Non-Party Best Security Acquisition, LLC to Produce all Documents Responsive to Subpoena [DE 97]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Non-Party Best Security Acquisition, LLC ("Best Security") did not file a response, however both Defendant and Best Security submitted a Joint Notice at DE 123 stating their respective positions. The Court held a hearing on the Motion on May 6, 2019, and the Court announced certain rulings on the record. This Order serves to memorialize and further explain the Court's rulings.

Defendant asks the Court to enter an Order compelling Best Security to produce all documents and information responsive to its Subpoena to Produce Documents served on

1

November 11, 2018.

    Specifically, the Subpoena seeks:

1. Documents sufficient to show the following information for your sales of EAS systems to Retailers:
    a. The entities to whom you sold the EAS systems;
    b. When you sold the EAS systems to those persons;
    c. The quantities of EAS systems sold; and
    d. The prices of the EAS systems.
2. Documents sufficient to show the following information for your sales of EAS labels to Retailers:
    a. The entities to whom you sold the EAS labels;
    b. When you sold the EAS labels to those persons;
    c. The quantities of EAS systems sold; and
    d. The prices of the EAS labels.
3. Documents sufficient to show the following information for your sales of EAS labels to manufacturers, distributors, or packagers of packaged goods; or through any sourcetagging arrangement:
    a. The entities to whom you sold the EAS labels;
    b. When you sold the EAS labels to those persons;
    c. The quantities of EAS systems sold; and
    d. The prices of the EAS labels.
4. Agreements between Best Security Industries and any other entity relating to providing Retailers with EAS system installation or service, CCTV, and Fire/Intrusion services.
5. Documents sufficient to show the geographic areas in the United States where Best Security Industries (either on its own or in affiliation with another entity or entities) can provide installation and/or service of EAS systems.

    Defendant argues in its Motion that because Best Security is a competitor of both Plaintiff and Defendant, its sales information is relevant to Plaintiff's claims that Defendant is using its dominance in the industry to foreclose competition in the relevant markets. Therefore, Defendant seeks Best Security's sales information in order to refute Plaintiff's claims. Best Security has objected to the subpoena in its entirety, arguing that the subpoena is unnecessarily overbroad and seeks an extensive amount of confidential business information. Best Security has also been subpoenaed by Plaintiff, All-Tag Corp., for the same sales information.

The Court has carefully considered the Motion [DE 97], the Joint Notice [DE 123], the arguments presented by the parties and by Best Security at the May 6, 2019 hearing, and the entire docket in this case. After careful consideration, the Court finds that Defendant's Subpoena is overbroad and that the amount of information requested by Defendant is disproportionate to the needs of this case. *See e.g., TYR Tactical, LLC v. Protective Prod. Enterprises, LLC,* No. 15-CIV-61741, 2016 WL 10647314 (S.D. Fla. Mar. 8, 2016). Production of all the requested sales information would be unduly burdensome and invasive to Best Security. Further, since non-party Best Security is a direct competitor of both Plaintiff and Defendant, the Court is concerned about confidentiality and proprietary issues regarding the requested sales information. Based on the representations of the parties and Best Security at the May 6, 2019 hearing, the Court believes that compromise on this Motion is entirely possible. Therefore, as stated in open court, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Compel Non-Party Best Security Acquisition, LLC to Produce all Documents Responsive to Subpoena [DE 97] is **DENIED** to the extent that it seeks to compel Best Security to provide *all information* sought in the Subpoena including information regarding the sales of EAS systems and labels, the identity of customers, dates of sale, quantities sold, and product prices, as well as agreements between Best Security and other entities relating to EAS system installation or service, CCTV, and Fire/Intrusion services.

2. There is, however, some discovery that Best Security will have to produce. The guiding star is relevance and proportionality under Federal Rule of Civil Procedure 26(b)(1). Defendant, Plaintiff, and Best Security shall continue to confer in an attempt to come

3

to a resolution on this matter and to agree on narrowed requests to Best Security that are both relevant and proportional to this case. On or before **May 13, 2019**, Defendant, Plaintiff, and Best Security shall submit to the Court either a proposed order memorializing the parties' agreement, or they shall file a Joint Notice advising the Court on what, if anything, has been resolved and the specific issues that remain in dispute, as well as the position of each party on the specific remaining dispute(s).

3. It is hereby **ORDERED** that a further discovery hearing on this Motion shall be held as follows[1]:

   DATE:    Wednesday, May 15, 2019
   TIME:    2:00 P.M.[2]
   PLACE:   United States District Court
            701 Clematis Street
            West Palm Beach, Florida
            Courtroom: 6, Third Floor

4. Finally, the parties and Best Security represented at the hearing that they had come to an agreement regarding the fifth request of the Subpoena. Best Security has agreed to produce documents to Defendant that establish that it installs and services systems nationwide, to that extent that such a document exists. Best Security is **ORDERED** to conduct a thorough and diligent search for any such documents and produce them to Defendant on or before **May 15, 2019.**

5. The Clerk is directed to mail a copy of this Order to counsel for Best Security, Eric

---

[1] If, in the parties' and Best Security's Joint Notice filed on May 13, 2019, the parties and Best Securities inform the Court that they have completely resolved this issue, the Court will consider cancelling the discovery hearing scheduled for May 15, 2019 as to this Motion only.

[2] To promote judicial and attorney economy, the Court is setting this Motion for hearing at the same date and time of a similar motion in the related case 8:19-mc-80562-Dimitrouleas/Matthewman.

Horbey of Lazer, Aptheker, Rosella & Yedid, P.C., 515 N. Flagler Drive, Suite 400, West Palm Beach, FL 33401.[3] Additionally, counsel for Defendant is **ORDERED** to email a copy of this Order to counsel for Best Security, at horbey@larypc.com.

**DONE and ORDERED** in Chambers this 7th day of May, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] If Mr. Horbey wishes to receive CM/ECF notifications of electronic filings in this case, he should file the appropriate Notice of Appearance with the Court.

5