IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.



### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND RESERVING RULING ON BALANCE OF MOTION [DE 110] AND REQUIRING FURTHER CONFERRAL AND SETTING ADDITIONAL HEARING

**THIS CAUSE** is before the Court upon Plaintiff, All-Tag Corp.'s Motion to Compel Discovery [DE 110]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Defendant, Checkpoint Systems, Inc. filed a Response on April 26, 2019. [DE 113]. Plaintiff filed a Reply on April 30, 2019. [DE 117]. As required by the Court's Order Adding Motion to Hearing [DE 111], the parties filed a Joint Notice on May 2, 2019. [DE 126]. The Court held a hearing on the Motion on May 6, 2019 and the Court announced certain rulings on the record. This Order serves to memorialize and further explain the Court's rulings.

Plaintiff asks the Court to enter an Order compelling Defendant to produce three separate categories of discovery that are related to a prior case, *Universal Surveillance Corp. d/b/a Universal Surveillance Systems v. Checkpoint Systems, Inc.*, N.D. Ohio, Case No. 5:11-CV-01755-

1

JRA (the "USS Case").[1] Specifically, Plaintiff seeks 1) deposition transcripts and exhibits from the USS case, 2) expert reports and exhibits from the USS case, and 3) pre-2012 financial data which was previously produced by Defendant in the USS case. Defendant objects to the production of these documents on the basis of relevancy, proportionality, undue burden, and confidentiality. Defendant also argues that Plaintiff has violated Local Rule 26.1(g)(1) by failing to file this Motion within 30 days of the occurrence giving rise to the discovery disputes. Defendant claims that it objected to Plaintiff's request for this production as early as May 24, 2018 and Plaintiff should have filed this Motion within thirty days of that objection. Therefore, Defendant argues that this Motion, filed April 19, 2019, is untimely.

The Court has carefully considered the Motion [DE 110], Defendant's Response [DE 113], Plaintiff's Reply [DE 117], the Joint Notice [DE 126], the arguments presented by the parties at the May 6, 2019 hearing, and the entire docket in this case. Based on the representations of the parties at the May 6, 2019 hearing, the Court believes that compromise on this Motion is both possible and reasonable. After careful consideration, and as stated in open court, the Court **GRANTS IN PART** and **RESERVES IN PART** as follows:

1. **Southern District of Florida Local Rule 26.1(g)(1):**

Local Rule Rule 26.1(g)(1) of the Local Rules for the United States District Court for the Southern District of Florida provides that:

> All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or

---

[1] Plaintiff's Motion also sought "specific documents" missing from production related to the Source Tagging Symposiums and correspondence with TUV, but the parties represented in the Joint Notice [DE 126] that this issue has been resolved.

2

>later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

The Court finds that Plaintiff did not violate Rule 26.1(g)(1) by filing the instant Motion on April 19, 2019. While Defendant may have objected to the discovery at issue in this Motion on May 24, 2018, the parties have continued to confer and cooperate regarding discovery production on an ongoing basis since that date. Further, there is no prejudice to Defendant regarding the timeliness of this Motion as the discovery cut-off date is scheduled for September 11, 2019, more than four months away. Therefore, the Court exercises its discretion to not deny the Motion on untimeliness grounds.

2. **Deposition Transcripts and Exhibits:**

Plaintiff seeks the deposition transcripts and exhibits pertaining to the depositions of witnesses in the USS case who will also be deposed in the instant litigation. During the discovery process, the parties stipulated to Defendant's production of six deposition transcripts of five witnesses who were deposed in their individual capacity during the USS case and were subsequently identified by Defendant as witnesses in the current litigation in its May 18, 2018 Rule 26(a) initial disclosures. [DE 113, pg. 3]. Plaintiff asserts that one of the Rule 30(b)(6) witnesses who was deposed in the USS case is the same Rule 30(b)(6) witness that will be deposed in the instant case, and Plaintiff now seeks the deposition transcript of that Rule 30(b)(6) witness from the USS case. Plaintiff also seeks a list of the witnesses who were deposed in the underlying case, as it will seek the deposition transcripts of all of those witnesses

3

who were deposed in the USS case and who will also be listed as witnesses in the instant litigation.

