IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.



**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY [DE 110] AND REQUIRING FURTHER CONFERRAL AND JOINT NOTICE**

**THIS CAUSE** is before the Court upon Plaintiff, All-Tag Corp.'s Motion to Compel Discovery [DE 110]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Defendant, Checkpoint Systems, Inc. filed a Response on April 26, 2019. [DE 113]. Plaintiff filed a Reply on April 30, 2019. [DE 117]. As required by the Court's Order Adding Motion to Hearing [DE 111], the parties filed a Joint Notice on May 2, 2019. [DE 126]. The Court held a hearing on the Motion on May 6, 2019 and the Court announced certain rulings on the record. On May 10, 2019, the Court entered an Order Granting in Part Plaintiff's Motion to Compel Discovery and Reserving Ruling on Balance of Motion and Requiring Further Conferral and Setting Additional Hearing [DE 134]. The parties filed a second Joint Notice at DE 141 on May 13, 2019 informing the Court of the remaining disputes, and the Court held a hearing on the Motion on May 15, 2019.

At the time of the hearing held on May 15, 2019, the parties had resolved all but two issues.

1

Specifically, Plaintiff asks the Court to enter an Order compelling Defendant to produce two remaining categories of discovery that are related to a prior case, *Universal Surveillance Corp. d/b/a Universal Surveillance Systems v. Checkpoint Systems, Inc.*, N.D. Ohio, Case No. 5:11-CV-01755-JRA (the "USS Case"): 1) the deposition transcripts and exhibits from the USS case and 2) the expert reports and exhibits from the USS case. According to the Joint Notice and the parties' representations at the May 15, 2019 hearing, Defendant has produced ten deposition transcripts from the USS litigation pursuant to the March 8, 2019 Stipulation and Reservation of Rights entered into by both Plaintiff and Defendant. Defendant has also, as required by this Court's Order [DE 134] identified thirty current or former Checkpoint employees who were deposed in the USS litigation. Plaintiff has requested the deposition transcripts for eight of those witnesses. Defendant offered to produce the deposition transcripts pursuant to the March 8, 2019 Stipulation and Reservation of Rights, but Plaintiff refused those conditions.

In regard to the expert reports from the USS litigation, Plaintiff has identified three expert reports that it believes are likely relevant to this case and has requested that Defendant produce those three reports. [DE 141, pg. 2]. Those reports were created by Barry Harris, Michael Knievel, and Ramsey Shehadeh. Defendant has not produced the three reports, arguing that the reports are irrelevant, and disclosure of the reports is prohibited by the Protective Order entered in the USS case.

The Court has carefully considered the Motion [DE 110], Defendant's Response [DE 113], Plaintiff's Reply [DE 117], the Joint Notice [DE 126], the arguments presented by the parties at the May 6, 2019 hearing, the second Joint Notice [DE 141], the arguments presented at the May 15, 2019 hearing, and the entire docket in this case. After careful consideration, and as stated in

open court, the Court **GRANTS IN PART** and **RESERVES IN PART** as follows:

1. **Deposition Transcripts and Exhibits:**

The Court finds that the deposition transcripts of the eight witnesses identified by Plaintiff are proportional and relevant to the needs of this case, and production of the transcripts is not unduly burdensome to Defendant. Defendant is **ORDERED** to produce the deposition transcripts of the eight witnesses and any related exhibits to Plaintiff forthwith. The Court makes no determination as to the ultimate admissibility of the deposition transcripts. Information within the scope of discovery need not be admissible in evidence in order to be discoverable. Fed. R. Civ. P. 26(b)(1). Upon receipt and review of the deposition transcripts, Plaintiff is **ORDERED** to promptly inform Defendant whether it intends to rely upon any of these depositions in support of any motion or introduce any of these depositions as substantive evidence. If Plaintiff does so advise Defendant, then Defendant may move forward with scheduling the deposition of any of the eight witnesses upon whose deposition transcript Plaintiff shall be relying or introducing.

2. **Expert Reports and Exhibits:**

The Court will **RESERVE** ruling on the three expert reports, created by Barry Harris, Michael Knievel, and Ramsey Shehadeh, that are still at issue. It is currently unclear if Defendant's experts have received, reviewed, or relied on the expert reports by Barry Harris, Michael Knievel, and Ramsey Shehadeh. If Defendant's experts have received or reviewed the reports, even if they are not relying on the reports, it is only fair that Plaintiff be allowed to also receive and review the three reports. However, if Defendant's experts have never received or reviewed the reports at issue, and will not be viewing them or relying upon them, then the

3

Court will find that the three reports are irrelevant and disproportional to the needs of this case. Defendant is **ORDERED** to determine whether its experts have received, reviewed, or relied on the expert reports by Barry Harris, Michael Knievel, and Ramsey Shehadeh *in any way*. Defendant is then **ORDERED** to file a Notice on or before **May 22, 2019** informing the Court whether its experts have received, reviewed, or relied on the expert reports and whether Defendant has produced the expert reports to Plaintiff. If Defendant represents that its experts have never received, reviewed, or relied on the three expert reports by Barry Harris, Michael Knievel, and Ramsey Shehadeh, then the Court will not require production of the reports. If Defendant represents that its experts have received, reviewed, or relied on the three reports at issue, but it still refuses to produce the reports to Plaintiff, then the Court will enter an Order requiring the production of the three expert reports.

**DONE and ORDERED** in Chambers this 16th day of May, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE