**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17 CV 81261-WPD ) ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) ) Magistrate Judge William Matthewman |
| Defendant. | ) ) |

**DEFENDANT'S NOTICE TO THE COURT
AS REQUIRED BY ITS MAY 16, 2019 ORDER [DE147]**

Defendant Checkpoint Systems, Inc., by its attorneys, submits this notice as required by the Court's May 16, 2019 Order [DE147].

1. On May 15, 2019, this Court held a hearing on Plaintiff All-Tag Corporation's Motion to Compel Discovery [DE 110]. The motion asked the Court to enter an Order compelling Defendant to produce, *inter alia*, three expert reports (Barry Harris, Michael Knievel, and Ramsey Shehadeh) from a prior case, *Universal Surveillance Corp. d/b/a Universal Surveillance Systems v. Checkpoint Systems, Inc.*, N.D. Ohio, Case No. 5:11-CV-01755-JRA (the "USS Case").

2. The Court ordered Defendant to file a Notice informing the Court whether its experts have received, reviewed, or relied upon the Harris, Knievel, and Shehadeh USS expert reports and whether Defendant has produced those USS reports to Plaintiff.

3. In response to the Court's inquiry, Defendant states that its expert has not seen the Harris, Knievel, and Shehadeh reports in connection with *this* case. However, Defendant's expert saw the Harris, Knievel, and Shehadeh reports in connection with the USS Case during the pendency of that case, although the expert never issued a report in the USS Case.

Defendant's expert has not seen the reports since the USS Case was dismissed three years ago. The expert destroyed the reports pursuant to the Protective Order in the USS Case shortly after the case was dismissed.

4. In an attempt to resolve this dispute, Defendant's counsel conferred with Plaintiff's counsel on May 22, 2019. During that conversation, Plaintiff's counsel confirmed that it was working with NERA Economic Consulting ("NERA") in this lawsuit. NERA is the same economic consulting firm that worked on the USS Case and one of the reports Plaintiff claims it needs is the report issued by NERA Managing Director, Dr. Ramsey Shehadeh. *See* https://www.nera.com/experts/dr-ramsey-shehadeh.html. Thus, Plaintiff is working with the same consulting firm that worked on behalf of the Plaintiff in the USS Case and issued one of the reports that Plaintiff is now requesting it needs to prevent an unfair advantage.

5. Defendant respectfully submits that the Court's May 16, 2019 Order assumes that if Defendant's expert had ever seen the Harris, Knievel, and Shehadeh USS expert reports, then it would have been in *this* case and therefore Defendant would have an unfair advantage through access to reports that were unavailable to Plaintiff.[1] There is no such unfair advantage. Both parties are working with expert consulting firms that were involved in the USS Case. Neither party's expert has seen the USS expert reports for several years or in connection with *this* case. Neither expert has considered or relied upon the USS expert reports in this case. Simply put, Defendant's expert is in no different a position than Plaintiff's expert and both parties' experts have access to the same information.

---

[1] During the May 15 hearing, the Court inquired whether Defendant's experts had ever seen the expert reports from the USS Case and counsel for Defendant, Anand Mathew, responded that he did not know. Mr. Mathew briefly worked on the USS Case while at a different law firm but he did not work with the experts in the USS Case and had no knowledge of what the experts had received in the USS Case.

6. Given the lack of relevance of expert reports from a different case that involved different parties, time periods, and issues (D.E. 113), and the substantial burden involved with respect to complying with the Protective Order in the USS Case, Defendant respectfully submits that it has no advantage over Plaintiff justifying production of reports from the USS Case. Plaintiff has never carried its burden in demonstrating relevance and Plaintiff's recent admission it is using the same economic firm that worked on the USS Case belies any purported unfair advantage.

7. Accordingly, Defendant requests that the Court reconsider its May 16, 2019 Order and deny Plaintiff's Motion to Compel production of the Expert reports.

Dated: May 22, 2019

*/s/ Gavin C. Gaukroger*
*One of the attorneys for Checkpoint Systems, Inc.*

Gavin C. Gaukroger
Charles H. Lichtman
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: (954) 525-9900
Fax: (954) 523-2872

Robert J. Palmersheim (*pro hac vice*)
Anand C. Mathew (*pro hac vice*)
Julie M. Mallen (*pro hac vice*)
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654
Tel: (312) 319-1791
Fax: (312) 878-2890
rjp@thepmlawfirm.com
acm@thepmlawfirm.com
jmm@thepmlawfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will generate and serve a Notice of Electronic Filing to the following:

Damon Suden
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: ahorvath@KelleyDrye.com
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
Matthew C. Luzadder
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com
Email: mluzadder@kelleydrye.com

William A. MacLeod
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
WILLIAMS LOPATTO PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

*/s/ Gavin C. Gaukroger*