IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 CV 81261-WPD |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) Magistrate Judge William Matthewman |
| | ) |
| Defendant. | ) |

**ALL-TAG'S RESPONSE TO CHECKPOINT'S NOTICE AND
CHECKPOINT'S REQUEST FOR RECONSIDERATION [D.E. 151]**

**I.    INTRODUCTION AND BACKGROUND**

Last week, this Court ruled that "[i]f Defendant's experts have received or reviewed the reports [of Checkpoint's experts Barry Harris, Michael Knievel, and Ramsey Shehadeh from the *USS* litigation], even if they are not relying on the reports, it is only fair that ***Plaintiff*** be allowed to also receive and review the three reports." D.E. 147 at 3 (emphasis added). The Court also stated that "[i]f Defendant represents that its experts have received, reviewed, or relied on the three reports at issue, but it still refuses to produce the reports to Plaintiff, then the Court will enter an Order requiring the production of the three expert report." *Id*. at 4.  Yesterday, Checkpoint submitted a Notice to the Court stating that one of its experts *had* seen all three reports. D.E. 151 at ¶ 3. Nonetheless, Checkpoint refuses to produce the Reports, and instead is asking the Court to "reconsider" its prior ruling, arguing the reports "lack of relevance" and it is a "substantial burden" to produce the reports. *Id*. at ¶ 6-7. The request is simply another attempt to avoid producing relevant information.

**II.    CHECKPOINT'S EXPERT HAS SEEN THE REPORTS**

Checkpoint's Notice acknowledges that at least one of its experts has already seen all three expert reports requested by All-Tag. D.E. 151 at ¶ 3. This was the question that the Court asked Checkpoint to answer. If the answer was yes, the Court advised the parties that it would order production. The answer was yes.

### III. THE EXPERT REPORTS CONTAIN RELEVANT INFORMATION PERTAINING TO TOPICS IN THIS CASE

Going beyond the notice the Court requested, Checkpoint adds an argument for reconsideration of the decision. Checkpoint first argues that it does not have an "unfair advantage". (D.E. 151 at ¶ 4), because even though one of its experts saw the report, so did experts in the firm that All-Tag has retained. Checkpoint ignores the fact that any other expert All-Tag has retained to opine on competition, competitors, marketing, and advertising – and who is not in the firm USS used – has not seen the reports. Checkpoint is aware of at least one such expert; it is attempting to disqualify him in this case.

Checkpoint's other argument is based on false premises – "the lack of relevance of expert reports from a different case… and the "substantial burden [of] complying with the Protective Order in the USS Case…." (D.E. 151 at ¶ 6). This argument rehashes its Opposition to the Motion to Compel. The relevance of the information has been briefed and argued here (D.E. 110, at p. 4), and is demonstrated by decisions in *USS*.[1] The only burden Checkpoint should have to bear now is to produce the report.[2]

### IV. CONCLUSION

This Court concluded that that if any of Checkpoint's experts had reviewed the reports, they would be discoverable in this case. D.E. 147 at 3-4. Its expert has seen them. Checkpoint has offered no reason for reconsideration of the decision that All-Tag's experts be allowed to see them. Its request for reconsideration should be denied.

---

[1] A Special Master in USS, for example, decided [the expert in USS analyzed] how Checkpoint's contracts allegedly achieved this harm to competition, such as: (1) by conditioning a retailer's receipt of free RF-EAS equipment on the purchase of so many tags that the retailer's entire tag needs were fulfilled – thereby precluding tag purchases from USS or any other supplier; and (2) including early termination penalties that prevented competitors from establishing any relationship with the retailer….[and cited evidence tending to show Checkpoint, itself, purposefully used its service contracts to implicitly threaten retailers not to use competitive labels. *See Report of Special Master regarding Checkpoint's motion to preclude testimony of Dr. Ramsey Shehadeh*. D.E. 501 in the USS Litigation, 5:11-DV-1755 (N.D. Ohio), at 29.

[2] Checkpoint was obligated under the USS Order to notify any party whose data might be ordered produced in another case when All-Tag filed its motion to compel. That provision gave any interested party a chance to be heard on the motion. Presumably, Checkpoint complied with that obligation. No party has come forward.

Dated:  May 23, 2019                              Respectfully submitted,

/s/ Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1707 L Street, NW Suite 550
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of May, 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via PACER:

>Charles Howard Lichtman
>Gavin Gaukroger
>BERGER SINGERMAN
>Las Olas Centre II
>350 E Las Olas Boulevard
>Suite 1000
>Fort Lauderdale, FL 33301
>954-525-9900
>Fax: 523-2872
>clichtman@bergersingerman.com
>ggaukroger@bergersingerman.com
>
>Robert J. Palmersheim
>Anand C. Mathew
>Julie M. Mallen
>PALMERSHEIM & MATHEW
>401 N. FRANKLIN STREET, SUITE 4S
>CHICAGO, IL 60654
>312-319-1791
>acm@thepmlawfirm.com
>rjp@thepmlawfirm.com
>jmm@thepmlawfirm.com
>
>By: */s/ Christopher Kammerer*
>     Christopher Kammerer