**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 CV 81261-WPD |
| v. ) | |
| ) | Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., ) | Magistrate Judge William Matthewman |
| ) | |
| Defendant. ) | |

**ALL-TAG'S SUR-REPLY TO CHECKPOINT'S**
**NOTICE AND REQUEST FOR RECONSIDERATION**

**I.   INTRODUCTION**

Pursuant to this Court's Order granting All-Tag's request for leave [D.E. 159], All-Tag files this Sur-Reply to Checkpoint's Reply to Its Notice to the Court as Required by the Court's May 16, 2019 Order [D.E. 157]. Most of Checkpoint's Reply reasserts arguments previously considered and denied by this Court in its Order on the Motion to Compel, D.E. 147. However, Checkpoint added a new argument that mischaracterizes the Protective Order in the *USS* Litigation. All-Tag submits this Sur-Reply to clarify the record regarding the *USS* Protective Order.

**II.   CHECKPOINT MISREPRESENTS THE USS PROTECTIVE ORDER**

In footnote 1 of its Reply, Checkpoint states that:

All-Tag also misrepresents the terms of the USS Protective Order and attempts to impose additional obligations on Checkpoint under that order. Under that USS Protective Order, Checkpoint does not have any obligation to notify any party or third-party of possible disclosure of Confidential or Highly Confidential information until Checkpoint is ordered to produce the information. Here, no such order has been entered.
D.E. 157 at 2 n.1

Checkpoint is wrong.  It is the demand for the information, not the order that it be produced, that triggers the obligation to notify other parties.

All-Tag directs the Court to the Paragraph 18 of the Protective Order, which is attached as Exhibit A.  The pertinent portion of that Protective Order states as follows:

> **18. Third Party Subpoenas or Demands, Including Subpoenas, Civil Investigative Demands, and Other Formal Government Inquiries.**
> A. Except as provided for in Section 18.B. below, if any receiving party [a party possessing the information]…is served with a demand in another action to which it is a party, seeking information which was produced or designated as Confidential or Highly Confidential by someone other than the receiving party, the receiving party shall transmit a copy of such subpoena, demand, or legal process, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the Confidential or Highly Confidential Discovery Materials and shall reasonably cooperate with the producing party in preparing timely objections to its production…. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Materials covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Exhibit A at 14.

For good reason, the Order requires Checkpoint to notify other parties.  Only someone in possession of the expert reports would know what, if any, confidential information the reports contain.  Checkpoint's counsel has the reports.  Only Checkpoint counsel can determine what, if any, notification is necessary.

### III.     CONCLUSION

All-Tag respectfully submits this Sur-Reply to clarify the record regarding the obligations in the Protective Order from the *USS* Litigation.

Dated:  June 3, 2019

Respectfully submitted,

By: /s/ *Christopher Kammerer*
　　　Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1707 L Street, NW Suite 550
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of June 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via CM/ECF:

>Charles Howard Lichtman
>Gavin Gaukroger
>BERGER SINGERMAN
>Las Olas Centre II
>350 E Las Olas Boulevard
>Suite 1000
>Fort Lauderdale, FL 33301
>954-525-9900
>Fax: 523-2872
>clichtman@bergersingerman.com
>ggaukroger@bergersingerman.com

>Robert J. Palmersheim
>Anand C. Mathew
>Julie M. Mallen
>PALMERSHEIM & MATHEW
>401 N. FRANKLIN STREET, SUITE 4S
>CHICAGO, IL 60654
>312-319-1791
>acm@thepmlawfirm.com
>rjp@thepmlawfirm.com
>jmm@thepmlawfirm.com

>By: /s/ *Christopher Kammerer*
>    Christopher Kammerer

4815-5059-9320v.1