IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.



**ORDER DENYING THE BALANCE OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY [DE 110]**

**THIS CAUSE** is before the Court upon Plaintiff, All-Tag Corp.'s Motion to Compel Discovery [DE 110]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Defendant, Checkpoint Systems, Inc. filed a Response on April 26, 2019. [DE 113]. Plaintiff filed a Reply on April 30, 2019. [DE 117]. As required by the Court's Order Adding Motion to Hearing [DE 111], the parties filed a Joint Notice on May 2, 2019. [DE 126].

The Court held a hearing on the Motion on May 6, 2019 and the Court announced certain rulings on the record. On May 10, 2019, the Court entered an Order Granting in Part Plaintiff's Motion to Compel Discovery and Reserving Ruling on Balance of Motion and Requiring Further Conferral and Setting Additional Hearing [DE 134]. The parties filed a second Joint Notice at DE 141 on May 13, 2019 informing the Court of the remaining disputes, and the Court held a further hearing on the Motion on May 15, 2019. On May 16, 2019, the Court entered an Order Granting

1

in Part Plaintiff's Motion to Compel Discovery [DE 110] and Requiring Further Conferral and Joint Notice [DE 147].

In that Order [DE 147], the Court reserved ruling as to the production of three expert reports created by Barry Harris, Michael Knievel, and Ramsey Shehadeh, and required Defendant to determine whether its experts have received, reviewed, or relied on the expert reports by Barry Harris, Michael Knievel, and Ramsey Shehadeh in any way. The Court required Defendant to file a Notice informing the Court whether its experts have received, reviewed, or relied on the expert reports and whether Defendant has produced the expert reports to Plaintiff. The Court stated:

> "If Defendant represents that its experts have never received, reviewed, or relied on the three expert reports by Barry Harris, Michael Knievel, and Ramsey Shehadeh, then the Court will not require production of the reports. If Defendant represents that its experts have received, reviewed, or relied on the three reports at issue, but it still refuses to produce the reports to Plaintiff, then the Court will enter an Order requiring the production of the three expert reports."

[DE 147, pg. 4]. As stated at the hearing, the Court's concern was to ensure an even playing field for both parties regarding the expert reports.

Defendant filed its Notice to the Court on May 22, 2019. [DE 151]. Plaintiff filed a Response to the Notice on May 23, 2019 [DE 152] and Defendant filed a Reply on May 29, 2019 [DE 157]. On June 3, 2019 Plaintiff filed a Sur-Reply. [DE 161]. In its Notice, Defendant informed the Court, and Plaintiff, that its expert "had not seen the Harris, Knievel, and Shehadeh reports in connection with *this* case," but the expert had seen the reports in connection with the *USS* case during the pendency of that case several years ago. [DE 151, pgs. 1-2]. Defendant also points out that Plaintiff is currently working with the same consulting firm that worked on behalf of the Plaintiff in the *USS* Case and issued one of the reports at issue. [DE 151, pg. 2]. Therefore,

2

according to Defendant, Defendant's expert is in "no different a position than Plaintiff's expert and both parties' experts have access to the same information." *Id.*

Plaintiff argues that because the expert had access to the reports at issue at one point, the reports should be produced. [DE 152, pg. 1]. Plaintiff further argues that the reports are relevant to this litigation and the burden on Defendant in producing the reports is minimal. [DE 152, pg. 2].

The Court has carefully considered the Motion [DE 110], Defendant's Response [DE 113], Plaintiff's Reply [DE 117], the Joint Notice [DE 126], the arguments presented by the parties at the May 6, 2019 hearing, the second Joint Notice [DE 141], the arguments presented at the May 15, 2019 hearing, Defendant's Notice regarding the three expert reports [DE 151], Plaintiff's Response [DE 152], Defendant's Reply [DE 157] Plaintiff's Sur-Reply [DE 161], the arguments presented at the June 6, 2019 hearing, and the entire docket in this case. After careful consideration, and as stated in open court, Plaintiff's Motion to Compel [DE 110] is **DENIED** to the extent that Plaintiff seeks production of the three expert reports created by Barry Harris, Michael Knievel, and Ramsey Shehadeh.

According to the parties' briefs and their arguments at the June 6, 2019 hearing, both parties are, in fact, on an equal playing field in regards to the three reports at issue. The dispute regarding the expert reports appears to be in large part a tempest in a teapot: the reports were created regarding litigation in a completely separate case which resolved several years ago and remain subject to the Protective Order in that case. The reports seem to be ancient history and too attenuated from the facts of this case. There has been no reliance on the reports by Defendant or its experts in the instant case. Defendant asserts that producing the reports would be unduly

3

burdensome due to the nature of the Protective Order at issue in the *USS* case. The Court agrees. Although reviewing the reports might make life easier for Plaintiff's experts, the Court finds that it is not necessary for the experts to receive these reports, nor is it relevant or proportional to the needs of this case. Thus, upon further careful review, the Court will not require Defendant to produce the three expert reports created by Barry Harris, Michael Knievel, and Ramsey Shehadeh.

**DONE and ORDERED** in Chambers this 7th day of June, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

4