IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81261-DIMITROULEAS/MATTHEWMAN

ALL-TAG CORP.,

    Plaintiff,

v.

CHECKPOINT SYSTEMS, INC.,

    Defendant.



FILED BY _____ D.C.

JUN 10 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER AND IMPOSE SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER [DE 127]**

**THIS CAUSE** is before the Court upon Defendant, Checkpoint Systems, Inc.'s ("Defendant") Motion to Enforce Protective Order and Impose Sanctions for Violation of Protective Order. [DE 127][1]. This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 51. Plaintiff, All-Tag Corp. ("Plaintiff") filed its Response to Defendant's Motion on May 10, 2019. [DE 135][2]. Defendant filed a Reply on May 15, 2019. [DE 145][3]. As required by the Court's Order Setting Hearing [DE 137], the parties filed a Joint Notice on June 3, 2019. [DE 163]. The Court held a hearing on the Motion on June 6, 2019.

---

[1] Plaintiff has filed the sealed, unredacted version of its Motion at DE 139-1.
[2] Defendant has filed the sealed, unredacted version of its Response at DE 140.
[3] Plaintiff has filed the sealed, unredacted version of its Reply at DE 149.

1

I. **Motion, Response, Reply**

In its Motion [DE 127], Defendant asserts that Plaintiff has violated the Stipulated Protective Order ("Protective Order") [DE 55] by disclosing Highly Confidential information to Patrick O'Leary, who has been retained as an expert witness by Plaintiff All-Tag. Defendant argues that Patrick O'Leary, who was employed by All-Tag from 2012 through 2015, is still employed by All-Tag in some capacity and is not an independent expert but rather an inside agent of All-Tag. Mr. O'Leary apparently receives payments from Plaintiff for both sales and for a monthly consulting fee for his business advice, pursuant to what All-Tag President's termed a "Gentleman's Agreement." [DE 139-1, pg. 4]. Therefore, according to Defendant, Mr. O'Leary should not be permitted to review Defendant and other third-party competitor's Highly Confidential information.

Defendant asserts that Plaintiff's willful violation of the Protective Order has caused, and will continue to cause, Defendant and third-party competitors irreparable harm by permitting an agent of Plaintiff to have access to Defendant's Highly Confidential information. Specifically, Defendant seeks an Order: "(1) enforcing the Protective Order to preclude Patrick O'Leary, or any other non-independent consultant or expert, from obtaining access to Highly Confidential information; (2) requiring Plaintiff to retrieve and destroy any copies of Highly Confidential information it has disseminated in violation of the Protective Order; (3) barring Plaintiff from providing any additional Highly Confidential information to O'Leary or any other agent or employee of Plaintiff; (4) barring Plaintiff from utilizing O'Leary as an expert or consultant in this matter; (5) holding Plaintiff in direct civil contempt for its blatant violation of the Protective Order; and (6) awarding Defendant its attorneys' fees and costs incurred in connection with this Motion." [DE 139-1, pg. 2].

2

Plaintiff filed a Response [DE 135] in which it argues that the Protective Order in this case does not require an expert to be independent or unemployed in the industry at issue. Plaintiff further asserts that Mr. O'Leary is *not* an All-Tag insider but merely a former sales agent. According to the testimony of Plaintiff's CEO, Stuart Seidel, the residual payments that Mr. O'Leary receives from All-Tag are for sales that occurred more than four years ago. [DE 140-1, pg. 3]. Thus, Plaintiff argues Mr. O'Leary is not employed by All-Tag for the purposes of the Protective Order.

In Defendant's Reply [DE 149], Defendant asserts that testimony and evidence demonstrate that Mr. O'Leary remains associated with Plaintiff and has a vested interest in Plaintiff's success. Defendant points out that Mr. O'Leary has also worked in the past for Nedap, and currently serves as Vice President of Sales for another Checkpoint competitor, Product Protection Services. [DE 149, pg. 4]. Because of Mr. O'Leary's affiliation with Defendant's competitors, Defendant claims that it, along with other competitors, faces serious economic injury due to the disclosure of their Highly Confidential information.

## II. **Analysis and Conclusion**

The Court has carefully considered the Motion [DE 127], Defendant's Response [DE 135], Plaintiff's Reply [DE 145], the Joint Notice [DE 163], the arguments presented by the parties at the June 6, 2019 hearing, and the entire docket in this case.

If a party "fails to obey an order to provide or permit discovery" Rule 37 authorizes the court to impose sanctions. Fed. R. Civ. P. 37(b)(2). Rule 37 also grants the court broad discretion to impose appropriate sanctions for discovery order violations. *New Wave Innovations, Inc. v. McClimond*, No. 13-22541-CIV, 2014 WL 11906628, at *1 (S.D. Fla. July 8, 2014). After careful

3

consideration, the Court finds that Defendant Checkpoint has failed to meet its burden of establishing that Plaintiff All-Tag has violated the Stipulated Protective Order [DE 55] and that Mr. O'Leary should be disqualified as an expert. *See* Fed. R. Civ. P. 37(b)(2); *Biovail Labs. Int'l SRL v. Abrika, LLLP,* No. 04-61704-CIV, 2007 WL 788849, at *2 (S.D. Fla. Mar. 14, 2007). As stated in open court, Defendant's Motion to Enforce Protective Order and Impose Sanctions for Violation of Protective Order [DE 127] is **DENIED without prejudice** to Defendant's ability to file an amended motion after the deposition of Mr. O'Leary, if Defendant has a good faith basis to do so at that time.

The Court has carefully reviewed the emails and other exhibits attached to Defendant's briefs which Defendant claims support its position that Mr. O'Leary is currently employed by All-Tag. This evidence is disputed by Plaintiff, who claims, *inter alia,* that Mr. O'Leary is retained as an expert and merely remains a friend to certain employees of Plaintiff. According to Plaintiff, Mr. O'Leary has completed the certification form included in the parties' Protective Order [DE 55-1] and has agreed to comply with the restrictions included therein in regards to Highly Confidential information.

The Court finds that it is both premature and wasteful of judicial and attorney resources to attempt to determine this issue without the benefit of Mr. O'Leary's deposition. For some reason, Defendant has chosen *not* to take Mr. O'Leary's deposition despite Defendant being offered several dates by Plaintiff for Mr. O'Leary's deposition. The Court finds it peculiar that Defendant would seek the draconian sanctions it requests without even attempting to take Mr. O'Leary's deposition. Therefore, Defendant is encouraged to schedule the deposition of Mr. O'Leary in order to determine the scope of Mr. O'Leary's alleged role at All-Tag, if he has a role there at all, and

explore all other relevant areas. If, after the deposition, Defendant believes it has a good faith basis to file an amended motion, it may, and the Court will hear arguments and consider the merits of said motion. However, the Court finds that there is insufficient evidence at this time to find that Plaintiff has violated the Protective Order by retaining Mr. O'Leary as an expert. Further, the Court finds that the relief requested by Defendant in its Motion [DE 127], which includes a request that this Court find Plaintiff to be in civil contempt, is too drastic at this point in the litigation and declines to grant said relief based on the record before the Court.

**DONE and ORDERED** in Chambers this 10th day of June, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE