IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 CV 81261-WPD |
| v. ) | |
| ) | Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., ) | Magistrate Judge William Matthewman |
| ) | |
| Defendant. ) | |

**ALL-TAG'S REPLY TO CHECKPOINT'S OPPOSITION TO ALL-TAG'S MOTION TO COMPEL MORE COMPLETE ANSWERS TO ITS THIRD SET OF INTERROGATORIES AND DOCUMENTS RESPONSIVE TO ITS THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

**I.   INTRODUCTION**

Checkpoint's Opposition is simply another example of its attempts to run out the clock on discovery and avoid having to provide discovery as required under the Federal Rules. All-Tag's RFP and Interrogatories are reasonable requests that Checkpoint simply doesn't want to have to answer. This Court should require Checkpoint to answer them.

**II.   ALL-TAG'S DOCUMENT REQUEST IS RELEVANT AND NOT IMMUNE TO DISCOVERY**

Checkpoint vehemently objects to producing *any* responsive documents relating to its conduct in the wake of the Patent Suit[1] (and the resulting Garnishment Action in this Court[2]) on the bases that (1) the topics are "completely unrelated" because "All-Tag's pleadings do not cite the collection proceeding," and (2) Checkpoint's actions are protected by the *Noerr-Pennington* doctrine. *See Checkpoint's Opposition to All-Tag's Motion to Compel*, D.E. 208, at 1. Checkpoint is flat wrong on both points. The standard for discovery (discussed in All-Tag's opening Motion) is not restricted to conduct that occurs before a complaint is filed, and the

---

[1] *Checkpoint Systems v. All-Tag Security, et al.*, Case No. 2:01-cv-02223-PBT (E.D. Pa.).
[2] *Checkpoint Systems, Inc. v. All-Tag, Corp.*, 9:19-mc-80714-Altman-Hunt, (S.D. Fla.)

*Noerr-Pennington* doctrine does not give Checkpoint blanket immunity to make serious misrepresentations to this Court as a means to freeze a competitor's assets.

*First*, the Patent Action is related to this case, as it reveals tactics Checkpoint's years-long campaign of anti-competitive conduct against its competitors.  The District Court Judge who presided over Checkpoint's failed litigation certainly thought so:

- "This case 'stands out from others' in that Checkpoint brought suit in bad faith with the improper motive of crippling Defendants' business." *Checkpoint Sys. v. All-Tag Sec. S.A.*, No. 01-2223, 2015 U.S. Dist. LEXIS 109284, at *8 (E.D. Pa. Aug. 18, 2015).

- "The Court finds that this evidence compellingly demonstrates how Checkpoint's motive in bringing suit was not to assert its patent rights, but to interfere improperly with Defendants' business and to protect its own competitive advantage." *Id*. at *9.

Furthermore, Checkpoint's own discovery tactics—in this Case and the Garnishment Action—demonstrate that the Garnishment Action is far from being "completely unrelated."  It was in the first deposition in this Case that Checkpoint's counsel questioned All-Tag's president about the patent case judgment during his April 2019 deposition.   Counsel for Checkpoint either regarded the cases as related, or used the discovery process in this case to obtain information in an unrelated case.

*Second*, the Garnishment Action in this Court is entitled to no immunity if it is based on misrepresentations.  It is black letter law that misrepresentations made to a Court are not provided *Noerr-Pennington* immunity.  "The Eleventh Circuit has held that alleged misrepresentations to the government agency 'acting judicially' in making a decision is [sic] are not entitled to Noerr immunity." *Marco Island Cable v. Comcast Cablevision of the S., Inc*., No. 2:04-cv-26-FtM-29DNF, 2006 U.S. Dist. LEXIS 45116, at *30 n.8 (M.D. Fla. July 3, 2006), *citing St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 955* (11th Cir. 1986); *see also Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513, 92 S. Ct. 609, 613 (1972) ("There are many other forms of illegal and reprehensible practice which may corrupt the administrative or judicial processes and which may result in antitrust violations.  Misrepresentations, condoned in the political arena, are not immunized when used in the adjudicatory process.").   Checkpoint misrepresented to the Court in the Garnishment Action that All-Tag owed the entire cost of the bond, even though another defendant, Sensormatic, had

2

already tendered half the money. Checkpoint did not disclose that tender to the Court, nor did it disclose that it was *collaborating* with Sensormatic, as both were pursuing redundant recoveries against All-Tag. The undisclosed coordination is just another example of Checkpoint's anticompetitive antics—this time, to disrupt All-Tag's commercial relations by freezing funds in its bank accounts.

### III.     ALL-TAG'S DISCOVERY CHALLENGE IS NOT UNTIMELY

Checkpoint's repeated use of Local Rule 26.1 as a shield to avoid discovery has already failed once, and should fail here. *See May 6, 2019 Hearing Transcript,* D.E. 133, at page 38 ("If the parties are still continuing to try to work things out and conferring, to me it makes sense to allow parties to confer and try to work it out and then if you come to a stalemate, then the idea is that a motion should be filed within 30 days so that it's not a last minute thing with the Court."). Checkpoint omits the point that the parties *had* been conferring prior to All-Tag's filing of its motion, and resolved disputes to two Interrogatory answers without needing Court intervention. All-Tag filed its motion just over a week after the parties' meet-and-confer.

### IV.     CHECKPOINT HAS NOT FULLY ANSWERED ALL-TAG'S INTERROGATORIES

Checkpoint has not met its burden to show why it should not be required to fully respond to Interrogatory Nos. 6, 9, 7, and 11. It does not state why the discovery "is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure.'" *Stolfat v. Equifax Info. Servs., LLC*, No. 19-80428-CV, 2019 U.S. Dist. LEXIS. It does not, because it can't. The discovery *is* relevant; Checkpoint simply doesn't want to answer it, and believes All-Tag should have subpoenaed third parties (for information Checkpoint does not deny it has — about its competitors (for Interrogatory Nos. 6, 9, and 11) or about its documents (for Interrogatory No. 7). All-Tag is asking for Checkpoint's knowledge, not a third party's. If Checkpoint does not know the answers, it simply should state as such.

### V.     CONCLUSION

Checkpoint's evasion of simple discovery tasks and attempts to run out the clock should not be tolerated. Discovery is still ongoing, and additional Interrogatories are still pending. The use of the September 18, 2019 discovery cut-off as yet another discovery shield will simply result in further costs to All-Tag and continued need for intervention.

Dated:  September 12, 2019  

Respectfully submitted,

By: /s/ *Christopher Kammerer*
         Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1707 L Street, NW Suite 550
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

4835-4174-8901v.3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of September 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via CM/ECF:

> Charles Howard Lichtman
> Gavin Gaukroger
> BERGER SINGERMAN
> Las Olas Centre II
> 350 E Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, FL 33301
> 954-525-9900
> Fax: 523-2872
> clichtman@bergersingerman.com
> ggaukroger@bergersingerman.com
>
> Robert J. Palmersheim
> Anand C. Mathew
> Julie M. Mallen
> PALMERSHEIM & MATHEW
> 401 N. FRANKLIN STREET, SUITE 4S
> CHICAGO, IL 60654
> 312-319-1791
> acm@thepmlawfirm.com
> rjp@thepmlawfirm.com
> jmm@thepmlawfirm.com
>
> By:  /s/ Christopher Kammerer
>       Christopher Kammerer

4835-4174-8901v.3