# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ALL-TAG CORP.,                                    )
                                                  )
      Plaintiff,                             )
                                                  )   Case No. 17 CV 81261-WPD
      v.                                     )
                                                  )   Judge William P. Dimitrouleas
CHECKPOINT SYSTEMS, INC.,                          )
                                                  )   Magistrate Judge William Matthewman
      Defendant.                             )
_____           )


**CHECKPOINT SYSTEMS, INC.'S MOTION TO STRIKE ALL-TAG CORP.'S AMENDED RULE 26 DISCLOSURES OF PRIOR LAWSUIT DEPONENTS, AND TO EXCLUDE THEIR TESTIMONY, OR IN THE ALTERNATIVE FOR LIMITED DISCOVERY EXTENSION <u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant Checkpoint Systems, Inc. moves for an Order striking Plaintiff All-Tag Corp.'s amended Rule 26 disclosure of George Babich, Per Levin, Carlos Perez, Dan Reynolds, who were deposed in a different lawsuit (but not in this case), and excluding any testimony from these deponents as well Sean Ryan (who was also deposed in a different lawsuit but not disclosed), due to All-Tag's violation of a Court Order requiring "prompt" disclosure by June 20, 2019.  In the alternative, Checkpoint requests a limited discovery extension to pursue depositions of these five individuals.  In support Checkpoint submits the following memorandum of law.

## INTRODUCTION

Checkpoint seeks relief from All-Tag's untimely and unfair disclosure and designation of several depositions from a previous lawsuit, the USS Case.[1]  George Babich, Per Levin, Carlos Perez, Dan Reynolds, and Sean Ryan were deposed as Checkpoint employees in the USS Case in 2012 and 2013.  None are currently Checkpoint employees.  Over Checkpoint's objection, in May 2019 this Court ordered Checkpoint to produce to All-Tag deposition transcripts from the USS Case for these individuals (the "USS Depositions").  (*See* DE 147)  When it required Checkpoint to produce USS Depositions transcripts, the Court simultaneously ordered All-Tag "to ***promptly inform*** Defendant whether it intends to rely upon any of these depositions in support of any motion or introduce any of these depositions as substantive evidence."  (DE 147, emphasis supplied)  At a hearing shortly thereafter, Checkpoint raised the importance of prompt disclosure of All-Tag's intentions regarding the USS Depositions and requested a date certain for All-Tag's disclosure obligation, culminating in a bench ruling as follows:

> MR. MATHEW:  [P]art of your ruling at the last hearing was to order us to produce some deposition transcripts of Checkpoint employees, which we did.  And then, the Court ordered All-Tag to properly inform us [whether] they were going to use that as evidence.  There was no date given.  Could we get some kind of idea of when we might know whether they would use that as evidence?  Because if they are, I think you said we would be allowed to go out and take those depositions.  Obviously, we have to go out and find those people and schedule and those things.
> THE COURT:  That's a fair request.  Mr. McLeod, how long do you think you will need to figure that out?
> MR. MCLEOD:  I think two more weeks, Your Honor, should be plenty of time.
> THE COURT:  That's fair.  So why don't we say – today is the 6th of June.  Why don't we say on or before June 20th?

---

[1] *Universal Surveillance Systems v. Checkpoint Systems, Inc.*, USDC N.D. Ohio Case No. 5:11-CV-01755-JRA.

MR. MCLEOD:  Very good, Your Honor.[2]

June 20, 2019 passed without All-Tag's required disclosure.  What All-Tag did instead was purport  to "reserve [its] right" to use a subset of the USS Depositions (Babich, Levin, and Ryan).  (*See* June 2019 email string attached as Exhibit 2)  Checkpoint immediately responded to All-Tag's noncompliance, objecting to the "reserve[ation of] rights" and requesting that All-Tag "please tell us what portions of the testimony you might rely on so we can determine whether a further deposition in this case is necessary?"  (*See* Exh. 2)

Checkpoint received no response to this request until September 4, 2019, shortly before the close of discovery, when All-Tag served amended Rule 26 disclosure listing Babich, Levin, Perez, and Reynolds (but not Ryan) as individuals with discoverable information All-Tag may use to support its claims or defenses.  (Plaintiff and Counterclaim Defendant All-Tag's Amended Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), attached as Exhibit 3 ("Amended Rule 26 Disclosure"), p. 4, 6-7.  On the same date, All-Tag stated an intent to "designat[e] portions of Babich, Perez and Levin."  (*See* September 2019 email string attached as Exhibit 4)

Again Checkpoint immediately responded, noting that All-Tag still had not complied with the Order or the bench ruling, and objecting to the eleventh-hour designation of the USS Depositions because of the impossibility of now obtaining depositions of these former Checkpoint employees (the exact concern earlier raised by Checkpoint and accepted by the Court).  (*See* Exh. 4).  On September 10, 2019, All-Tag served deposition designations for Babich and Levin (but no others).  (*See* Sept. 10, 2019 email attached as Exhibit 5).

