# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17 CV 81261-WPD ) ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) ) Magistrate Judge William Matthewman |
| Defendant. | ) ) ) |

### CHECKPOINT SYSTEMS, INC.'S MOTION TO STRIKE UNTIMELY "SUPPLEMENTAL EXPERT REPORT OF GRAEME HUNTER, PH.D." SERVED SEPTEMBER 18, 2019, AND INCORPORATED MEMORANDUM OF LAW

Defendant Checkpoint Systems, Inc. ("Checkpoint") moves for an Order striking the 22-page "Supplemental Expert Report of Graeme Hunter, Ph.D." served by Plaintiff All-Tag Corp. ("All-Tag") on September 18, 2019 ("Supplemental Report").[1] In serving the Supplemental Report at 8:56 PM on the discovery cut-off date, Plaintiff failed to comply with Federal Rule of Civil Procedure 26 and this Court's Order Granting in Part Plaintiff's Motion to Amend Expert Discovery Deadlines [DE 167] (the "Order"). Moreover, the so-called "Supplemental Report" is not a permissible supplement to Dr. Hunter's prior report[2] but an entirely new expert opinion coupled with an admitted effort to rebut the rebuttal opinions of Checkpoint expert Celeste Saravia. In support of this motion Checkpoint submits the following memorandum of law.

## INTRODUCTION

The Court is familiar with All-Tag's efforts to thwart Rule 26 and violate this Court's Order. Once again, in the final hours of the discovery period in this case, All-Tag served the Supplemental Report to (1) add fundamentally new expert opinions, and (2) offer eleventh-hour rebuttal of the rebuttal expert report of Checkpoint expert Celeste Saravia, which was timely

---

[1] The untimely "Supplemental Expert Report of Graeme Hunter, Ph.D." served September 18, 2019 is attached as **Exhibit A**.

[2] The original "Expert Report of Graeme Hunter, Ph.D." served July 17, 2019 is attached as **Exhibit B**.

disclosed on August 23, 2019 ("Saravia Rebuttal").  As such, the Supplemental Report must be stricken.

***First***, the Supplemental Report includes new, affirmative opinions – including the same new opinion that was subject of Checkpoint's motion to strike Section IV. of Dr. Hunter's actual rebuttal report, which was heard on September 23, 2019 by this Court. [*See, e.g.,* DE 205, 232].

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███  As such, the Court need only consider the untimeliness of the Supplemental Report, the material prejudice to Checkpoint, and lack of substantial justification by All-Tag, to strike this second attempt by Checkpoint to add new affirmative expert opinions into the case *more than two months after* the July 17, 2019 affirmative expert report deadline. [DE 167 at 2].

***Second***, if the Supplemental Report is not stricken on the basis of untimeliness and prejudice, the Court should strike it as an improper rebuttal to Checkpoint expert Celeste Saravia's rebuttal to Dr. Hunter's Initial Report.  Dr. Hunter concedes this in the first sentence:

1. ████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

**Exh. A**, Supplemental Report, at 4, ¶1 (emphasis added).

Indeed, the Court need only look at the table of contents and headings of the Supplemental Report to see the impropriety of this out of sequence and impermissible reply/rebuttal to Dr. Saravia's rebuttal to Dr. Hunter's Initial Report.  For example, in each section of the Supplemental Report, Dr. Hunter overtly either attempts to rebut the Saravia Report or disputes its findings. 

- ███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████



opinions on this evidence is again untimely and offered as rebuttal to the Saravia Report. There can be no question that these reply/rebuttal arguments made in the Supplemental Report are untethered to the Dr. Hunter's Initial Report.

As the Court is aware, nowhere in the Order is either party permitted to issue reply/rebuttal reports to the other side's rebuttal reports. Accordingly, as the Supplemental

Report offers untimely new, affirmative opinions and otherwise serves as an improper reply/rebuttal to the Saravia Report, it must be stricken accordingly.

