IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 CV 81261-WPD |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) Magistrate Judge William Matthewman |
| | ) |
| Defendant. | ) |

**ALL-TAG'S EXPEDITED MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED AND NOT DISCLOSED ON A PRIVILEGE LOG**

**I. INTRODUCTION**

Plaintiff All-Tag Corp. ("All-Tag"), pursuant to Fed. R. Civ. P. 37(a), hereby moves this Court for the entry of an Order deeming Defendant Checkpoint Systems, Inc. ("Checkpoint") to have waived its right to assert privileges and compelling Checkpoint to produce the responsive documents it has withheld. Checkpoint has failed to produce a privilege log, and cannot predict when one will appear. Meanwhile, Checkpoint has filed four motions dependent upon factual contentions: three to strike reports or exclude evidence and one for judgment on pleadings. Next it intends to file a Motion for Summary Judgment (and other Dispositive Motions) next Friday (October 11, 2019). It expects All-Tag to respond and the court to rule while Checkpoint holds back a large volume of relevant documents. Even if Checkpoint were to produce a privilege log now, All-Tag has been and will be substantially prejudiced.

Based on the history of this litigation, All-Tag has reason to believe that documents currently being withheld may certainly lead to discoverable evidence. Checkpoint witnesses have failed to recall crucial communications and events, even when they have written the documents and organized the meetings. In fact, Checkpoint's seven witnesses have stated that they "don't recall," "don't remember," or "don't know" the answer to a question ▉▉▉▉▉▉ ▉▉▉▉▉ Many documents produced by Checkpoint ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉. An untold number of unproduced documents, and a log itself, may contain facts or lead to evidence that ▉▉▉▉▉▉▉▉▉▉ All-Tag needs to know what was withheld, (and if this court deems waiver to be inapplicable) be given an opportunity to challenge any improperly designated documents.

1

**II. CHECKPOINT HAS WAIVED THE PRIVILEGE BY FAILING TO PRODUCE A LOG**

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Rule 26(b)(5) expressly requires a party asserting a privilege to "describe the nature of the documents" not disclosed "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Checkpoint, the party asserting privilege, bears the burden to provide a basis for the documents it is withholding. "This burden is met when the party produces a detailed privilege log stating the basis of the claimed privilege for each document in question…" *Carnes v. Crete Carrier Corp.,* 244 F.R.D. 694, 698 (N.D. Ga. 2007).

When a party fails to produce a privilege log, waiver of the applicable privileges is appropriate. "There is abundant district court case law, mostly unreported, holding that a party claiming privilege is obliged to produce a privilege log and its failure to do so means the privilege is waived." *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 592 (N.D. Fla. 2010)(collecting cases); *see also S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 167 (S.D.N.Y. 2014 ("the SEC waived its privilege protections by failing to produce in a timely manner a privilege log that complied with the applicable rules; *Neelon v. Krueger*, 67 F.Supp.3d 467, (D.Mass. 2014) affirmed in part, modified in part, vacated in part at 2015 WL 1037992 (holding that Plaintiff waived any privileges or protections which were asserted in privilege log, with the exception of communications between plaintiff and his counsel in the instant litigation which related to the instant litigation, by failing to produce an adequate privilege log); *Thelen Reid & Priest LLP v. Marland*, No. C 06–2071, 2007 WL 578989, at *9–10 (N.D.Cal.) ("The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege.") (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005)); *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1393 (N.D. Ga. 2017) ("The court may impose as a sanction the waiver of privilege for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests by improperly withholding documents on the basis of privilege, and failing to provide an adequate privilege log in compliance with Rule 26.") That is precisely the issue here.

Checkpoint's failure to produce a privilege log, one week from the deadline for Summary Judgment motions, is unfair and prejudicial to All-Tag's ability to draft, and defend, those motions. It is thus no surprise that other courts in similar circumstances have found privilege to have been waived. *See Neelon v. Krueger*, 67 F. Supp. 3d 467, 472 (D. Mass. 2014), aff'd in part, modified in part, vacated in part, 12-CV-11198-IT, 2015 WL 1037992 (D. Mass. Mar. 10, 2015):

> The Court assumes it has discretion to give the plaintiff an opportunity to furnish an adequate privilege log, but in the present circumstances, that option is not appropriate. First, the privilege log should have been produced when plaintiff responded to defendants' requests for production of documents on December 13, 2013. Instead, the log (# 165–1) was not produced until November 21, 2014. Second, the case has now progressed to the point where discovery is closed with the limited exceptions listed in the trial judge's Order (# 213) of December 16, 2014, and as to those limited exceptions, the discovery must be completed by January 31, 2015. Due to the plaintiffs delay in producing the log, there simply is not time to have a new privilege log prepared and then have the subsequent litigation over the adequacy of that log and the validity of the assertions take place.");

In *Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1409 (S.D. Cal. 1994), the court ruled likewise:
> Finally, like Eureka, the fairness factor weighs heavily toward waiver. The letter should have been identified or included with the documents produced by Cunningham. Stringent time constraints now affect this discovery dispute. The discovery cutoff date in this case was December 22, 1993. If plaintiff properly asserted his privilege by specifically identifying the letter before the discovery cutoff, the prejudice to defendant could have been minimized. This factor tips the balance in favor of a waiver of the attorney-client privilege.")

Checkpoint has waived its privilege. In the alternative, All-Tag must be given sufficient time to be able to review and challenge any potentially questionable entries.

