UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17-cv-81261-Dimitrouleas/Matthewman

All-Tag Corp.,

        Plaintiff,

vs.

Checkpoint Systems, Inc.,

        Defendant.
_____/



FILED BY _____ D.C.

OCT 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## **ORDER DENYING DEFENDANT CHECKPOINT'S MOTION TO STRIKE [DE 216]**

THIS CAUSE is before the Court on Defendant Checkpoint's Motion to Strike All-Tag Corp.'s Amended Rule 26 Disclosures of Prior Lawsuit Deponent, and to Exclude Their Testimony, or in the Alternative for Limited Discovery Extension [DE 216] ("Motion to Strike"). This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. [DE 51]. Plaintiff filed a response on October 1, 2019. [DE 244]. Defendant failed to reply to Plaintiff's response.[1] Accordingly, this matter is ripe for review. For the reasons set forth below, the Court DENIES Defendant Checkpoint's Motion to Strike.

### I. Background

The history and current procedural posture of this case is important to the Court's determination of the two pending motions. This case was filed on November 17, 2017, almost two years ago. [DE 1]. On May 4, 2018, the Court entered a scheduling order setting the trial period in this case for January 6, 2020, with a discovery cutoff date of September 6, 2019. [DE 43]. On April 4, 2019, the Court entered an order [DE 104] setting the following expert disclosure deadlines:

    Plaintiff's Expert Report and Disclosures    June 21, 2019
    Defendant's Expert Report and Disclosures    June 22, 2019

---

[1] Pursuant to the Court's Order Setting Discovery Procedure [DE 53], Defendant's reply was due on or before October 4, 2019.

| | |
|---|---|
| Rebuttal Expert Reports | August 5, 2019 |
| Expert Discovery Cutoff | September 11, 2019 |

On May 18, 2018, the Court amended its prior scheduling order, keeping the same trial date and pre-trial schedule, but including a notation to reflect the correct paired magistrate judge. [DE 51]. On June 5, 2019, the Court extended the discovery cut-off from September 11, 2019, to September 18, 2019. [DE 164]. Thereafter, the parties agreed to, and the Court adopted and ordered [DE 167], the following amended expert disclosure deadlines:

| | |
|---|---|
| Affirmative Expert Reports | July 17, 2019 |
| Completion of Depositions of All Experts | August 9, 2019 |
| Rebuttal Expert Reports | August 23, 2019 |
| Completion of Depositions of Rebuttal Experts | September 18, 2019 |
| Fact and Expert Discovery Cutoff | September 18, 2019 |

Thus, it is important to the Court's determination of the parties' two pending motions addressed in this Order that the expert discovery deadlines have passed, discovery is closed, substantive pre-trial motions are due October 11, 2019, *Daubert* motions are due 60 days before the start of the trial's two-week period, and the trial period begins January 6, 2020. [DE 51].

Further, this case has been extremely and unnecessarily litigious, especially in the discovery phase. The parties (and certain non-parties from whom discovery was sought) have filed countless discovery motions, responses, and replies, many under seal. The Court, in an effort to get the parties to cooperate, has required the parties to file numerous joint notices regarding the numerous discovery disputes. To keep this case on track, the undersigned has held lengthy discovery hearings on November 30, 2018 [DE 73], May 6, 2019 [DE 131], May 15, 2019 [DE 144], June 6, 2019 [DE 165], August 23, 2019 [DE 200], and September 23, 2019 [DE 232].

Not counting this Order, the Court has had to enter no less than 12 substantive discovery orders [DEs 75, 104, 122, 132, 134, 143, 147, 164, 166, 167, 168, and 263], and no less than 34 procedural discovery orders [DEs 65, 68, 99, 100, 107, 109, 111, 115, 119, 129, 137, 138, 148, 155, 156, 160, 190, 192, 194, 198, 204, 210, 219, 221, 225, 226, 238, 243, 251, 252, 253, 260, 261, and

263]. Further the parties have filed yet more discovery-related motions—after the discovery cutoff date—that remain pending. [DEs 236/239, 237/240].

With this background in mind, the Court now turns to Defendant's Motion to Strike.

## II. Pending Dispute Underlying Defendant Checkpoint's Motion to Strike [DE 216]

The Court's May 16, 2019 Order [DE 147], required Defendant Checkpoint to produce certain deposition transcripts from a prior lawsuit[2] (the "USS Transcripts") and ordered Plaintiff All-Tag to promptly inform Defendant whether it intends to rely on any of the USS Transcripts in support of any motion or introduce any of the depositions as substantive evidence at trial. Then, at a subsequent June 6, 2019, hearing, the Court, upon Defendant's request, ordered Plaintiff to inform Defendant of its intended use of any of the USS Transcripts by June 20, 2019. [DE 216-1, p. 24-25].

