UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cv-81261-Dimitrouleas/Matthewman

All-Tag Corp.,

    Plaintiff,

vs.

Checkpoint Systems, Inc.,

    Defendant.
_____/



FILED BY _____ D.C.

OCT 09 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING DEFENDANT CHECKPOINT'S MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF DR. GRAEME HUNTER [DE 236/239] AND MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF PATRICK O'LEARY [DE 237/240]

THIS CAUSE is before the Court on two motions filed by Defendant Checkpoint Systems, Inc. Both relate to the supplemental reports of two of Plaintiff All-Tag Corp.'s expert witnesses, Dr. Graeme Hunter and Patrick O'Leary. The first [DE 236/239] seeks to strike Dr. Hunter's supplemental report (the "Hunter Motion to Strike"), and the second [DE 237/240] seeks to strike Mr. O'Leary's supplemental report (the "O'Leary Motion to Strike"). These matters were referred to the undersigned by United States District Judge William P. Dimitrouleas. [DE 51]. Plaintiff responded to Defendant's motions on October 1 and 2, 2019. [DE 245/254, 246/256]. Defendant replied to Plaintiff's responses on October 7, 2019. [DE 268/272, 269/273]. Thus, this matter is ripe for review. For the reasons set forth below, the Court GRANTS both motions to strike.

### I. Background

The history and current procedural posture of this case is important to the Court's determination of the two pending motions. This case was filed on November 17, 2017, almost two years ago. [DE 1]. On May 4, 2018, the Court entered a scheduling order setting the trial period in this case for January 6, 2020, with a discovery cutoff date of September 6, 2019. [DE 43]. On April 4, 2019, the Court entered an order [DE 104] setting the following expert disclosure deadlines:

| | |
|---|---|
| Plaintiff's Expert Report and Disclosures | June 21, 2019 |
| Defendant's Expert Report and Disclosures | June 22, 2019 |
| Rebuttal Expert Reports | August 5, 2019 |
| Expert Discovery Cutoff | September 11, 2019 |

On May 18, 2018, the Court amended its prior scheduling order, keeping the same trial date and pre-trial schedule, but including a notation to reflect the correct paired magistrate judge. [DE 51]. On June 5, 2019, the Court extended the discovery cut-off from September 11, 2019, to September 18, 2019. [DE 164]. Thereafter, the parties agreed to, and the Court adopted and ordered [DE 167], the following amended expert disclosure deadlines:

| | |
|---|---|
| Affirmative Expert Reports | July 17, 2019 |
| Completion of Depositions of All Experts | August 9, 2019 |
| Rebuttal Expert Reports | August 23, 2019 |
| Completion of Depositions of Rebuttal Experts | September 18, 2019 |
| Fact and Expert Discovery Cutoff | September 18, 2019 |

Thus, it is important to the Court's determination of the parties' two pending motions addressed in this Order that the expert discovery deadlines have passed, discovery is closed, substantive pre-trial motions are due October 11, 2019, *Daubert* motions are due 60 days before the start of the trial's two-week period, and the trial period begins January 6, 2020. [DE 51].

Further, this case has been extremely and unnecessarily litigious, especially in the discovery phase. The parties (and certain non-parties from whom discovery was sought) have filed countless discovery motions, responses, and replies, many under seal. The Court, in an effort to get the parties to cooperate, has required the parties to file numerous joint notices regarding the numerous discovery disputes. To keep this case on track, the undersigned has held lengthy discovery hearings on November 30, 2018 [DE 73], May 6, 2019 [DE 131], May 15, 2019 [DE 144], June 6, 2019 [DE 165], August 23, 2019 [DE 200], and September 23, 2019 [DE 232].

Not counting this Order, the Court has had to enter no less than 13 substantive discovery orders [DEs 75, 104, 122, 132, 134, 143, 147, 164, 166, 167, 168, 263, and 265], and no less than 34 procedural discovery orders [DEs 65, 68, 99, 100, 107, 109, 111, 115, 119, 129, 137, 138, 148,

2

155, 156, 160, 190, 192, 194, 198, 204, 210, 219, 221, 225, 226, 238, 243, 251, 252, 253, 260, 261, and 264].

These are the parties' third and fourth motions to strike. *See* DEs 216, 205-1/223, 237/239, and 236/240. On October 7, 2019, the Court granted in part and denied in part a motion to strike by Defendant Checkpoint concerning Dr. Hunter's rebuttal report, finding that Section IV of his rebuttal report contained affirmative opinions produced well past the affirmative expert report deadline, and denied a second motion to strike Plaintiff All-Tag's amended Rule 26 disclosures. [DEs 263 and 265]. Despite this prior Court order regarding Dr. Hunter's testimony, the Court finds itself having to yet again wade into a discovery dispute about one of Dr. Hunter's expert reports, except this time accompanied by a dispute concerning Mr. O'Leary's supplemental expert report.

With this background in mind, the Court now turns to the two pending motions to strike.

## II. Disputes Underlying Each Motion to Strike

Regarding Dr. Hunter's supplemental report, Defendant argues the Court should strike it as it (1) contains new, affirmative opinions and (2) improperly rebuts the rebuttal report of one of Defendant's expert witnesses, Dr. Celeste Saravia. In response, Plaintiff contends (1) Dr. Hunter was permitted to supplement his initial report based on new information obtained through discovery after his initial report was served on July 17, 2019 and (2), relying on Fed. R. Civ. P. 26(e)(2), that his September 18, 2019, supplemental report was timely because it was actually not even due until 30 days before trial (which would be December 6, 2019), rather than by the July 17, 2019, affirmative expert report deadline or the August 23, 2019, rebuttal report deadline.

Turning to Mr. O'Leary's supplemental report, Defendant Checkpoint argues it "is untethered in any way to" his initial expert report, "and is thus a prejudicially late new affirmative opinion[.]" [DE 237, p. 3]. Plaintiff All-Tag repeats much of the same arguments it makes in response to the Hunter Motion to Strike. Mr. O'Leary's supplemental report is not improper,

3

Plaintiff argues, because it "cites material and information that was only available to Mr. O'Leary *after* his initial report was filed" on July 17, 2019. [DE 245, p. 4] (emphasis in original).

### III. Analysis

#### a. Hunter Motion to Strike [DE 236/239]

Dr. Hunter's purported supplemental report is a clear violation of the Court's June 7, 2019, Order [DE 167] amending the expert discovery deadline in this case. That Order, which merely approved and made official the parties' own agreement, required the parties to serve each other with their initial affirmative expert reports by July 17, 2019, and their rebuttal reports by August 23, 2019. *Id.* at p. 2. The parties were then permitted to depose each other's rebuttal experts by the close of the discovery on September 18, 2019. *Id.* Simple enough.

But not for Plaintiff. Instead, Plaintiff first attempted to improperly sneak an affirmative expert opinion into Dr. Hunter's rebuttal report. *See* DE 263. The Court ordered that affirmative opinion stricken on October 7, 2019. *Id.* That should have been the end of the matter. Now, Plaintiff, in violation of the Court's June 7, 2019, Order [DE 167], inserts the exact same affirmative opinion the Court ordered stricken in its prior Order [DE 263] into a new "supplemental" report filed well after either the July 17, 2019, affirmative expert report deadline or the August 23, 2019, rebuttal expert report deadline.

Under Fed. R. Civ. P. 26(e), parties must supplement an expert's report "in a timely manner if the party learns that in some material aspect the disclosure of response is incomplete or incorrect" and the additional or corrective information must "not otherwise been made known to the other parties during the discovery process or in writing[.]" This does not mean, however, that parties can belatedly add new opinions or untimely rebuttal opinions under the guise of supplemental reports.

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule

4

26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted). Fed. R. Civ. P. 37(c)(1) instructs that where "a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless." *See, e.g., Potish v. R.J. Reynolds Tobacco Co.*, 9:15-cv-81171, 2017 WL 5952892, at *2-4 (S.D. Fla. Nov. 30, 2017); *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 09-cv-60351, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010). The burden of showing that a failure to disclose or comply was substantially justified or harmless is on the non-disclosing party. *Mitchell v. Ford Motor Co.*, 318 Fed.Appx. 821, 824 (11th Cir. 2009). Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of evidence. *Companhia Energetic Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016).

Courts have broad discretion to exclude untimely-disclosed expert reports, even ones designated as "supplemental" reports. *Id.*; *see also, e.g., Cook v. Royal Caribbean Cruises*, No. 11-cv-20732, 2012 WL 2319089 (S.D. Fla. June 15, 2012); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 7-cv-0947, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009). Parties thus cannot abuse Rule 26(e) and use a supplemental report to "merely bolster a defective or problematic expert witness report." *Caterpillar Inc.*, 2016 WL 3102225, at *6. Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. The Brinkmann Corp.*, No. 8-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), *aff'd by*, 381 Fed. Appx. 968 (11th Cir. 2020). The only purpose of Rule 26(e) supplementation is "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Potish*, 2017 WL 5952892, at *3.

The Court's decision in *Potish* is instructive here. There, the Court ordered the parties to file their expert disclosures by September 26, 2017. *Id.* Nevertheless, the plaintiff waited until November 13, 2017, to file the supplemental report of one of its witnesses. *Id.* That supplemental report "significantly changed from a generic opinion regarding the tobacco industry to one which applied directly to the decedent" plaintiff was representing. *Id.* at 4. Thus, the Court found that the expert's additions in his supplemental report "were not to correct any existing information, but rather to bolster the existing opinion and include impermissible opinions after the expert disclosures deadline." *Id.*

The Court has very carefully reviewed both Dr. Hunter's initial affirmative report and his purported "supplemental" report and concludes that Dr. Hunter's "supplemental" report is a direct and untimely rebuttal to the rebuttal report of Defendant Checkpoint's expert witness Dr. Saravia, not a mere supplementation of his prior report.[1] Like the "supplemental" report struck in *Potish*, Dr. Hunter's "supplemental" report was "not to correct any existing information, but rather to bolster the existing opinion and include impermissible opinions after the expert disclosures deadline." *Id.*

Having concluded Dr. Hunter's "supplemental" report was untimely, the Court must consider what remedy to impose. Plaintiff All-Tag argues it was substantially justified in thinking it could supplement its expert reports at such a late date because Fed. R. Civ. P. 26(e)(2) provides that a party's supplements "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Thus, under Rule 26(a)(3), which instructs that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial," Plaintiff contends it could

---

[1] Both Dr. Hunter's initial affirmative report and his "supplemental" report were filed under seal in support of Defendant's motion. *See* DE 239-2, 239-3. In light of their sealed status, the Court will not go into detail about the differences between Dr. Hunter's affirmative report and his "supplemental" report. Nonetheless, even a cursory review of the reports makes it abundantly clear that Dr. Hunter's "supplemental" report contains numerous untimely rebuttal opinions directly attacking Dr. Saravia's rebuttal report.

supplement its expert reports until 30 days before trial in this matter. Plaintiff's position is misguided and wrong.

Plaintiff and Defendant specifically agreed to, and the Court ordered and adopted [DE 167], specific expert discovery deadlines. The parties did not propose or agree to, and the Court's Order never permitted, a "sur-rebuttal" date. The last date for producing a rebuttal expert report was August 9, 2019 [DE 167], and yet both of Plaintiff's experts' supplemental reports were produced on the evening of September 18, 2019, the very last day of discovery. Plaintiff's attempt to rewrite the history of this case, disregard its agreed-to and Court-imposed expert disclosure deadlines, and then argue Dr. Hunter's "supplemental" report was not due until 30 days before the January 6, 2020, trial date (that is, December 6, 2019) is flatly rejected.[2] Nor is Plaintiff's error harmless. Discovery in this case has closed. If this Court were to permit Plaintiff to rely upon its untimely supplemental expert report, then it would have to let Defendant engage in further work and discovery to allow its expert to respond, thereby stalling and delaying this case. This case has been pending for almost two years. It is time for the discovery and expert disclosure stage of this case to be closed so the Court can focus on substantive motions and trial.

This is the second time Plaintiff All-Tag has tried to sneak in Dr. Hunter's affirmative expert opinion by labeling it something it is not. The result is the same. Dr. Hunter's "supplemental" report served on September 18, 2019, is hereby stricken. Plaintiff may not rely upon or otherwise use, either directly or indirectly, the Supplemental Expert Report of Graeme Hunter, Ph.D. at any point in this case, including in dispositive motions, responses, or at trial.

---

[2] Plaintiff's argument that it could produce its supplemental expert report 30 days before trial runs counter to the Court's Amended Scheduling Order [DE 51], which requires all *Daubert* motions to be filed 60 days before calendar call, that is, on or before November 3, 2019. Plaintiff's misguided argument would mean that the parties could file supplemental expert reports *after* the deadline for filing *Daubert* motions. This argument defies logic and common sense and is rejected.

### b. O'Leary Motion to Strike [DE 237/240]

The facts underlying the O'Leary Motion to Strike [DE 237/240] are largely the same and, thus, so is the result. Mr. O'Leary's "supplemental" report contains untimely and improper affirmative opinions in violation of the Court's prior Order [DE 167] and will be stricken.

As stated above, Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran*, 2009 WL 4823858, at *5. The only purpose of Rule 26(e) supplementation is "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Potish*, 2017 WL 5952892, at *3. Mr. O'Leary's supplemental report went far beyond that "narrow purpose."

The Court has very carefully reviewed both of Mr. O'Leary's expert reports. The Court need not go into detail regarding the differences between Mr. O'Leary's initial affirmative expert report and his new so-called "supplemental" report. A simple comparison of the two reports is enough.[3] Mr. O'Leary's initial affirmative expert report was served on July 17, 2019 and generally opined on Defendant Checkpoint's alleged false advertising and marketing. His "supplemental" report, by contrast, was served on September 18, 2019, and offers a host of either new, affirmative opinions or opinions meant to rebut those of Dr. Saravia.

With respect to Mr. O'Leary's "supplemental" report, Plaintiff All-Tag repeats much of the same substantial justification and harmlessness arguments that it made regarding Dr. Hunter's similarly untimely and improper "supplemental" report. Plaintiff and Defendant specifically agreed to, and the Court ordered and adopted [DE 167], specific expert discovery deadlines. If Plaintiff needed more time to produce its expert opinions, it should have sought relief from those deadlines

---

[3] Both Mr. O'Leary's initial affirmative report and his "supplemental" report were filed under seal in support of Defendant's motion. *See* DE 239-2, 239-3. In light of their sealed status, the Court will not go into detail about the differences between Mr. O'Leary's affirmative report and his "supplemental" report.

(deadlines it agreed to) from the Court. It did not. Instead, Plaintiff tried to squeeze in new affirmative and rebuttal opinions masked as "supplemental" reports in direct violation of its agreement with Defendant and this Court's prior Order [DE 167].

Mr. O'Leary's "supplemental report" served on September 18, 2019, is hereby stricken. Plaintiff may not rely upon or otherwise use, either directly or indirectly, the Supplemental Expert Report of Patrick O'Leary at any point in this case, including in dispositive motions, responses, or at trial.

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Checkpoint's Motion to Strike Untimely "Supplemental Expert Report of Graeme Hunter, Ph.D." Served September 18, 2019 [DE 236/239] is **GRANTED**, as follows:

    The Supplemental Expert Report of Graeme Hunter, Ph.D. is stricken. Plaintiff may not rely upon or otherwise use, either directly or indirectly, the Supplemental Expert Report of Graeme Hunter, Ph.D. at any point in this case, including in dispositive motions, responses, or at trial.

2. Defendant Checkpoint's Motion to Strike Untimely "Supplemental Expert Report of Patrick O'Leary" Served September 18, 2019 [DE 237/240] is **GRANTED**, as follows:

    The Supplemental Report of Patrick O'Leary is stricken. Plaintiff may not rely upon or otherwise use, either directly or indirectly, the Supplemental Expert Report of Patrick O'Leary at any point in this case, including in dispositive motions, responses, or at trial.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of October, 2019.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge