# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 CV 81261-WPD |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) Magistrate Judge William Matthewman |
| | ) |
| Defendant. | ) |

**ALL-TAG'S REPLY TO IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED AND NOT DISCLOSED ON A PRIVILEGE LOG**

**I.   RESPONSE TO THE COURT'S QUESTIONS REGARDING WHY PLAINTIFF FILED THE MOTION TO COMPEL AT ISSUE AFTER THE CLOSE OF DISCOVERY.**

At the close of discovery, when All-Tag produced its privilege log, All-Tag was expecting Checkpoint to do the same. Checkpoint, however, did not produce its privilege log at that time. After All-Tag finished responding to various Checkpoint discovery motions that were pending at the time[1], All-Tag emailed Checkpoint to inquire about its privilege log. *See* Exhibit A to All-Tag's Motion to Compel. Checkpoint ignored that email. All-Tag asked again on September 27, 2019. Checkpoint responded that it was "compiling a privilege log and will send it to you." *See* Exhibit B to All-Tag's Motion to Compel. That day, All-Tag asked when it could expect delivery; it took Checkpoint three days to respond saying that it was "aiming for this week." In the meet-and-confer requested by All-Tag, held on October 1, 2019, Checkpoint offered aspirations and rolling responses, but refused to commit to a date certain for a production. All-Tag informed Checkpoint that without a commitment to a date, All-Tag would move to compel. Checkpoint agreed to inform All-Tag the next day (October 2nd) when it could produce at least a partial log. It failed to do so. All-Tag drafted and filed this motion swiftly thereafter. In short, All-Tag's efforts to resolve this issue without court intervention should not

---

[1] In that time, All-Tag was drafting responses to (at least) Checkpoint's Motion for Judgment on the Pleadings, Motion for Excess Pages, Motion to Strike R.26 Disclosures and Exclude Testimony, Motion to Strike Hunter Report, and preparing for the September 23rd Discovery Hearing. Since September 25th, two more Motions to Strike have been filed.

1

be used against it. All-Tag brought this motion on October 4th after waiting five business days to see whether Checkpoint would produce a log in response to All-Tag's, and then spending the remainder of the time corresponding with Checkpoint over when (or if) it would produce one.

**II.    CHECKPOINT'S PRIVILEGE LOG IS INCOMPLETE AND INCLUDES NON-PRIVILEGED DOCUMENTS WHICH SHOULD BE PRODUCED.**

Contrary to Checkpoint's characterization, this motion is not an effort to re-open discovery. It is a motion to close it properly. Checkpoint produced a log in response to All-Tag's Motion, but it is incomplete, with hundreds of documents to third parties, and significant gaps (*see* Exhibit 1, listing third party individuals from the privilege log, and the entries corresponding with those individuals). The purpose of a privilege log is to make sure that Checkpoint has not improperly withheld documents. *See Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292 n.10 (S.D. Fla. 2012) ("It appears that throughout these proceedings both parties have fundamentally misunderstood the purpose of a privilege log. A privilege log should identify the documents or other communications for which a privilege is invoked, and provide sufficient detail to allow an opposing party and the court to determine whether the document is at least potentially protected by privilege."). Only now is All-Tag and the Court able to make the determination that Checkpoint's log served its intended purpose. There appear to be hundreds of documents that remain more. Neither party disputes that Checkpoint had an obligation to produce a privilege log, and to produce the documents that do not belong on the log. It did not produce a complete log, and now All-Tag needs this Court's relief to obtain the documents.

All-Tag's request is simple – for Checkpoint to produce responsive documents in its possession that it has improperly withheld. The privilege log it produced reveals hundreds of such documents – including over 200 communications with third parties, and long gaps with no entries at all – including six months during a critical year in the case, and uncovered the existence of documents that Checkpoint *repeatedly* either refused to provide during discovery or claimed didn't exist.[2] All-Tag will be prejudiced responding to summary judgment motions (which depend on the presence or absence of facts in the record) while Checkpoint is sitting on evidence that may be relevant to material issues.

---

[2] These include key aspects of an antitrust case— contracts with major retailers not found in Checkpoint's production, and information about the potential acquisition of companies, which Checkpoint refused to answer in an interrogatory.

### III. CONCLUSION

All-Tag respectfully requests that the Court deem the documents identified in Exhibit 1 as non-privileged, and order Checkpoint to produce those documents, as well as all documents withheld as privileged that are not reflected on the log, including documents withheld during the gaps in the log.

Dated:  October 9, 2019

Respectfully submitted,

By:  /s/ Christopher Kammerer
     Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1707 L Street, NW Suite 550
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via CM/ECF:

Charles Howard Lichtman
Gavin Gaukroger
BERGER SINGERMAN
Las Olas Centre II
350 E Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
954-525-9900
Fax: 523-2872
clichtman@bergersingerman.com
ggaukroger@bergersingerman.com

Robert J. Palmersheim
Anand C. Mathew
Julie M. Mallen
PALMERSHEIM & MATHEW
401 N. FRANKLIN STREET, SUITE 4S
CHICAGO, IL 60654
312-319-1791
acm@thepmlawfirm.com
rjp@thepmlawfirm.com
jmm@thepmlawfirm.com

By: /s/ *Christopher Kammerer*
    Christopher Kammerer