UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-cv-81261-Dimitrouleas/Matthewman

All-Tag Corp.,

        Plaintiff,

vs.

Checkpoint Systems, Inc.,

        Defendant.
_____/



## ORDER DENYING PLAINTIFF'S EXPEDITED MOTION TO COMPEL [DE 259]

THIS CAUSE is before the Court on Plaintiff All-Tag Corp.'s Expedited Motion to Compel Documents Withheld as Privileged and Not Disclosed on a Privilege Log [DE 259]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. [DE 51]. The motion was filed on October 4, 2019, and the Court expedited briefing of the motion. [DE 261]. The motion is now fully briefed. *See* DEs 259, 274, 276, 277, 280. Thus, the motion is ripe for review. For the reasons set forth below, the Court DENIES the motion [DE 259].

### I. Background

As stated in recent Orders, *see* DEs 263, 265, 276, the Court is extremely frustrated and disappointed by the parties' discovery conduct throughout this case. Even though the discovery cutoff date was September 18, 2019, and even though substantive motions are due tomorrow, October 11, 2019, this Court has had to put aside other cases and matters in an effort to resolve the numerous and repeated discovery-related disputes which have arisen throughout this litigation. Even within the past several weeks—after the September 18, 2019, discovery cutoff date—this Court has had to issue a plethora of substantive and procedural discovery-related orders based on last-minute motions filed by the parties. This is not how the discovery process is supposed to work.

Substantive motions are due tomorrow, October 11, 2019, and yet, despite the extensive and time-consuming judicial labor the Court has already devoted to this case, there still remains one pending discovery-related motion, that is, Plaintiff All-Tag's Expedited Motion to Compel Documents Withheld as Privileged and Not Disclosed on a Privilege Log [DE 259], filed October 4, 2019. In light of the procedural status of this case, the Court expedited briefing on this motion [DE 261], and the Court has now had an opportunity to carefully review Defendant's Response [DE 274] filed October 8, 2019, Plaintiff's Reply [DE 277] filed October 9, 2019, and Plaintiff's sealed Exhibit A [DE 280] to its reply, filed October 10, 2019.

With that being said, the Court is now prepared to issue an expedited ruling on Plaintiff's pending expedited motion.

## II. Discussion and Analysis

The dispute underlying Plaintiff's motion to compel [DE 203] is straightforward. Under Fed. R. Civ. P. 26(b)(5) and S.D. Fla. L. R. 26.1(e)(2)(D), litigants must, unless either they agree or the Court orders otherwise, serve each other with a privilege log listing documents responsive to the opposing party's discovery requests that were withheld from production on the basis of privilege "no later than fourteen (14) days following service of: (i) any interrogatory response or document production from which some information or documents are withheld . . .; or (ii) the response to the request for production if all responsive documents are being withheld[.]" Neither party did that here. Neither party timely complied with the rules and law applicable to privilege logs.

According to Defendant Checkpoint, Plaintiff All-Tag served its privilege log on Defendant at 10:25 p.m. on September 18, 2019, the very last day of discovery. [DE 274, p. 3]. Defendant, for its part, did not serve its privilege log on Plaintiff until October 4, 2019—16 days after the close of discovery and several hours after Plaintiff filed its motion to compel. [DE 274, p. 1].

2

Now, Plaintiff, despite having served its own privilege log late at night on the close of discovery, seeks an Order finding Defendant has waived its right to assert privilege by filing a late privilege log and compelling Defendant to produce all documents withheld on privilege grounds. Defendant, of course, opposes Plaintiff's motion, arguing that the motion is essentially moot now that it has served its privilege log and, further, that Plaintiff's own dilatory conduct in producing its privilege log at the very last moment offsets any potential prejudice to Plaintiff from Defendant's untimely served privilege log.

Plaintiff argues in its motion (which was filed a short time before Defendant produced its privilege log) that Defendant's "failure to produce a privilege log, one week from the deadline for Summary Judgment motions, is unfair and prejudicial to [Plaintiff's] ability to draft [responses to], and defend" against Defendant's anticipated motion for summary judgment and pending motion for judgment on the pleadings [DE 207]. Plaintiff also accuses Defendant of trying to "suppress evidence" by failing to timely produce documents and engaging in "deliberate" delay through "months of expensive delay tactics[.]" [DE 259, p. 5].

At this late date in this case, the Court is unpersuaded by Plaintiff's arguments. The simple truth is that neither party to this case complied with S.D. Fla. L. R. 26.1(e)(2)(D) or Fed. R. Civ. P. 26(b)(5). Both parties served their respective privilege logs on each other well after 14 days from the date they each withheld production. The Court believes both parties did this in an effort to obtain some sort of strategic advantage. Plaintiff may, in fact, as it claims, be prejudiced by Defendant's untimely privilege log as discovery has closed in this case and Plaintiff no longer has time to challenge Defendant's assertions of privilege. But this claimed prejudice applies equally to Plaintiff's untimely disclosure of its privilege log and Defendant's concomitant inability to challenge Plaintiff's assertions of privilege as to withheld documents. The parties have only themselves to blame for whatever prejudice they may suffer as a result of their conduct.

Because both sides, in an apparent effort at gamesmanship, waited until the very last minute to file privilege logs, they have put the Court in an untenable position. That is because the Court simply cannot possibly order an *in camera* review of the numerous documents listed on Defendant's lengthy privilege log, carefully review those documents, determine whether Defendant's claims of privilege are proper, and enter an appropriate Order by tomorrow, October 11, 2019, the deadline for filing substantive motions.

The parties' course of conduct in this litigation was to mutually not produce privilege logs until the very end of discovery and then belatedly raise the issue with the Court.[1] Had the parties insisted upon the timely filing of privilege logs months ago—and raised any alleged deficiencies in them months ago by proper and timely motion—the Court could have heard from the parties and conducted an *in camera* review in a proper and orderly manner. The Court has done that in many cases. But, because of both parties' dilatory conduct, such a careful *in camera* review process is now impossible.

This leaves the Court with two options: (1) deem both parties' privilege logs untimely and order them both to produce all documents they have withheld as privileged or (2) take no further action as to either party's privilege log at this late date due to the parties' mutual dilatory and uncooperative conduct.

Between them, the parties to this case have violated their own agreements, this Court's orders, and, now, this District's Local Rules and the Federal Rules of Civil Procedure. *See* DE 275 (finding Plaintiff violated the Court's June 7, 2019, Order [DE 167]); 263 (same); 259, p. 3 (describing how both Plaintiff and Defendant violated S.D. Fla. L..R. 26.1(e)(2)(D)). The Court will not now, at the eleventh hour, permit this case to be delayed further by a lengthy, time consuming *ex parte* privilege log and document review process.

---

[1] Plaintiff raises the issue of Defendant's noncompliance in its pending motion [DE 259] and Defendant raised the issue of Plaintiff's noncompliance in its Response [DE 274].

Both parties clearly violated S.D. Fla. L. R. 26.1(e)(2)(D) and Fed. R. Civ. P. 26(b)(5). Imposing Plaintiff's requested remedy would unfairly absolve it of its own untimely disclosure of its privilege log and disproportionately harm Defendant. *See St. Louis Condominium Assoc., Inc. v. Rockhill Ins. Co.*, No. 18-cv-21365, 2019 WL 2013023, at *3 (S.D. Fla. Mar. 11, 2019) (denying motion for sanctions where "both parties are at fault for the discovery issues in this case and neither has complied with the Federal or Local Rules").

Further, the Court is troubled by the lack of cooperation exhibited by counsel in this case. "Discovery is designed as a cooperative, self-executing mechanism, not a death-by-a-thousand-paper-cuts exercise." *Leaks v. Target Corp.*, No. cv-414-106, 2015 WL 4092450, at *5, n.5 (S.D. Ga. July 6, 2015). Counsel should be lauded for zealously and ably representing their clients. But their conduct in this case has taken on a contentiousness that is wholly unnecessary and has consumed a significant amount of the Court's resources. This contentiousness "detract[s] from other issues in the case which require the parties' and the court's attention. Not only that, but neither party comes out smelling like a rose." *Browning-Ferris Indus. of Ill., Inc. v. Ter Maat*, 13 F.Supp.2d 756, 778 (N.D. Ill. July 29, 1998), *rev'd in part on other grounds by*, 195 F.3d 953 (7th Cir. 1999).

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Plaintiff All-Tag's Expedited Motion to Compel Documents Withheld as Privileged and Not Disclosed on a Privilege Log [DE 259] is **DENIED**.

The parties are once again reminded that substantive motions are due tomorrow, October 11, 2019, and that trial is scheduled for the two-week period beginning January 6, 2020. Discovery is closed.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of October, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge