**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17 cv 81261 |
| v. | ) |
| | ) Judge William P. Dimitrouleas |
| CHECKPOINT SYSTEMS, INC., | ) |
| | ) Magistrate Judge William Matthewman |
| Defendant. | ) |
| | ) |

**CHECKPOINT SYSTEMS, INC.'S STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**ON COUNTS I AND II OF ITS COUNTERCLAIM**

Defendant Checkpoint Systems, Inc. ("Checkpoint"), submits the following statement of facts in connection with its Motion for Summary Judgment on Counts I and II of its Counterclaim and in support, states as follows:

**I. FIRST AND SECOND LITIGATIONS BETWEEN CHECKPOINT AND ALL-TAG**

1. On July 31, 2014, All-Tag sued Checkpoint in the U.S. District Court for the Southern District of Florida in a case captioned as *All-Tag Security Americas, Inc. v. Checkpoint Systems, Inc.*, Case No. 9:14-cv-81004-DMM (the "First Litigation"). All-Tag's claims included allegations that one of Checkpoint's EAS security labels had infringed one of All-Tag's patents. (Ex. 1, First Litigation Complaint, DE 1.) For procedural reasons, All-Tag filed a second suit in the U.S. District Court for the Southern District of Florida on October 10, 2014, captioned as *All-Tag Security Americas, Inc. v. Checkpoint Systems, Inc.*, Case No. 9:14-cv-81259-JIC (the "Second Litigation"). (Ex. 2, Second Litigation Complaint, DE 1.) The First and Second Litigations involved the same subject matter and were subsequently consolidated on November 6, 2014, into the First Litigation before Judge Middlebrooks. (Ex. 3, Second Litigation Order, DE 8.)

2. On November 17, 2014, Checkpoint answered All-Tag's allegations and counterclaimed, alleging claims for trademark infringement, false designation of origin and unfair competition under federal law, unfair competition under state law, violation of the Florida Deceptive and Unfair Trade Practices Act, and common law palming off. (Ex. 4, First Litigation, Checkpoint's Answer and Counterclaims, DE 39.)

3. Thereafter, the parties agreed to settle the consolidated actions then pending before Judge Middlebrooks and entered into a written Settlement Agreement and Releases ("Settlement Agreement") on December 22, 2014. (Ex. 5, Settlement Agreement.) Through the Settlement Agreement, [redacted] (*Id.* § 3.1.) The Settlement Agreement [redacted]



[redacted] (*Id.* § 1.2.) And in the Settlement Agreement, [redacted] (*Id.* § 5.1.)

4. With the Settlement Agreement finalized, on January 7, 2015, All-Tag and Checkpoint filed a Joint Stipulated Motion for Dismissal with Prejudice in the First Litigation. (Ex. 6, First Litigation Stipulation of Dismissal, DE 47.) On January 12, 2015, that case was closed. (Ex. 7, First Litigation Order Closing Case, DE 48.)

5. All-Tag brought the instant suit in this Court on November 17, 2017, raising antitrust claims, a Lanham Act claim tortious interference claims, and a claim for misappropriation of trade secrets. [DE 1.] On January 12, 2018, Checkpoint moved to dismiss the Complaint for the failure to state a claim [DE 22], and the Court granted Checkpoint's motion in part and denied it in part, dismissing All-Tag's tortious interference and misappropriation of trade secrets claims [DE 33]. On February 22, 2019, Checkpoint filed its First Amended Affirmative Defenses and Counterclaims [DE 86] in response to All-Tag's Amended Complaint [DE 38]. On June 14, 2019 Checkpoint filed its Second Amended Counterclaim and Affirmative Defenses ("SAC"). [DE 175.] Checkpoint's SAC consists of 5 counts: (1) breach of contract; (2) breach of representations and warranties; (3) false advertising under § 43 of the Lanham Act; (4) false advertising under Florida law; and (5) common law unfair competition. (*Id.*)

**II. ALL-TAG'S KNOWLEDGE OF CLAIMS PRIOR TO DECEMBER 22, 2014**

6. [redacted] (Ex. 8, AT01137127.) [redacted] (Ex. 9, AT01137124.) [redacted] (*Id.*)

7. In December 2012, All-Tag's CEO, Mr. Seidel, was deposed in the lawsuit *Universal Surveillance Systems, Inc. v. Checkpoint Systems, Inc.*, Civil Action No. 5:11-cv-01755-JRA (N.D. Ohio) (Ex. 10, Apr. 3, 2019 Dep. Tr. of Stuart Seidel Vol. 1 ("Seidel Dep. Vol. 1") at 149:2-7.)



All-Tag has referred to the USS lawsuit as involving claims "very similar" to those asserted here. [DE 25 at pp. 1.] Mr. Seidel testified [redacted] (Ex. 11, June 27, 2019 Rule 30(b)(6) Dep. Tr. Of Stuart Seidel ("Seidel 30(b)(6) Dep.") at 270:15-18.)

8. [redacted] (Ex. 12, Apr. 4, 2019 Dep. Tr. of Stuart Seidel Vol. 2 ("Seidel Dep. Vol. 2") at 451:7-452:23, Exhibit DX30 to same; Ex. 11, Seidel 30(b)(6) Dep. at 273:21-275:5.) Specifically, [redacted] (Ex. 12, Seidel Dep. Vol. 2 DX30; Ex. 11, Seidel 30(b)(6) Dep. DX143.) Mr. Seidel also testified [redacted] (Ex. 12, Seidel Dep. Vol. 2 at 451:13-17.)

9. [redacted] (Ex. 13, AT00924161 ([redacted]); Ex. 14, AT00924169 ([redacted]); Ex. 15, AT00702907 ([redacted]). Mr. Seidel [redacted] (Ex. 11, Seidel 30(b)(6) Dep. at 285:11-14, 278:19-25, 279:4-5.).

10. [redacted] (Ex. 16, AT01110919.)

11. [redacted] (Ex. 17, Dep. Tr. of Joseph Sirak, 122:16-21.) Here, [redacted] (Ex. 18, Dep Tr. of Graeme Hunter, 100:24-101:10, 203:5-25, 307:21-25.)

Dated: October 11, 2019

Respectfully submitted,

/s/ Gavin C. Gaukroger

Gavin C. Gaukroger (Fla. Bar. No. 768489)
Kenneth W. Waterway (Fla. Bar. No. 994235)
BERGER SINGERMAN LLP
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Tel: (954) 525-9900
Fax: (954) 523-2872
ggaukroger@bergersingerman.com
kwaterway@bergersingerman.com

Robert J. Palmersheim (*pro hac vice*)
Anand C. Mathew (*pro hac vice*)
Julie M. Mallen (*pro hac vice*)
PALMERSHEIM & MATHEW LLP
401 N. Franklin Street, Suite 4S
Chicago, Illinois 60654
Tel: (312) 319-1791
Fax: (312) 878-2890
rjp@thepmlawfirm.com
acm@thepmlawfirm.com
jmm@thepmlawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will generate and serve a Notice of Electronic Filing to the following:

Damon Suden
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
212-808-7800
Email: dsuden@KelleyDrye.com

Julian Solotorovsky
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
312-857-7070
Email: jsolotorovsky@KelleyDrye.com

William A. MacLeod
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC 20007
202-342-8811
Email: wmacleod@kelleydrye.com

Christopher W. Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
561-990-1592
Email: ckammerer@kammerermariani.com
Email: jmariani@kammerermariani.com

John B. Williams
WILLIAMS LOPATTO PLLC
1707 L Street NW, Suite 550
Washington, DC 20036
202-296-1611
Email: jbwilliams@williamslopatto.com

*/s/ Gavin C. Gaukroger*