# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) Case No. 17 CV 81261-WPD |
| | ) |
| v. | ) Judge William P. Dimitrouleas |
| | ) Magistrate Judge William Matthewman |
| CHECKPOINT SYSTEMS, INC., | ) |
| | ) **HEARING REQUESTED** |
| Defendant. | ) |

## ALL-TAG CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON CHECKPOINT'S COUNTERCLAIM FOR FALSE ADVERTISING UNDER SECTION 43 OF THE LANHAM ACT AND INCORPORATED MEMORANDUM OF LAW

# **TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 3 |
| | A. | Checkpoint's Lanham Act Counterclaim | 3 |
| | B. | Checkpoint's Expert Failed to Put Forth Any Evidence of Injury to Checkpoint to Support its Counterclaim | 4 |
| III. | LEGAL STANDARD | | 5 |
| IV. | ARGUMENT: ALL-TAG IS ENTITLED TO SUMMARY JUDGMENT ON CHECKPOINT'S COUNTERCLAIM FOR FALSE ADVERTISING UNDER SECTION 43 OF THE LANHAM ACT | | 6 |
| | A. | The Lanham Act | 6 |
| | B. | The Supreme Court Has Ruled That a Lanham Act Plaintiff Must Establish Injury | 7 |
| | C. | The Lower Courts Have Held That a Plaintiff Must Establish Injury to Pursue a Disgorgement Claim | 7 |
| | D. | There is No Evidence That the Alleged False Advertising Caused Injury to Checkpoint | 8 |
| V. | CONCLUSION | | 9 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ameritox, Ltd. v. Millennium Labs., Inc.*,
   No. 8:11-cv-775-T-24-TBM, 2014 WL 12795383 (M.D. Fla. May 6, 2014) ....................... 2, 8

*Ameritox, Ltd. v. Millennium Labs., Inc.*,
   No. 8:11-cv-775-T-24-TBM, 2014 WL 1456347 (M.D. Fla. Apr. 14, 2014) ........................... 8

*Balance Dynamics Corp. v. Schmitt Industries*,
   204 F.3d 683 (6th Cir. 2000) ................................................................................................... 8

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................ 5, 6

*Dependable Sales & Serv., Inc. v. TrueCar, Inc.*,
   No. 15-cv-1742, 2019 WL 3067115 (S.D.N.Y. July 12, 2019) ........................................... 2, 8

*Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*,
   921 F.3d 1343 (11th Cir. 2019) .............................................................................................. 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ............................................................................................................ 2, 7

*Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*,
   217 F. App'x 899 (11th Cir. 2007) .......................................................................................... 8

*Porter v. Ray*,
   461 F.3d 1315 (11th Cir. 2006) .............................................................................................. 5

*Snac Lite, LLC v. Nuts 'N More, LLC*,
   No. 2:14-cv-01695, 2016 WL 6778268 (N.D. Ala. Nov. 16, 2016) .................................... 2, 8

*Warth v. Seldin*,
   422 U.S. 490 (1975) ................................................................................................................ 3

**Statutes**

15 U.S.C. § 1117(a) ...................................................................................................................... 7

15 U.S.C. § 1125(a) ........................................................................................................... 1, 3, 6, 7

Lanham Act ........................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)..................................................................................................................3

Fed. R. Civ. P. 56.....................................................................................................................1, 5

Local Rule 56.1..............................................................................................................................1

Plaintiff All-Tag Corporation (All-Tag), hereby moves, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, for summary judgment on Checkpoint Systems Inc.'s ("Checkpoint") counterclaim for False Advertising Under Section 43 of the Lanham Act.

## I. INTRODUCTION

Checkpoint has filed a counterclaim against All-Tag based on the federal Lanham Act. Checkpoint asserts that All-Tag has engaged in false and deceptive advertising by making certain "country of origin" claims, including "Made in America" claims, regarding its security labels. While it is undisputed that All-Tag is an American manufacturer of security labels, manufacturing its labels in Boca Raton, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; and (3) All-Tag's advertising caused damage to Checkpoint in the form of lost sales.

In point of fact, Checkpoint is mistaken about the accuracy of All-Tag's advertising, the dissemination of All-Tag's advertising, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and the effect of All-Tag's advertising on customers. But all of that is irrelevant to this motion for summary judgment. That is because there is no proof whatsoever that any of All-Tag's advertising had any effect on Checkpoint's sales or caused it damage or injury in any way.

This lack of injury has been carefully documented in the discovery process. In response to All-Tag's discovery requests, Checkpoint failed to disclose any facts upon which its damage claim was based—stating instead that this proof would be provided in expert testimony. While All-Tag did not consent to this deferral, it did not matter because Checkpoint's expert witness on this issue conceded ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ This expert conceded ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

██████████████████████████████████████ *See* SOMF ¶¶ 9-11.[1] As such, there is no proof in this case of any injury Checkpoint has incurred as a result of All-Tag's advertising.

According to Checkpoint's counsel, ████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████ (*see* SOMF ¶ 11). Checkpoint's argues: ███████████
████████████████████████████████████████████████████████████████████████
████████ *Id.* Checkpoint is wrong.

Injury to the plaintiff is a necessary element of any Lanham Act claim, whether legal or equitable, and a Lanham Act claim must be rejected when the plaintiff "cannot establish that the alleged false advertising caused an injury." *Ameritox, Ltd. v. Millennium Labs., Inc.*, No. 8:11-cv-775-T-24-TBM, 2014 WL 12795383, at *1 (M.D. Fla. May 6, 2014); *Snac Lite, LLC v. Nuts 'N More, LLC*, No. 2:14-cv-01695, 2016 WL 6778268, at *14 (N.D. Ala. Nov. 16, 2016); *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, No. 15-cv-1742, 2019 WL 3067115, at *1 (S.D.N.Y. July 12, 2019). Further, the suggestion that a competitor can recover a disgorgement remedy in view of a supposed injury to "the market" makes no sense. This would enable any (or every) competitor in a particular industry to bring a disgorgement action against any (or every) other competitor in that industry—with no regard for actual injury. This theory would deputize every competitor to act as its own private attorney general. Absent injury, Checkpoint has no standing to pursue this counterclaim. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014) ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and

---

[1] "SOMF" refers to All-Tag's Statement of Material Facts dated October 11, 2019.

2

ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action") (internal quotation omitted).

## II.   STATEMENT OF FACTS

### A.   Checkpoint's Lanham Act Counterclaim

On June 14, 2019, Checkpoint filed its Second Amended Counterclaim and Affirmative Defenses, asserting a counterclaim (Count III) for False Advertising Under Section 43 of the Lanham Act.  *See* SOMF ¶ 1.  Specifically, Checkpoint claimed that All-Tag's marketing and designation of its products as "Made in the USA" is false and intentionally misleading in violation of the Lanham Act.  *Id.*  Checkpoint further alleged that it has been damaged by All-Tag's conduct "through losing sales to customers misled by All-Tag's false or misleading marketing and designations."  *Id.*

On February 5, 2019, All-Tag served a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure in order to probe into Checkpoint's claim that Checkpoint had lost customers due to All-Tag's advertising, as well as to determine all facts upon which Checkpoint was claiming "damages related to its Lanham Act counterclaim." *Id.* ¶ 2.  Thereafter, on March 14, 2019, Checkpoint objected to producing a fact witness who would testify about Checkpoint's damages related to its Lanham Act counterclaim, stating instead that "this subject will be addressed by expert testimony."  *Id.* ¶ 3.

On April 8, 2019, counsel for All-Tag wrote an email to counsel for Checkpoint addressing this refusal to provide a fact witness on damages: "That is your call, of course, but please understand that you will then be precluded from offering any factual testimony that the All-Tag

claims and statements in your counterclaim have caused any harm or injury to Checkpoint." *Id.* ¶ 4. On April 9, 2019, counsel for Checkpoint responded: "We are still taking discovery on Checkpoint's counterclaims so a 30(b)(6) on counterclaim damages is premature. If necessary, we can provide a witness for counterclaim damages at a later date." Later that day, counsel for All-Tag replied: "Anand—I disagree, but we have stated our position. If you have factual information on injury, you need to disclose it now." *Id.* ¶ 5. However, Checkpoint failed to provide any fact witness to testify on its Lanham Act damages. *Id.* ¶ 6.

**B.   Checkpoint's Expert Failed to Put Forth Any Evidence of Injury to Checkpoint to Support its Counterclaim**

On July 17, 2019, Checkpoint served the expert report of Carlyn Irwin, who provided opinions on All-Tag's advertising. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮ In her presentations, she discusses the need for the expert to "understand and explain how alleged wrongful conduct caused economic harm." *Id.*

Despite her background and experience, Ms. Irwin's report failed to address any injury, damage, lost sales or lost profits caused by All-Tag's advertising. No Checkpoint expert witness has identified any injury, damage, lost sales, or lost profits caused by All-Tag's advertising. *Id.* ¶ 8.

On August 8, 2019, Ms. Irwin was deposed. During the deposition she testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

4

Ms. Irwin also stated that ███████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████

During the deposition, counsel for Checkpoint stated ████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████████████ SOMP

Paragraph 11.

Discovery is now over. Despite repeated requests, Checkpoint has put forth no evidence that it was injured by All-Tag's advertising. Checkpoint has identified no facts, and has provided no factual or expert testimony, as to any injury or damage that it suffered as a result of the All-Tag advertising. *Id.* ¶ 12.

### III.   LEGAL STANDARD

Pursuant to Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) ("The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-moving party.") (citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine

5

issues of material fact that should be decided at trial. *See id.* (citation omitted). "The burden then shifts to the non-moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Id.* Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

## IV.  ARGUMENT: ALL-TAG IS ENTITLED TO SUMMARY JUDGMENT ON CHECKPOINT'S COUNTERCLAIM FOR FALSE ADVERTISING UNDER SECTION 43 OF THE LANHAM ACT

### A.  <u>The Lanham Act</u>

Checkpoint's counterclaim for false advertising under Section 43 of the Lanham Act (Count III), alleges that All-Tag's marketing of its products as "Made in the U.S.A." is false and intentionally misleading. *See* Dkt. 176 ¶¶ 55-60. Checkpoint further alleges that as a result of All-Tag's marketing, Checkpoint has been "damaged by All-Tag's conduct in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), including through losing sales to customers misled by All-Tag's false or misleading marketing and designations." *Id.* at ¶ 61.

To make out a claim of false advertising, section 43(a) states that "[a]ny person who, on or in connection with any goods or services . . . uses . . . any . . . false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B).

The remedies for a false advertising claim are set forth in section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), which states in part that:

6

> "[w]hen ... a violation under section 1125(a) or (d) of this title ... shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . ., *subject to the principles of equity*, to recover (1) *defendant's profits*, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . *In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed*.

15 U.S.C. § 1117(a) (emphasis added).

As set forth below, a plaintiff in a private cause of action cannot prevail on any claim under the Lanham Act unless it is able to establish that it has suffered injury or damage.

### B. The Supreme Court Has Ruled That a Lanham Act Plaintiff Must Establish Injury

The issue presented in *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* was whether the plaintiff fell within the class of plaintiffs whom Congress authorized to sue under section 1125(a) of the Lanham Act. 572 U.S. 128. The Supreme Court found that a statutory cause of action extends only to plaintiffs whose interests fell within the "zone of interests" protected by the law invoked. *Id.* at 129. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131-32. Moreover, "a statutory cause of action is limited to Plaintiffs whose injuries are proximately caused by violations of the statute." *Id.* at 132. Accordingly, the Supreme Court held that a plaintiff suing under § 1125(a) "must show *economic or reputational injury* flowing directly from the deception wrought by the defendant's advertising." *Id.* at 133 (emphasis added).

### C. The Lower Courts Have Held That a Plaintiff Must Establish Injury to Pursue a Disgorgement Claim

Disgorgement of profits is an equitable remedy under the Lanham Act. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.,* 921 F.3d 1343, 1358-59 (11th Cir. 2019). In a Lanham Act case, an award of a defendant's profits is "appropriate where: (1) the defendant's conduct was willful and deliberate; (2) the defendant was unjustly enriched; or (3) it is necessary to deter future

7

conduct." *Snac Lite, LLC v. Nuts 'N More, LLC*, No. 2:14-cv-01695, 2016 WL 6778268, at *14 (N.D. Ala. Nov. 16, 2016) (citing *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899, 902 (11th Cir. 2007)).

Notably, however, a party is not entitled to disgorgement unless causation is proven. *Id.* (citing *Ameritox, Ltd. v. Millennium Labs., Inc.,* No. 8:11-cv-775-T-24-TBM, 2014 WL 1456347, at *10 (M.D. Fla. Apr. 14, 2014)). Thus, Checkpoint "is only entitled to apportionment of [All-Tag's] profits after providing evidence to establish that the alleged false advertising *caused some injury*" to Checkpoint. *Id.* (emphasis added); *see also Ameritox, Ltd. v. Millennium Labs., Inc.,* No. 8:11-cv-775-T-24-TBM, 2014 WL 12795383, at *1 (M.D. Fla. May 6, 2014) (holding that Plaintiff's "attempt to obtain Lanham Act damages or disgorgement fails because [plaintiff] cannot establish that the alleged false advertising caused an injury."); *Dependable Sales & Serv., Inc. v. TrueCar, Inc.,* No. 15-cv-1742, 2019 WL 3067115, at *1 (S.D.N.Y. July 12, 2019) (finding that "plaintiffs' failure to come forward with evidence of injury precludes their disgorgement claim, despite evidence of . . . willful Lanham Act violations"). This "injury" may be in the form of lost sales or profits, or damage to business reputation. *See, e.g., Balance Dynamics Corp. v. Schmitt Industries,* 204 F.3d 683, 695 (6th Cir. 2000) (noting that "unless there is some proof that plaintiff lost sales or profits, or that defendant gained them, the principles of equity do not warrant an award of defendant's profits."); *Dependable Sales & Serv.,* 2019 WL 3067115, at *3 ("a plaintiff in a false-advertising case must demonstrate injury by way of lost sales or damage to business reputation").

      D.      **There is No Evidence That the Alleged False Advertising Caused Injury to Checkpoint**

As stated above, Checkpoint has failed to provide a fact witness to establish injury caused by All-Tag's advertising, despite repeated requests that it do so. *See* SOMF ¶¶ 2-6. Instead,

Checkpoint chose to rely on expert testimony to support its counterclaim. However, as Ms. Irwin's testimony revealed, she: (█████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████. *Id.* ¶ 9. Moreover, Ms. Irwin did not █████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████ *Id.* ¶ 10. As a result, Checkpoint has wholly failed to provide any proof that it was injured as a result of All-Tag's alleged false advertising. Accordingly, its counterclaim under the Lanham Act must be dismissed.

## V. CONCLUSION

For the foregoing reasons, All-Tag respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Checkpoint's Lanham Act counterclaim (Count III).

Dated: October 11, 2019                          Respectfully submitted,

                                                 By: /s/ *Christopher Kammerer*
                                                     Christopher Kammerer

                                                 Christopher William Kammerer
                                                 John F. Mariani
                                                 KAMMERER MARIANI PLLC
                                                 1601 Forum Place, Suite 500
                                                 West Palm Beach, FL 33401
                                                 (561)-990-1592
                                                 ckammerer@kammerermariani.com
                                                 jmariani@kammerermariani.com

                                                 William MacLeod (*pro hac vice*)
                                                 Julian Solotorovsky (*pro hac vice*)
                                                 KELLEY DRYE & WARREN LLP
                                                 333 West Wacker Drive
                                                 Chicago, IL 60606
                                                 (312)-857-7070
                                                 jsolotorovsky@kelleydrye.com

wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1200 New Hampshire Ave., NW, Ste. 750
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com
*Attorneys for Plaintiff All-Tag Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October 2019, a true and correct copy of the foregoing was served upon the following counsel of record for Defendant via CM/ECF:

>Charles Howard Lichtman
>Gavin Gaukroger
>BERGER SINGERMAN
>Las Olas Centre II
>350 E Las Olas Boulevard
>Suite 1000
>Fort Lauderdale, FL 33301
>954-525-9900
>Fax: 523-2872
>clichtman@bergersingerman.com
>ggaukroger@bergersingerman.com
>
>Robert J. Palmersheim
>Anand C. Mathew
>Julie M. Mallen
>PALMERSHEIM & MATHEW
>401 N. FRANKLIN STREET, SUITE 4S
>CHICAGO, IL 60654
>312-319-1791
>acm@thepmlawfirm.com
>rjp@thepmlawfirm.com
>jmm@thepmlawfirm.com
>
>By: */s/ Christopher Kammerer*
>     Christopher Kammerer