**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ALL-TAG CORP., | ) |
| | ) |
| Plaintiff, | ) Case No. 17 CV 81261-WPD |
| | ) |
| v. | ) Judge William P. Dimitrouleas |
| | ) Magistrate Judge William Matthewman |
| CHECKPOINT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), and in connection with its Motion for Summary Judgment, plaintiff All-Tag Corporation ("All-Tag") hereby submits the following statement of material facts as to which All-Tag contends there is no genuine issue to be tried:

1. On June 14, 2019, Defendant/Counterclaim Plaintiff Checkpoint Systems, Inc. ("Checkpoint") filed its Second Amended Counterclaim and Affirmative Defenses. *See* Dkt. 175. Checkpoint asserted a counterclaim (Count III) for False Advertising Under Section 43 of the Lanham Act. *See id.* ¶¶ 54-61. Specifically, Checkpoint claimed that All-Tag's marketing and designation of its products as "Made in the USA" is false and intentionally misleading in violation of the Lanham Act. *Id.* ¶¶ 56-60. Checkpoint further alleged that it has been damaged by All-Tag's conduct "through losing sales to customers misled by All-Tag's false or misleading marketing and designations." *Id.* ¶ 61.

2. On February 5, 2019, All-Tag served a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure in order to probe into Checkpoint's claim that Checkpoint had lost customers due to All-Tag's advertising, as well as to determine all facts upon which Checkpoint was claiming "damages related to its Lanham Act counterclaim."

3. On March 14, 2019, Checkpoint, in response to All-Tag's Rule 30(b)(6) Notice of Deposition, objected to producing a fact witness who would testify about Checkpoint's damages related to its Lanham Act counterclaim, stating instead that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Exhibit 2 at p. 20.[1]

---

[1] Exhibits referenced herein are attached to the Declaration of John B. Williams dated October 11, 2019.

4.      On April 8, 2019, counsel for All-Tag wrote an email to counsel for Checkpoint addressing this refusal to provide a fact witness on damages: "That is your call, of course, but please understand that you will then be precluded from offering any factual testimony that the All-Tag claims and statements in your counterclaim have caused any harm or injury to Checkpoint." *See* Exhibit 3.

5.      On April 9, 2019, counsel for Checkpoint responded: "We are still taking discovery on Checkpoint's counterclaims so a 30(b)(6) on counterclaim damages is premature. If necessary, we can provide a witness for counterclaim damages at a later date." Later that day, counsel for All-Tag replied: "Anand—I disagree, but we have stated our position. If you have factual information on injury, you need to disclose it now." *Id.*

6.      Checkpoint failed to provide any fact witness to testify on its Lanham Act damages.

7.      On July 17, 2019, Checkpoint served the expert report of Carlyn Irwin, who provided opinions on All-Tag's advertising. ■■■■■■■■■■■■ *See* Exhibit 1 at 7:18-23. ■■■■■■■■■■■■ *Id.* at 40:18-41:11. In her presentations, she discusses the need for the expert to "understand and explain how alleged wrongful conduct caused economic harm." *See* Exhibit 4.

8.      Despite her background and experience, Ms. Irwin's report failed to address any injury, damage, lost sales or lost profits caused by All-Tag's advertising. No Checkpoint expert witness has identified any injury, damage, lost sales, or lost profits caused by All-Tag's advertising.

9.  On August 8, 2019, Ms. Irwin was deposed. During the deposition she testified that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *Id.* at 133:21-134:5; 135:2-6.

10. Ms. Irwin also stated that ████████████████████████████████████████ *Id.* at 46:2-10. ████████████████████████████████████████████████ *Id.* at 136:16-25. █████████████████████████████████████████████████████████. *Id.* at 51:11-15.

11. During the deposition, counsel for Checkpoint stated ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 165:22-166:5.

12. Discovery is now over. Despite repeated requests, Checkpoint has put forth no evidence that it was injured by All-Tag's advertising. *Id.* at 166:15-25. Checkpoint has identified no facts, and has provided no factual or expert testimony, as to any injury or damage that it suffered as a result of the All-Tag advertising.

Dated:  October 11, 2019                    Respectfully submitted,

By:  /s/ Christopher Kammerer
       Christopher Kammerer

Christopher William Kammerer
John F. Mariani
KAMMERER MARIANI PLLC
1601 Forum Place, Suite 500
West Palm Beach, FL 33401
(561)-990-1592
ckammerer@kammerermariani.com
jmariani@kammerermariani.com

William MacLeod (*pro hac vice*)
Julian Solotorovsky (*pro hac vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
(312)-857-7070
jsolotorovsky@kelleydrye.com
wmacleod@kelleydrye.com

Damon Suden (*pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212)-808-7800
dsuden@KelleyDrye.com

John B. Williams *(pro hac vice)*
WILLIAMS LOPATTO PLLC
1200 New Hampshire Ave., NW, Ste. 750
Washington, DC 20036
(202) 296-1611
jbwilliams@williamslopatto.com

*Attorneys for Plaintiff All-Tag Corporation*