The Court finds that the deposition transcript of the Rule 30(b)(6) witness in the USS case who shall also be deposed in the current litigation is proportional and relevant to the needs of this case, and production of the transcript is not unduly burdensome to Defendant. Defendant is **ORDERED** to produce the deposition transcript of that Rule 30(b)(6) witness and any related exhibits to Plaintiff forthwith.

Defendant is also **ORDERED** to produce a list of the witnesses who were deposed in the USS litigation. The parties are thereafter **ORDERED** to confer regarding the deposition transcripts from the USS litigation in an attempt to agree on what transcripts, if any, should be produced. If the parties cannot resolve this dispute amongst themselves, the Court shall resolve the issue.

3. **Expert Reports and Exhibits:**

Plaintiff next seeks the expert reports and exhibits from the USS case. Plaintiff argues that the expert reports and exhibits are relevant because the experts in that case analyzed similar markets, issues, and data that are also at issue in the instant case. Plaintiff asserts that the experts in the USS case analyzed contracts that are identical to the contracts at issue in the instant case, and that production of the reports would ease the ongoing discovery process substantially. According to Defendant, there are approximately twelve expert reports from the USS case. Defendant objects to the production of the expert reports and exhibits as it believes the reports and exhibits are irrelevant to the current litigation and because, pursuant to the existing protective order in the USS case, it would be unduly burdensome to produce the

reports. Defendant asserts that Plaintiff has already received the underlying contracts and documents, and therefore an expert's opinion on those contracts and documents in the context of a separate litigation is not relevant here.

The Court will **RESERVE** ruling on this issue to allow the parties to confer further to attempt to come to a resolution on this issue. Defendant is hereby **ORDERED** to disclose the names of the expert witnesses who prepared reports in the USS litigation so that the parties can further engage in conferral and cooperation in a good faith effort to resolve this issue. If the parties cannot resolve this dispute amongst themselves, the Court shall resolve the issue.

### 4. Pre-2012 Financial Data:

Finally, Plaintiff seeks Defendant's sales data pertaining to deals "crafted and entered prior to 2012" [DE 110, pg. 4] which include early payments and credits that would apply to later sales and ultimately impact any analysis of the prices, costs, and revenues of Defendant's sales data. Defendant maintains that it has already produced this information to Plaintiff when it produced documents from the USS case in 2018, and it should not be Defendant's burden to locate the information in a document production of "2.4 million documents from a case that ended years ago." Both parties allege that finding the pre-2012 financial data at issue within the USS documents already produced would be an incredibly burdensome task, considering that the USS case ended years ago. Defendant asserts that the e-discovery database that housed the USS documents was taken down when the case ended and the vast majority of attorneys, paralegals, and staff that worked on the USS case do not work on the instant litigation, and therefore it would be extremely difficult to locate the data at issue.

The Court will **RESERVE** ruling on this issue to allow the parties to confer further to come

to a resolution on this issue. Defendant and Plaintiff are hereby **ORDERED** to further confer regarding the possibility of entering a stipulation regarding economists' ultimate estimates and analysis of the prices, costs, and revenues of Defendant's sales data. If the parties cannot resolve this dispute amongst themselves, the Court shall resolve the issue.

5. **Joint Notice and Further Hearing:**

On or before **May 13, 2019**, Plaintiff and Defendant shall submit to the Court either a proposed order memorializing the parties' agreements regarding the three discovery disputes remaining that are outlined above, or they shall file a Joint Notice advising the Court on what, if anything, has been resolved and the specific issues that remain in dispute, as well as the brief and concise position of each party on the specific remaining dispute(s). It is hereby **ORDERED** that a further discovery hearing on these three disputes shall be held as follows:

DATE:    Wednesday, May 15, 2019
TIME:    2:30 P.M.
PLACE:    United States District Court
              701 Clematis Street
              West Palm Beach, Florida
              Courtroom: 6, Third Floor

The parties' counsel shall personally appear at this hearing.

**DONE and ORDERED** in Chambers this 10th day of May, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

6