All-Tag's disclosure and designations are egregiously untimely and in clear violation of the Court's rulings.  Accordingly, they should be stricken.

## MEMORANDUM OF LAW

Rule 26 requires every party to disclose the identity of witnesses and the subjects of their pertinent knowledge that the disclosing party may use to support its claims or defenses.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  This disclosure – *i.e.* the identity of witnesses and the subjects of their knowledge – must be supplemented either "in a timely manner" ("if… additional… information has not otherwise been made known to the other parties during the discovery process or in writing")

---

[2] Transcript of Discovery Hearing Before the Honorable William Matthewman, United States Magistrate Judge, June 6, 2019, p. 24-25, attached as Exhibit 1.

or "as ordered by the court." *See* Fed. R. Civ. P. 26(e).  The consequences for a party's failure to provide and supplement Rule 26 disclosures are clear: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  A district court's "decision to late disclosed testimony" is discretionary and reviewed only for an abuse of discretion.  *Knight v. Miami-Dade County*, 856 F.3d 795, 811 (11th Cir. 2017).

Eleventh Circuit courts have applied these aspects of Rules 26 and 37 on their blunt terms. *See, e.g.*, *Faulk v. Volunteers of American, North Alabama, Inc.*, 444 Fed. Appx. 316, 317 (11th Cir. 2011) (party failing to comply with Rule 26(a) or (e) precluded from using undisclosed witness; no abuse of discretion in striking declarations) (citations omitted); *Cooley v. Great Southern Wood Preserving*, 138 Fed. Appx. 149, 161-62 (11th Cir. 2005) ("Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Fed.R.Civ.P. 37(c)(1), from using the undisclosed evidence… unless the failure is harmless;" no abuse of discretion in striking undisclosed witnesses) (citations omitted); *Clingman & Hanger Mgmt Assoc., LLC v. Knobel*, No. 16-62028-Civ-Lenard/Goodman, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2019) ("Violations of Rule 26 disclosures are subject to harsh sanctions…;" striking late-disclosed witnesses from amended disclosure), *adopting report and recomm.*, 2018 WL 2688759, at *1 (S.D. Fla. May 8, 2018); Dugas v. 3M Co., No. 3:14-cv-1096-J-39JBT, 2015 WL 3938777, at *4 (M.D. Fla. Jun. 26, 2015) (striking declaration of known witness because of inadequate subject matter disclosure: "If the Court accepted Plaintiffs' position, it would shift the burden to Defendants to *depose every listed witness and inquire about every possible relevant topic…*, eviscerating Rules 26's requirement [of] disclosing the subject matter of the witness's potential testimony.").  Similarly, the Eleventh Circuit has "often held that a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).  This discretion includes ordering specific disclosure deadlines different from those applicable under Rule 26.  *See Lawson v. Plantation General Hospital, L.P.*, 08-61826-Civ-Rosenbaum, 2010 WL 11504835, at *2 (S.D. Fla. May 3, 2010) (striking witness on basis of court-ordered disclosure deadline, which supplanted Rule 26 deadline).

### A.    All-Tag Failed to Comply with Rule 26 and the Order Without Justification

Despite having the USS Depositions since at least May 2019, and being ordered by the Court first to "promptly" disclose intended use and then to do so no later than June 20, 2019, All-Tag withheld any meaningful disclosure until September 4, 2019.  Only then – two and a half months after the Court deadline and on the eve of the discovery deadline – did All-Tag identify any of the USS Deponents as individuals with information All-Tag may use to support its claims and defenses *and* the subjects of that information.  All-Tag waited almost another week before partially identifying (as to two deponents) the USS Deposition testimony it intends to rely upon.

Rule 26(e) establishes two potential deadlines for supplemental disclosure.  One of these – "as ordered by the court"[3] – indisputably was not met here.  The other – "in a timely manner"[4] – was likewise clearly breached.  Checkpoint repeatedly requested timely disclosure, first at the June 6 hearing and again on June 20 when, instead of providing a proper disclosure by the deadline, All-Tag issued a valueless "reservation of rights."  (*See* Exh. 2)  Given the end of discovery on September 18, All-Tag's disclosures on September 4 and September 10 cannot in any sense be deemed "timely" for purposes of Rule 26(e).  Nor has (or could) All-Tag offer any justification for its dilatoriness.  (*See* Exh. 4)

### B.    The Late Disclosure Should Be Stricken and the USS Depositions Excluded

The prejudice caused by All-Tag's failure to provide a compliant, timely disclosure as to the USS Depositions was succinctly described in Checkpoint's meet-and-confer correspondence:

> The Court ordered you to advise us by June 20 whether you intended to rely on any of the USS depositions in support of any motion or introduce them as substantive evidence.  On June 20, you advised us that you "reserve [y]our right" to use the USS deposition transcripts of Per Levin, Sean Ryan, and George Babich as evidence in the present litigation, including at trial.  On June 21, we told you that was insufficient under the Judge's Order and asked you to identify what portions of the testimony you might rely on so we could determine whether a further deposition in this case is necessary.
> You did not respond to our June 21 email or otherwise identify what portions of the testimony you might rely on.  Nor do you do so now.  Without that information, it is impossible for us to determine whether a further deposition in this case is necessary.  And given

---

[3] Fed. R. Civ. P. 26(e)(1)(B).
[4] Fed. R. Civ. P. 26(e)(1)(A).

> that we are two weeks away from the close of discovery, it would likely be impossible for us to now subpoena and take the depositions of these non-Checkpoint individuals.  Moreover, you never advised us that you intended to use the USS deposition transcripts of Perez, Reynolds, or anyone else.  It is similarly too late to subpoena and take depositions of those individuals.  We object to All-Tag's designation of any of these USS transcripts as untimely and improper under the Court's Orders.…  (*See* Exh. 4)

All-Tag will likely claim that its late disclosure was harmless because the USS Depositions were known to Checkpoint prior to production to All-Tag.  This argument fails, however; as the *Dugas* court persuasively explained: "Plaintiffs' position…would shift the burden to Defendants to *depose every listed witness and inquire about every possible relevant topic*…, eviscerating Rules 26's requirement [of] disclosing the subject matter of the witness's potential testimony." 2015 WL 3938777, at *4.  Having "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e), [All-Tag] is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial…."  Fed. R. Civ. P. 37(c).  Here, Checkpoint produced over 1,400 pages of deposition testimony for these five former Checkpoint employees taken in the USS Case.  It would be impossible for Checkpoint to guess which of this testimony All-Tag might use as substantive evidence in order to determine whether Checkpoint needed to locate these former employees and take their depositions—which is why the Court ordered All-Tag to *promptly* disclose that information to Checkpoint.  Indeed, upon information and belief, at least one of these individuals (Levin) lives in Sweden, making it impossible to take his deposition before the close of discovery.  All-Tag's Amended Rule 26 Disclosure of the USS Depositions should be stricken, and the USS Depositions excluded.  *See id*; *see also Faulk*, 444 Fed. Appx. at 317; *Cooley*, 138 Fed. Appx. at 161-62; *Knobel,* 2018 WL 2694594, at *2; *Lawson*, 2010 WL 11504835, at *2.

### C.    In the Alternative, a Limited Discovery Extension Is Required

Checkpoint would be substantially prejudiced if the Court chooses not to strike All-Tag's Amended Rule 26 Disclosure and exclude the USS Depositions.  Although All-Tag's conduct in this instance appears to merit the requested relief under Rule 37(c), as an alternative and to mitigate the prejudice to Checkpoint the Court could extend discovery for the limited purpose of permitting depositions of the USS deponents Babich, Levin, Perez, Reynolds, and Ryan.

## CONCLUSION

Checkpoint respectfully requests that the Court strike All-Tag's amended Rule 26 disclosure of George Babich, Per Levin, Carlos Perez, and Dan Reynolds, and preclude All-Tag from using the USS Case deposition testimony of these witnesses and Sean Ryan. Alternatively, Checkpoint requests a 30-day extension of discovery to pursue depositions of these witnesses.

## MEET AND CONFER CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: September 17, 2019

/s/ *Kenneth W. Waterway*
One of the attorneys for Checkpoint
Systems, Inc.

Gavin C. Gaukroger
Fla. Bar. No. 76489
Charles H. Lichtman
Fla. Bar No. 501050
Kenneth W. Waterway
Fla. Bar No. 994235
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: (954) 525-9900
Fax: (954) 523-2872
ggaukroger@bergersingerman.com
clichtman@bergersingerman.com
kwaterway@bergersingerman.com
drt@bergersingerman.com

Robert J. Palmersheim (*pro hac vice*)
Anand C. Mathew (*pro hac vice*)
Julie M. Mallen (*pro hac vice*)
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654
Tel: (312) 319-1791
Fax: (312) 878-2890
rjp@thepmlawfirm.com
acm@thepmlawfirm.com
jmm@thepmlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 17, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will generate and serve a Notice of Electronic Filing to the following:

Damon Suden
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: ahorvath@KelleyDrye.com
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
Matthew C. Luzadder
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com
Email: mluzadder@kelleydrye.com

William A. MacLeod
Kelley Drye & Warren LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
Williams Lopatto PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

*/s/ Kenneth W. Waterway*
Kenneth W. Waterway

9319885-6

7