## MEMORANDUM OF LAW

The Order required the Parties' Rule 26(a)(2) expert disclosures by July 17, 2019 as to affirmative expert reports, and August 23, 2019 as to rebuttal expert reports. As this Court has recognized, "[p]ursuant to Rule 37(c)(1), a district court clearly has authority to exclude an expert report or strike an expert's testimony where a party has failed to comply with Rule 26(a), 'unless the failure is substantially justified or harmless.'" *Potish v. R.J. Reynolds Tobacco Co.*, 15-81171-CV, 2017 WL 5952892, at *2 (S.D. Fla. Nov. 30, 2017) (J. Matthewman) (citation omitted); *see also*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011) (Eleventh Circuit frequently find no abuse of discretion in a district court's decision to hold litigants to the clear terms of its scheduling orders). Indeed, "[i]f a party fails to provide information … required by Rule 26(a) or (3) … exclusion *is automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1140 (S.D. Fla. 2016) (emphasis added, citations omitted). The party failing to properly disclose expert testimony bears the burden of establishing substantial justification or absence of prejudice. *See id*. Further, and especially relevant here, the Court's "broad discretion to exclude untimely disclosed expert witness testimony" is settled "even if [the untimely disclosures] are designated as 'supplemental reports.'" *Id*. at *3 (*citing Companhia Energetica Potiguar v. Caterpillar Inc.*, 14-CV-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016) and *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11 Cir. 2007)). Plainly, "[a] party…cannot abuse Rule 26(e) and use a supplement" for an improper purpose – supplementation "'*is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy*.'" *Potish*, 2017 WL 5952892, at *3 (quoting *Cochran v. The Brinkman Corp.*, 1:08-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), *aff'd* 381 Fed. Appx. 968 (11th Cir. 2010) (emphasis added)); *see also*, *Beauregard v. Continental Tire N.A., Inc.*, 3:08-cv-37-J-32HTS, 2009 WL 1011121, at *2 (M.D. Fla. Apr. 15, 2009) (Rule 26(e) supplementation applies where "[original] disclosure…is incomplete or incorrect" and "not to grant any 'right to produce information in a belated fashion," or to "add to" an earlier disclosure) (citations omitted). "An

4

expert's duty to supplement under Rule 26(e), is not a right to supplemental at will." *United States v. Marder*, 318 F.R.D. 186, 190 (S.D. Fla. 2016) (citation omitted).

Dr. Hunter's Supplemental Report is a stark deviation from what is permissible under the above authorities. His affirmative opinions are neither a completion nor correction of his Initial Report, as contemplated by Rule 26(e). Further, the Supplemental Report is also an impermissible reply/rebuttal to the Savaria Report. The Supplemental Report is a quintessential example of the "Rule 26(e) abuse" that the cases like *Potish* and *Companhia* proscribe.

Whether assessed as an unauthorized *sur*-rebuttal or a grievously late additional affirmative report, the Supplemental Report violates the Order and Rule 26. The Supplemental Report was served in the last hours of the discovery period, indisputably resulting in prejudice to Checkpoint if the Supplemental Report is permitted to stand. All-Tag will not be able to establish that this violation was harmless. *See Woliner v. Sofronsky*, 18-CV-80305, 2019 WL 125704, at **3-4 (S.D. Fla. Jan. 8, 2019) (J. Matthewman) ("Plaintiff's late disclosure of expert would severely prejudice Defendants, and wreak havoc with the Court's dispositive motion deadline and trial date. Therefore, striking Plaintiff's expert is both necessary and appropriate."); *see also, Marder*, 318 F.R.D. at 192 (late disclosing parties unacceptably "paint the Court 'into a corner in which it has to strike the [expert] disclosures or extend the discovery deadline.'") (citation omitted)). Nor could All-Tag justify its late disclosure. *See, e.g.*, *Knight v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017) ("belated realization" that additional expert opinions would be necessary not a justification for late disclosure). The Court clearly has the discretion to strike the Supplemental Report and should do so. *See* Fed. R. Civ. P. 37(c); *see also*, *Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d at 1140 (exclusion automatic and mandatory barring showing of harmlessness or justification.).

## CONCLUSION

The Supplemental Report untimely advances new expert opinion, and is otherwise an unauthorized rebuttal of a rebuttal. Checkpoint respectfully requests that the Court strike the Supplemental Report accordingly.

### MEET AND CONFER CERTIFICATE PURSUANT TO S.D. FLA. L.R. 7.1(A)(3)

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: September 27, 2019

/s/ *Gavin C. Gaukroger*
One of the attorneys for Checkpoint Systems, Inc.

| | |
|---|---|
| Gavin C. Gaukroger<br>Fla. Bar. No. 76489<br>Charles H. Lichtman<br>Fla. Bar No. 501050<br>Kenneth W. Waterway<br>Fla. Bar No. 994235<br>BERGER SINGERMAN LLP<br>350 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, Florida 33301<br>Tel: (954) 525-9900<br>Fax: (954) 523-2872<br>ggaukroger@bergersingerman.com<br>clichtman@bergersingerman.com<br>kwaterway@bergersingerman.com<br>drt@bergersingerman.com | Robert J. Palmersheim (*pro hac vice*)<br>Anand C. Mathew (*pro hac vice*)<br>Julie M. Mallen (*pro hac vice*)<br>PALMERSHEIM & MATHEW LLP<br>401 N. Franklin Street, Suite 4S<br>Chicago, Illinois 60654<br>Tel: (312) 319-1791<br>Fax: (312) 878-2890<br>rjp@thepmlawfirm.com<br>acm@thepmlawfirm.com<br>jmm@thepmlawfirm.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 27, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will generate and serve a Notice of Electronic Filing to the following:

Damon Suden
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: ahorvath@KelleyDrye.com
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
Matthew C. Luzadder
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com
Email: mluzadder@kelleydrye.com

William A. MacLeod
Kelley Drye & Warren LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
Kammerer Mariani PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
Williams Lopatto PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

　　　　　　　　　　　　　　　　　　　　*/s/ Gavin C. Gaukroger*

9336480-3