### III. ALL-TAG HAS A GOOD FAITH BELIEF THAT ADDITIONAL EVIDENCE EXISTS THAT HAS NOT BEEN PRODUCED

Fact Discovery ended on September 18, 2019. Rather than produce a privilege lot, Checkpoint has filed a Motion for Judgment on the Pleadings (D.E. 207, September 6, 2019), *three* Motions to Strike Expert Reports (in whole or in part) (D.E. 205, September 5, 2019; D.E. 236 and 237, September 27, 2019), a Motion to Strike R. 26 Disclosures or to Extend Discovery (D.E. 216, September 17, 2019), and a Motion For Additional Pages and to Submit Multiple Summary Judgement Papers (D.E. 215, September 16, 2019). All-Tag has had to respond to the motions already pending, and the Court is being asked to decide them, without the benefit of any information about these documents.

A week after discovery closed (on September 25, 2019), All-Tag asked Checkpoint whether it was relying on privilege to withhold any documents. *See* Exhibit A. Checkpoint did not reply. All-Tag asked again on September 27, 2019. Checkpoint responded that it was "compiling a privilege log and will send it to you." *See* Exhibit B. That day, All-Tag asked when it could expect delivery; Checkpoint answered three days later (last Monday) that it was "aiming for this week." All-Tag requested a meet-and-confer, which occurred on Tuesday, October 1, 2019, and informed Checkpoint that if it could not commit to a production date, All-Tag would be required to ask the present relief from the Court. As a compromise, Checkpoint stated it would inform All-Tag by Wednesday, October 2nd as to when a privilege log may be available. Checkpoint stated that it needed to consult its vendor about when a log could be generated. October 2nd passed and so did Checkpoint's promise. All-Tag still has no promise to produce either a privilege log or the responsive documents. With critical motions pending, and dispositive motions looming on October 11, All-Tag simply can wait no longer.

The unproduced documents could provide valuable evidence that is crucial for summary judgment (and the resulting opposition) motions. Summary Judgment depends on the existence or absence of material facts in the record. Checkpoint's documents tell a story ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Checkpoint's strategy at depositions, however, has been to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In fact, seven Checkpoint fact witnesses have stated that they "don't recall," "don't remember," or "don't know" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The missing documents could refresh recollections or bear on the credibility of those memory lapses. An incomplete record has forced All-Tag to respond to motions to which the evidence may pertain, and will allow Checkpoint to rely on the amnesiac memory of its employees as it contends that All-Tag has no evidence of the various elements of its case.

All-Tag's belief that evidence is yet to be uncovered is far from unfounded. Two examples are demonstrative. First, All-Tag deposed Mr. Keith McUmber, the individual who left All-Tag for Checkpoint and quickly became ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The

objection was baseless, and after a month of requesting a copy with any privileged information redacted, All-Tag received an entirely unredacted copy. The evidence ███████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ is important.

Second, this case revolves around false advertising of a purportedly "independent" and "certified" third-party testing that continues to be prominently displayed on Checkpoint's website. Not until after subpoenaing the testing agency, TUV Rheinland, did All-Tag find out ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████ When a Defendant's strategy, ████████ is to suppress evidence on which All-Tag will rely, and to argue the absence of evidence of liability, All-Tag is entitled to have access to all the information that could lead to relevant evidence. A fair hearing depends on it.

Nor should Checkpoint be allowed to claim that its delay is somehow excused. The delay is deliberate. Checkpoint engaged in months of expensive delay tactics before being ordered to produce documents. Its excuse, as it told this Court, was that it needed time to conduct a "quality control" filter after its vendor culled the documents and to check for privileged materials. *See* D.E. 76 at 19-21 (Transcript of November 11, 2019 Hearing). Checkpoint told this Court that it would produce its potentially privileged documents on a rolling basis and work to produce a privilege log. *See id*. at 42-43. Neither happened.

**IV. MEET AND CONFER CERTIFICATE PURSUANT TO S.D. L.R. 7.1(A)(3)**

I hereby certify that counsel for the Plaintiff/movant has conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the motion, as stated above. Pursuant to Fed. R. Civ. P. 37(a)(5), All-Tag is entitled to its "reasonable expenses incurred in making the motion, including attorney's fees." *Id*.

WHEREFORE, All-Tag respectfully requests that the Court deem Checkpoint's withheld documents as non-privileged. If the Court deems Checkpoint to not have waived privilege, All-Tag requests time to review and challenge a privilege log before Summary Judgment Motions are due.

Dated: October 4, 2019                                          Respectfully submitted,

                                                                By: */s/ Christopher Kammerer*
                                                                        Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1707 L Street, NW Suite 550
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of October 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via CM/ECFw:

>Charles Howard Lichtman
>Gavin Gaukroger
>BERGER SINGERMAN
>Las Olas Centre II
>350 E Las Olas Boulevard
>Suite 1000
>Fort Lauderdale, FL 33301
>954-525-9900
>Fax: 523-2872
>clichtman@bergersingerman.com
>ggaukroger@bergersingerman.com
>
>Robert J. Palmersheim
>Anand C. Mathew
>Julie M. Mallen
>PALMERSHEIM & MATHEW
>401 N. FRANKLIN STREET, SUITE 4S
>CHICAGO, IL 60654
>312-319-1791
>acm@thepmlawfirm.com
>rjp@thepmlawfirm.com
>jmm@thepmlawfirm.com
>
>By:  /s/ Christopher Kammerer
>       Christopher Kammerer