Defendant's Motion to Strike [DE 216] takes issue with Plaintiff's amended Rule 26 disclosures regarding five witnesses: George Babich, Per Levin, Carlos Perez, Dan Reynolds, and Sean Ryan. [DE 216]. Plaintiff's response [DE 244], however, specifically states that it is not seeking to rely on the Perez, Reynolds, or Ryan deposition testimonies as affirmative evidence. [DE 244, p. 2]. Thus, Plaintiff asserts that the only testimonies at issue here are Babich and Levin's. *Id.* The Court will thus address the disclosure pertaining to Babich and Levin.

## III. Analysis

The issue here is whether Plaintiff All-Tag complied with the Court's June 20, 2019, deadline. It is clear from the filings that on June 20, 2019, Plaintiff advised Defendant via e-mail that Plaintiff "would like to reserve our right to use the following depositions from the USS litigation as evidence in the present litigation, including at trial: Per Levin, Sean Ryan, and George Babich." [DE 216-1, p.2]. Defendant responded via e-mail the next day, stating Plaintiff's

---

[2] *Universal Surveillance Corp. v. Checkpoint Sys., Inc.*, No. 11-cv-01755 (N.D. Ohio)

3

disclosure was "not sufficient under the Judge's [June 6, 2019] Order" and requesting Plaintiff tell Defendant "what portions of the testimony you might rely on so we can determine whether a further deposition in this case is necessary?" *Id.*

The Court finds Plaintiff All-Tag's June 20, 2019, e-mail was sufficient disclosure and complied with the letter and spirit of the Court-imposed June 20, 2019, deadline. Instead of simply picking up the phone and conferring with Plaintiff's counsel about Plaintiff's disclosures, Defendant's counsel, placing form over substance, instead objected via e-mail to the disclosure by asserting that Plaintiff's reservation of the right to use the three named USS Transcripts was insufficient. Defendant's counsel then demanded Plaintiff identify the specific portions of the USS Transcripts which it intended to rely on, something the Court did not order Plaintiff to do by June 20, 2019. The Court finds Defendant has had plenty of time after Plaintiff's June 20, 2019, disclosure, and before the September 18, 2019, discovery cutoff date, to depose the individuals Plaintiff disclosed. Instead, however, Defendant sat on its hands, and on its formalistic objection, and failed to depose any of them. This is clearly Defendant's fault.

Moreover, on September 4, 2019, Plaintiff All-Tag served amended Rule 26(a)(1) disclosures which included the individuals at issue and once again stated that it may rely upon the Babich, Levin, and Ryan depositions. [DE 216-4]. The parties then conferred on September 6, 2019, and, trying to avoid Court intervention, Plaintiff agreed to limit its affirmative use of the USS Transcripts to Babich and Levin, both of whom had been disclosed in the June 20, 2019 email [DE 244, p. 3-4]. Defendant still did not attempt to depose either Babich or Levin. There is absolutely nothing prejudicial about the amended disclosures, which followed the timely June 20, 2019, disclosure. Rule 26(e)(1) requires supplementation of disclosures. That was all Plaintiff did here.

Ironically, instead of aggressively litigating this motion to strike, Defendant would have been much better served by conferring with opposing counsel, taking the depositions, and resolving

this dispute in a cooperative manner without Court intervention. This is one of the dangers that parties and their counsel risk when there is a lack of cooperation during the discovery process. It also appears to the Court that Defendant improvidently made a strategy decision to move to strike, rather than depose, the individuals.

Accordingly, the Court DENIES Defendant Checkpoint's Motion to Strike [DE 216] to the extent it seeks to strike Plaintiff All-Tag's Amended Rule 26 Disclosures and to exclude testimony.

The Court will not order any further depositions beyond the deadline cutoff date as Defendant alternatively requests. However, given the representation of Plaintiff's counsel that Defendant has no objection to Defendant deposing Babich and Levin after the discovery cutoff date [DE 244, p.7], the Court advises the parties that counsel may agree among themselves to take these two depositions beyond the discovery deadline, but should not expect the Court to resolve any disputes arising after the Court's established deadline of September 18, 2019. The taking of these depositions, or any efforts to do so, shall not in any way be construed or used as a basis for seeking a delay of the remaining pre-trial deadlines or the trial date in this case.

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant Checkpoint's Motion to Strike All-Tag Corp.'s Amended Rule 26 Disclosures of Prior Lawsuit Deponent, and to Exclude Their Testimony, or in the Alternative for Limited Discovery Extension [DE 216] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of October, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge